IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| Luanna Scott, Shunderia Garlington, Ruth Bell, Wendy Bevis, Katherine Bracey, Ruby Brady, Marie Alice Brockway, Vickie Clutter, Diane Conaway, Judy Corrow, Traci Davis, Carol Dinolfo, Rebecca Dixon, Pamela Ewalt, Nancy Fehling, Teresa Fleming, Linda L. Fulmer, Irene Grace, Dorothy Harson, Charlene Hazelton, Shelly Hughes, Christal J. Joslyn, Ada L. Kennedy, Neita Lafreniere, Margie A. Little, Jean Macquarrie, Carol Martin, Leanne Maxwell, Wanda Mayfield, Doris Moody, Vanessa L. Peeples, Veronica Perry-Preddie, Ruth Ellen Phelps, Sheila Pippin, Lana Radosh, Michelle Rodgers, Vada Rose, Vickey Jo Scrivwer, Linda R. Silva, Sharon Sipes, Nancy Smith, Marie E. Spellissy, Sylvia C. Tenorio, Judy Tidrick, Beverly L. Triplett, Carol Sue Vanfleet, Debbie Vasquez, Claire White, Bonnie Williams, Cindy Marie Zimbrich, and Helen Zimmerman,<br><br>    Plaintiffs,<br><br>vs.<br><br>Family Dollar Stores, Inc.,<br><br>    Defendant. | CASE NUMBER:<br>CV-08-<br>JURY DEMAND |

## COMPLAINT

1

Case 3:08-cv-00540-MOC-DSC   Document 1   Filed 10/14/08   Page 1 of 18

## I. INTRODUCTION

1. This is an action for declaratory judgment, injunctive relief, equitable relief and monetary relief instituted to secure the protection of and to redress the deprivation of rights secured through Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991 and the Equal Pay Act of 1963, as amended, 29 U.S.C. §206(d) that provide for relief against discrimination in employment on the basis of sex.

## II. JURISDICTION

2. The jurisdiction of this Court is invoked pursuant to Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, and Equal Pay Act of 1963, as amended, 29 U.S.C. §206(d) and 28 U.S.C. §§ 1331 and 1343.

## III. PARTIES

3. Plaintiffs, Luanna Scott, Shunderia Garlington, Ruth Bell, Wendy Bevis, Katherine Bracey, Ruby Brady, Marie Alice Brockway, Vickie Clutter, Diane Conaway, Judy Corrow, Traci Davis, Carol Dinolfo, Rebecca Dixon, Pamela Ewalt, Nancy Fehling, Teresa Fleming, Linda L. Fulmer, Irene Grace, Dorothy Harson, Charlene Hazelton, Shelly Hughes, Christal J. Joslyn, Ada L. Kennedy, Neita Lafreniere, Margie A. Little, Jean Macquarrie, Carol Martin, Leanne Maxwell, Wanda Mayfield, Doris Moody, Vanessa L. Peeples, Veronica Perry-Preddie, Ruth Ellen

Phelps, Sheila Pippin, Lana Radosh, Michelle Rodgers, Vada Rose, Vickey Jo Scrivwer, Linda R. Silva, Sharon Sipes, Nancy Smith, Marie E. Spellissy, Sylvia C. Tenorio, Judy Tidrick, Beverly L. Triplett, Carol Sue Vanfleet, Debbie Vasquez, Claire White, Bonnie Williams, Cindy Marie Zimbrich, and Helen Zimmerman are female citizens of the United States and are, or were, Store Managers of the defendant, each of whom have fulfilled all conditions precedent to the institution of this action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq. The plaintiffs have filed and/or relied upon timely charges of sex discrimination with the EEOC. Right-to-sue letters were issued on their charges of sex discrimination under Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, and this suit has been filed within 90 days of receipt of such right-to-sue letters.

4. The defendant, Family Dollar Stores, Inc., is subject to suit under Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991 and the "Equal Pay Act of 1963," as amended, 29 U.S.C. §206 et seq. Defendant does business in this jurisdiction.

## IV. CLASS CERTIFICATION ALLEGATIONS

5. The plaintiffs bring this action on behalf of themselves and all female Store Managers pursuant to Title VII of the 1964 Civil Rights Act, as amended, 42 U.S.C. §2000(e), et seq. (hereinafter "Title VII") and Rule 23 of the Federal Rules of Civil

Procedure, and §216(b) of the Equal Pay Act of 1963, as amended, 29 U.S.C. §206(d), against the above-named defendant to redress the defendant's widespread and pervasive gender discrimination in employment opportunities.

6. Class certification is sought separately for counts one, two and three set forth below. Class certification is sought pursuant to Federal Rule of Civil Procedure 23(b)(2) for the equitable relief on plaintiffs' disparate impact claim. Class certification is also appropriate under Rule 23(b)(2) for the equitable relief sought on plaintiffs' pattern-or-practice claims and/or disparate treatment under Title VII. For plaintiffs' cause of action for punitive damages, plaintiffs seek class certification under either Rule 23(b)(2) as part of the relief available at Stage I of a bifurcated trial of their pattern or practice claim for injunctive relief, and/or as a hybrid certification under both Rules 23(b)(2) and 23(b)(3).

7. The named plaintiffs are members of the class they seek to represent for each of the three Title VII causes of action stated herein. The prosecution of the Title VII claims of the named individual plaintiffs require adjudication of the following question common to the putative class: whether defendant has engaged in disparate impact and/or disparate treatment sex discrimination in its compensation practices in a manner made unlawful by Title VII of the Civil Rights Act of 1964, as amended?

8. Certification of the proposed class is the most efficient and economical

means of resolving the questions of law and fact that are common to such class and the individual claims of the named plaintiffs. The individual claims of the named plaintiffs require resolution of the common question of whether the defendant has engaged in a systemic pattern of gender discrimination against females in compensation. The named plaintiffs seek remedies to undo the adverse effects of such discrimination in their own lives and careers and to prevent continued gender discrimination in the future. The named plaintiffs have standing to seek such relief in part because of the adverse effect that gender discrimination against females has on their own interest in working and living in conditions free from the pernicious effects of gender bias. In order to gain such relief for themselves, as well as for the putative class members, the named plaintiffs must first establish the existence of disparate impact and/or systemic gender discrimination as the premise of the relief they seek. Without class certification, the same evidence and issues would be subject to repeated re-litigation in a multitude of individual lawsuits with an attendant risk of inconsistent adjudications and conflicting obligations. Certification of the class of females affected by the common questions of law and fact is the most efficient and judicious means of presenting the evidence and arguments necessary to resolve such questions for the plaintiffs, the class and the defendant. The named plaintiffs' individual and class claims are premised upon the traditional bifurcated method of proof and trial for

5

disparate impact and systemic disparate treatment claims of the type at issue in this complaint. Such a bifurcated method of proof and trial is the most efficient method of resolving such common issues.

9. The defendant has acted on grounds generally applicable to the class by adopting and following systemic practices and procedures that are discriminatory on the basis of gender. The defendant's gender discrimination is its standard operating procedure rather than a sporadic occurrence. The defendant has refused to act on grounds generally applicable to the class by refusing to adopt or follow selection procedures which do not have disparate impact or otherwise systemically discriminate against females. The defendant's systemic discrimination and refusal to act on grounds that are not sexually discriminatory has made appropriate final injunctive relief and declaratory relief with respect to the class as a whole.

10. Injunctive and declaratory remedies are the predominant relief sought. They are both dependent upon proof of the defendant's individual and class-wide liability at the end of Stage I of a bifurcated trial. Such determination at Stage I is also the essential predicate for the named plaintiffs' and class members' entitlement to monetary and non-monetary remedies at Stage II of such a trial. Declaratory and injunctive relief flows directly and automatically from proof of the common questions of law and fact regarding the existence of systemic gender discrimination against

females. Such relief is the factual and legal predicate for the named plaintiffs and the class members' entitlement to monetary and non-monetary remedies for individual losses caused by such systemic discrimination.

11. The relief necessary to remedy the claims of the plaintiffs are the same relief that is necessary for the class, and therefore satisfies the typicality requirement of Rule 23(a)(3). The named plaintiffs seek the following relief for their individual claims and those of the class: a declaratory judgment that the defendant has engaged in systemic gender compensation practices having disparate impact on female store managers and in a pattern-or-practice of disparate treatment in its compensation of female Store Managers; a permanent injunction against such continuing discrimination; a restructuring of the defendant's compensation procedures; back-pay; such other monetary and non-monetary remedies necessary to make the plaintiffs and the class they seek to represent whole from the defendant's discriminatory practices; and attorneys' fees and expenses.

12. The class that the named plaintiffs seek to represent is too numerous to make joinder practicable.

13. The class representatives' interests are coextensive with those of the putative class in that they seek to remedy the defendant's discriminatory employment practices so that females will no longer be paid less than males for similar work. The

7

class representatives are able and willing to represent the class fairly and vigorously, as they pursue their goals common to the class through this action. The plaintiffs' counsel are qualified, experienced, and able to conduct the litigation and to meet the time and fiscal demands required to litigate an employment discrimination class action of this size and complexity. The combined interest, experience and resources of the plaintiffs and their counsel to litigate competently the individual and class claims of gender-based employment discrimination at issue satisfy the adequacy of representation requirement under Fed. R. Civ. P. 23(a)(4).

14. Alternatively, certification is sought under a combination of Fed. R. Civ. P. 23(b)(2) and 23(b)(3). The plaintiffs restate and incorporate by reference the above paragraphs in support of such alternative grounds for class certification.

15. Alternatively, certification is sought pursuant to Fed. R. Civ. P. 23(b)(3). The common issues of fact and law affecting the claims of the named plaintiffs and the proposed class members, including, but not limited to, the common issues identified in the above paragraphs, predominate, over any issues affecting only individual claims. A class action is superior to other available means for the fair and efficient adjudication of the claims of the named plaintiffs and members of the proposed class. The cost of proving the defendant's pattern and practice of discrimination makes it impracticable for the named plaintiffs and members of the proposed class to control

8

Case 3:08-cv-00540-MOC-DSC   Document 1   Filed 10/14/08   Page 8 of 18

the prosecution of their claims individually.

## IV. CAUSES OF ACTION

### COUNT I: TITLE VII - DISPARATE IMPACT

16. The plaintiffs restate and incorporate paragraphs 1-15 above with the same force and effect as above.

17. The plaintiffs, Luanna Scott, Shunderia Garlington, Ruth Bell, Wendy Bevis, Katherine Bracey, Ruby Brady, Marie Alice Brockway, Vickie Clutter, Diane Conaway, Judy Corrow, Traci Davis, Carol Dinolfo, Rebecca Dixon, Pamela Ewalt, Nancy Fehling, Teresa Fleming, Linda L. Fulmer, Irene Grace, Dorothy Harson, Charlene Hazelton, Shelly Hughes, Christal J. Joslyn, Ada L. Kennedy, Neita Lafreniere, Margie A. Little, Jean Macquarrie, Carol Martin, Leanne Maxwell, Wanda Mayfield, Doris Moody, Vanessa L. Peeples, Veronica Perry-Preddie, Ruth Ellen Phelps, Sheila Pippin, Lana Radosh, Michelle Rodgers, Vada Rose, Vickey Jo Scrivwer, Linda R. Silva, Sharon Sipes, Nancy Smith, Marie E. Spellissy, Sylvia C. Tenorio, Judy Tidrick, Beverly L. Triplett, Carol Sue Vanfleet, Debbie Vasquez, Claire White, Bonnie Williams, Cindy Marie Zimbrich, and Helen Zimmerman, bring this action for disparate impact sex discrimination under Title VII of the Civil Rights Act, as amended.

18. Defendant engages in centralized control of compensation for store

9

managers at the corporate level of its operations.

19. Defendant discriminates between employees on the basis of sex by paying female Store Managers less than male Store Managers.

20. On information and belief, the defendant pays the plaintiffs and the class of situated female Store Managers less than male Store Managers for performing jobs of equal or similar skill, responsibility and effort under similar working conditions.

21. Defendant's compensation decisions and/or system had have disparate impact on female Store Managers individually and as a class.

22. Defendant's pay decisions and/or system includes subjectivity and gender stereotyping that causes disparate impact to compensation paid to female store managers. Plaintiffs are aware, at this time, of no other criteria which causes such disparate impact other than gender bias, subjectivity and stereotyping. Plaintiffs are unaware, at this time, of any other specific criteria that are capable of separation and analyses.

23. Defendant's policies and procedures are not valid, job related, or justified by business necessity. There are alternative policies and procedures available to the defendant that have less disparate impact on females and equal or greater validity and job relatedness.

24. Such discrimination adversely affects the plaintiffs and putative class

10

members' wages and the wages received as payment for workers compensation, disability payments and other benefits that are determined based on salary, bonus or overall compensation.

25. The named plaintiffs such bring claims against defendant on their own behalf and on behalf of a putative class of female store managers.

26. Plaintiffs seek only equitable relief under this Count of the Complaint, including declaratory relief, injunctive relief and back-pay for such unlawful disparate impact, making class certification appropriate under Federal Rule Civil Procedure 23(b)(2).

27. The prosecution of the claims of the named plaintiffs require adjudication of the following question common to the putative class: whether the defendant has engaged in sexual discrimination in pay and in its compensation practices in a manner made unlawful by the statutes under which this action is brought.

28. The plaintiffs and the class they seek to represent have been directly affected by the discriminatory policies, practices and procedures. The claims of the named plaintiffs, and the relief necessary to remedy the claims of the named plaintiffs, are the same as the claims of the putative class and the relief necessary to remedy the claims of the putative class. The claims and the relief sought by the named plaintiffs are also typical of that of the putative class.

29. The duties and responsibilities of a Store Manager at Family Dollar are the same and require equal or similar skill, effort and responsibilities under similar working conditions regardless of the geographic location of the store (rural or urban), the physical size of the store, or the amount of sales generated by a store, or any other factor other than sex.

30. The plaintiffs and the class they seek to represent have no plain, adequate or complete remedy at law to redress the wrongs alleged herein, and this suit for injunctive and declaratory remedies and back-pay is their only means of securing adequate relief. The plaintiffs and the class they seek to represent are now suffering, and will continue to suffer, irreparable injury from the defendant's unlawful policies and practices as set forth herein unless enjoined and remedied by this Court.

## COUNT II: TITLE VII - DISPARATE TREATMENT

31. The plaintiffs restate and incorporate paragraphs 1-15 above with the same force and effect as above.

32. The plaintiffs, Luanna Scott, Sunderia Garlington, Ruth Bell, Wendy Bevis, Katherine Bracey, Ruby Brady, Marie Alice Brockway, Vickie Clutter, Diane Conaway, Judy Corrow, Traci Davis, Carol Dinolfo, Rebecca Dixon, Pamela Ewalt, Nancy Fehling, Teresa Fleming, Linda L. Fulmer, Irene Grace, Dorothy Harson, Charlene Hazelton, Shelly Hughes, Christal J. Joslyn, Ada L. Kennedy, Neita

Lafreniere, Margie A. Little, Jean Macquarrie, Carol Martin, Leanne Maxwell, Wanda Mayfield, Doris Moody, Vanessa L. Peeples, Veronica Perry-Preddie, Ruth Ellen Phelps, Sheila Pippin, Lana Radosh, Michelle Rodgers, Vada Rose, Vickey Jo Scrivwer, Linda R. Silva, Sharon Sipes, Nancy Smith, Marie E. Spellissy, Sylvia C. Tenorio, Judy Tidrick, Beverly L. Triplett, Carol Sue Vanfleet, Debbie Vasquez, Claire White, Bonnie Williams, Cindy Marie Zimbrich, and Helen Zimmerman, bring this action for a pattern-or-practice of disparate treatment based on sex under Title VII of the Civil Rights Act, as amended.

33. These plaintiffs bring claims against defendant on their own behalf and on behalf of a putative class of women who are similarly situated.

34. Defendant has engaged in a pattern-or-practice of disparate treatment against female store managers on the basis of their sex and gender with respect to compensation. Defendant has and continues to pay female Store Managers less than male Store Managers.

35. On information and belief, the defendant pays the plaintiffs and similarly situated female Store Managers less than male Store Managers for performing jobs of equal or similar skill, responsibility and effort under similar working conditions.

36. The duties and responsibilities of a Store Manager at Family Dollar are the same and require equal skill, effort and responsibilities under similar working

13

conditions regardless of the geographic location of the store (rural or urban), the physical size of the store, or the amount of sales generated by a store, or any other factor other than sex.

37. Defendant engages in centralized control over compensation for store managers at the corporate level of its operations.

38. The putative class which plaintiffs seek to represent consists of female Store managers, who have been subject to a pattern and practice of systemic sexual discrimination in compensation. Such discrimination adversely affects the plaintiffs and putative class members' wages and the wages received as payment for workers compensation, disability payments and other benefits that are determined based on salary, bonus or overall compensation.

39. Plaintiffs are pursuing their disparate treatment sex discrimination class claims under Fed.R.Civ.P. 23 and satisfy all requirements under this statute.

40. The prosecution of the claims of the named plaintiffs require adjudication of the questions common to the putative class: whether the defendant has engaged in sexual discrimination in its compensation practices in a manner made unlawful by the statutes under which this action is brought.

41. The plaintiffs and the class they seek to represent have been directly affected by the discriminatory policies, practices and procedures. The claims of the

named plaintiffs and the relief necessary to remedy the claims of the named plaintiffs is the same as the claims of the putative class and the relief necessary to remedy the claims of the putative class. The claims and the relief sought by the named plaintiffs is typical of that of the putative class.

42. The defendant willfully violated Title VII by paying the plaintiffs and other similarly situated females unequal wages to those of similarly situated males performing a job of equal skill, responsibility and effort under similar working conditions. Defendant's conduct was willful and in reckless disregard to federal law and statutes.

## COUNT III: TITLE VII - PUNITIVE DAMAGES

43. Plaintiffs restate and incorporate paragraphs 1-42 above with the same force and effect as above.

44. Defendant has acted maliciously, willfully, and with reckless disregard for the rights of the plaintiffs and the class they seek to represent, making punitive damages an appropriate remedy under 42 U.S.C. §1981a.

45. The defendant willfully violated Title VII by paying the plaintiffs and other similarly situated female store managers unequal wages to those of similarly situated males performing a job of equal skill, responsibility and effort under similar working conditions. Defendant's conduct was willful and in reckless disregard to federal law and statutes.

15

46. Defendant engages in centralized control over compensation for store managers.

47. Such punitive damages are sought for the defendant's conduct towards women, not for any individualized injury or harm. As such, the entitlement to such damages are properly part of the same proof at Stage I of a bifurcated trial for class-wide injunctive relief sought as part of plaintiffs' Second Cause of Action, and do not require individualized proof from each member of the class of women towards whom such discrimination was directed.

## COUNT IV: EQUAL PAY ACT

48. Plaintiffs restate and incorporate paragraphs 1-47 above with the same force and effect as above.

49. Plaintiffs are pursuing this claim under the Equal Pay Act of 1963, as amended, 29 U.S.C. §206(d).

50. Defendant discriminates between employees on the basis of sex by paying female Store Managers less than male Store Managers.

51. On information and belief, the defendant pays the plaintiffs and the class of female Store Managers less than male Store Managers for performing jobs of equal skill, responsibility and effort under similar working conditions.

52. The duties and responsibilities of a Store Manager at Dollar General are the

16

same and require equal skill, effort and responsibilities under similar working conditions regardless of the geographic location of the store (rural or urban), the physical size of the store, or the amount of sales generated by a store, or any other factor other than sex.

53. Defendant exercises centralized control over compensation for all store managers throughout the company.

54. The defendant willfully violated the Equal Pay Act by paying the plaintiffs and the class of female store managers unequal wages to those of similarly situated males performing a job of equal skill, responsibility and effort under similar working conditions. Defendant has not acted with good faith.

## V.  PRAYER FOR RELIEF

1. The plaintiffs, on behalf of themselves and the class they seek to represent, seek injunctive relief and declaratory relief, equitable relief, back-pay (plus interest), liquidated under the EPA, punitive damages under Title VII, and attorney's fees and costs and expenses.

2. Plaintiffs further seek any and all other relief allowed or deemed just and proper by the Court.

Respectfully submitted,

/s/Gregory O. Wiggins
Robert L. Wiggins, Jr.
Gregory O. Wiggins
Rocco Calamusa, Jr.
Counsel for the Plaintiffs

OF COUNSEL:

WIGGINS, CHILDS, QUINN & PANTAZIS, LLP
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
205/314-0543


THE PLAINTIFFS DEMAND A TRIAL BY STRUCK JURY.


/s/Gregory O. Wiggins
OF COUNSEL

Defendant's Addresses:

Family Dollar Stores, Inc.
P.O. Box 1017
Charlotte, North Carolina 28201-1017

Family Dollar Stores, Inc.
10401 Monroe Road
Matthews, North Carolina 28105