IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL NO. 3:08CV540-RJC-DSC

LUANNA SCOTT, et. al., )
 )
       Plaintiffs, )
 )
vs. )
 ) **MEMORANDUM AND RECOMMENDATION**
 )
FAMILY DOLLAR STORES, INC.,)
 )
       Defendant. )
 )
 )

**THIS MATTER** is before the Court on the Defendant's "Motion for Partial Judgment on the Pleadings" (document #43) and "Brief in Support ..." (document #44), both filed January 23, 2009; and the Plaintiffs' "Opposition ..." (document #55) filed February 9, 2009. On February 19, 2009, the Defendant filed its "Reply ..." (document #56).

This matter was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), and this Motion is now ripe for the Court's consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned will respectfully recommend that the Defendant's Motion for Partial Judgment on the Pleadings be <u>denied without prejudice</u> to the Defendant's right to raise the same and/or other issues following a period of discovery limited to class certification, as discussed below.

**I. PROCEDURAL AND FACTUAL BACKGROUND**

In June 2004, fifty former and current female store managers with Family Dollar Stores filed charges with the Equal Employment Opportunity Commission ("EEOC") alleging gender

discrimination in pay and promotion in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"). The EEOC consolidated these charges in its Charlotte, North Carolina district office. Family Dollar made an individualized response to each charge. The EEOC subsequently issued each complainant what is commonly called a "right to sue" letter.

On October 14, 2008, fifty-one current or former female Family Dollar store managers, including 49 of the 50 initial EEOC complainants, brought this action in the Northern District of Alabama on behalf of themselves and "all female Store Managers." On November 14, 2008, this case was transferred to the Western District of North Carolina because venue was improper in the Northern District of Alabama. See docket #27.

Relevant to the subject Motion for Partial Judgment on the Pleadings, the Plaintiffs allege class claims of sex discrimination based on pay and seek a declaratory judgment, injunctive relief, equitable relief and monetary relief (back pay) pursuant to Title VII. Specifically, the Plaintiffs allege sex discrimination with respect to their compensation under both disparate impact (Count I) and disparate treatment (Count II) theories. The Plaintiffs' claim for punitive damages is separately alleged in Count III of the Complaint.[1] The Plaintiffs bring their Title VII class claims under Rule 23 of the Federal Rules of Civil Procedure. They allege the elements of Rule 23(a) and assert that the case can proceed under either Rule 23(b)(2), Rule 23(b)(3), or both rules.

On January 23, 2009, the Defendant filed the subject "Motion for Partial Judgment on the Pleadings," contending that the Plaintiffs will be unable to satisfy the requirements of either Rule 23(b)(2) or Rule 23(b)(3).

---

[1] The Plaintiffs also allege a claim under the Equal Pay Act of 1963 ("EPA") (Count IV) which is not the subject of the present Motion.

2

In their response, Plaintiffs argue that a determination as to the certification of their class claims is premature until they have been afforded an opportunity to conduct at least limited discovery on that issue.

The Defendant's Motion has been fully briefed as set forth above and is, therefore, ripe for disposition.

## II. DISCUSSION

Although, a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) is separate and distinct from a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "the distinction is one without a difference [because federal courts] apply[] the same standard for Rule 12(c) motions as for motions made pursuant to Rule 12(b)(6)." Burbach Broadcasting Co. of Delaware v. Elkins Radio Corp., 278 F.3d 401, 405-06 (4th Cir. 2002). Accord Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999) ("viewing the Defendants' motion as a Rule 12(c) motion does not have a practical effect upon our review, because we review the district court's dismissal de novo and in doing so apply the standard for a Rule 12(b)(6) motion").

"A motion to dismiss under [Fed. R. Civ. P. 12(b)(6)] tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of North Carolina v. Martin, 980 F.2d 943, 952 (4th Cir.), cert. denied, 510 U.S. 828 (1993), citing 5A C. Wright & A. Miller, Fed. Practice and Procedure §1356 (1990).

As a general rule, a plaintiff's complaint need only provide a short statement in plain English of the legal claim showing that the pleader is entitled to relief that is also sufficient to provide the

3

defendant with "fair notice" of the claim and its basis. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted); Fed. R. Civ. P. 8(a)(2). In order to survive a motion to dismiss, however, the pleader must show through her allegations that it is plausible, rather than merely speculative, that she is entitled to relief. Twombly, 550 U.S. at 555-56. A complaint must do more than merely "avoid foreclosing possible bases for relief; it must actually suggest that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level." Tamayo v. Blagojevich, 526 F.3d 1074, 1084 (7th Cir. 2008) (internal quotation marks omitted).

In considering a Rule 12(b)(6) motion, the complaint must be construed in the light most favorable to the nonmoving party, assuming factual allegations to be true. See, e.g., Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); Martin Marietta v. Int'l Tel. Satellite, 991 F.2d 94, 97 (4th Cir. 1992); and Revene v. Charles County Comm'rs, 882 F.2d 870, 872 (4th Cir. 1989).

It is well settled that under Rule 23, Plaintiffs must satisfy the prerequisites of Rule 23(a) and (b). See Fed. R. Civ. P. 23; Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 614 (1997); and Thorn v. Jefferson-Pilot Life Insur. Co., 445 F.3d 311, 318 (4th Cir. 2006). Under Rule 23(a), Plaintiffs must demonstrate numerosity of class members, commonality of legal and factual questions, typicality of claims between the Plaintiffs and class members, and adequacy of representation by the Plaintiffs. See Fed. R. Civ. P. 23(a). For the purposes of this Motion only, the Defendant does not challenge the Plaintiffs' ability to satisfy Rule 23(a).

The Plaintiffs must also satisfy one of the requirements under Rule 23(b). Under Rule 23(b)(2), a class action is maintainable if "the party opposing the class has acted or refused to act on

grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). Significantly, this rule applies when the putative class primarily seeks injunctive or declaratory relief and not where the relief sought relates exclusively or predominately to money damages.

Under Rule 23(b)(3), a suit may be maintained as a class if the court finds that questions of law or fact common to class members predominate over any questions affecting individual members and class treatment is superior to other methods for fairly and efficiently adjudicating the controversy. See Fed. R. Civ. P. 23(b)(3).

The Plaintiffs contend, and Defendant does not dispute, that judgment on the pleadings is generally improper in deciding whether to certify a class. Miller v. Baltimore Gas & Elec. Co., 202 F.R.D. 195, 201-202 (D. Md. 2001), citing Gen. Tel. Co. of the Southwest v. Falcon, 457 U.S. 147, 160 (1982) (permitting class certification discovery). Accord Hoffman v. Honda, 191 F.R.D. 530, 535-536 (S.D. Ohio 1999); and Buchanan v. Consolidated Stores Corp., 217 F.R.D. 178, 185 (D. Md. 2003). "The factors spelled out in Rule 23 must be addressed thorough findings, even if they overlap with issues on the merits." Gariety v. Thornton, 368 F.3d 356, 365-366 (4th Cir. 2004). Accord Thorn, 445 F.3d at 319.

Such findings typically require a fully developed evidentiary record, and not just consideration of the facial allegations contained in the Complaint. . Morrison v. Booth, 730 F.2d 642, 644 (11th Cir. 1984) ("[w]e hold that the district court should not have dismissed the class claims without a hearing on class certification."); Miller, 202 F.R.D. at 201-02 (discovery permitted because "the class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiffs cause of action"); Hoffman, 191 F.R.D. at 535-536; Buchanan, 111 F.R.D. at 185; and Gross

5

v. Medaphis Corp., 977 F.Supp. 1463, 1475 (N.D. Ga. 1997) (denying motion to dismiss class claims and motion to certify a class without prejudice subject to refiling after the close of class discovery). See also Doctor v. Seaboard Coast Line R. Co., 540 F.2d 699, 707-708 (4th Cir. 1976).

Indeed, as the Plaintiffs point out in their brief, the cases the Defendant relies upon were decided on a fully developed evidentiary record after discovery was completed. See, e.g., Thorn, 445 F.3d at 319; Rutstein v. Avis Rent-A-Car Systems, Inc., 211 F.3d 1228, (11th Cir. 2000); and Allison v. Citgo Petroleum Corp., 151 F.3d 402 (5th Cir. 1998).

For these reasons, the undersigned respectfully recommends that the Defendant's dispositive motion be denied pending class certification discovery.

### III. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that the Defendants' "Motion for Partial Judgment on the Pleadings" (document #43) be **DENIED WITHOUT PREJUDICE** to the Defendant's right to raise the same and/or other issues following a period of discovery limited to class certification.

### IV. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within ten (10) days after service of same. Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989); United States v. Rice, 741 F. Supp. 101, 102 (W.D.N.C. 1990). Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Court. Diamond v.

Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder, 889 F.2d at 1365. Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Wells, 109 F.3d at 201; Page, 337 F.3d at 416 n.3; Thomas v. Arn, 474 U.S. 140, 147 (1985); Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties; and to the Honorable Robert J. Conrad, Jr.

**SO RECOMMENDED AND ORDERED.**

Signed: April 21, 2009

David S. Cayer
United States Magistrate Judge