# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:08cv540-RJC-DSC

| | |
|---|---|
| LUANNA SCOTT et al., ) | |
| ) | |
| Plaintiffs, ) | |
| v. ) | |
| ) | ORDER |
| FAMILY DOLLAR STORES, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** comes before the Court on the defendant's motion for partial judgment on the pleadings (Doc. No. 43). The Court has considered the corresponding briefs of both parties (Doc. Nos. 44, 55, 56), the Magistrate Judge's Memorandum and Recommendation ("M&R") (Doc. No. 59), the defendant's objections (Doc. No. 60), and the briefs in support of and in opposition to the objections (Doc. Nos. 63, 64). For the reasons that follow, the Court **DENIES** defendant's motion for partial judgment on the pleadings.

## I. BACKGROUND

Plaintiffs allege that the defendant discriminated against them on the basis of sex, and they seek redress under Title VII and the Equal Pay Act of 1963. Only the Title VII claims are at issue in this motion, and the Equal Pay Act claim is not addressed. The defendant has moved for partial judgment on the pleadings, seeking a determination that none of the plaintiffs' claims are amenable to class certification under Fed. R. Civ. P. 23 as a matter of law. As there were no objections to the facts as found by the Magistrate Judge, this Court adopts the facts as stated in the M&R.

## II. STANDARD OF REVIEW

The Federal Magistrate Act provides that "a district court shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is

made." 28 U.S.C. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983); Keeler v. Pea, 782 F. Supp. 42, 43 (D.S.C.1992). De novo review is not required by the statute when an objecting party makes only general or conclusory objections that do not direct the court to the specific error in the magistrate judge's recommendations. Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir.1982). Further, the statute does not on its face require any review at all of issues that are not the subject of an objection. Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby, 718 F.2d at 200. Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly the Court has conducted a careful review of the Magistrate Judge's M&R.

While a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) is separate and distinct from a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "the distinction is one without a difference [because federal courts] apply[] the same standard for Rule 12(c) motions as for motions made pursuant to Rule 12(b)(6)." Burbach Broadcasting Co. v. Elkins Radio Corp., 278 F.3d 401, 405-06 (4th Cir. 2002); accord Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999) ("[V]iewing the Defendants' motion as a Rule 12(c) motion does not have a practical effect upon our review, because we review the district court's dismissal de novo and in doing so apply the standard for a Rule 12(b)(6) motion.").

In its review of a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs, Inc. v. Matakari, 7 F.3d 1130, 1134 (4th Cir. 1993). The plaintiffs' "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563. A complaint attacked by a Rule

2

12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1960 (2009) (quoting Bell Atlantic, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1949.

## III. DISCUSSION

Defendant objects to the Magistrate Judge's recommendation that the motion for partial judgment on the pleadings be denied without prejudice to defendant's right to raise the same and/or other issues following a period of discovery limited to class certification. Specifically, defendant argues three main points. First, it argues that certification discovery is unnecessary to determine whether Title VII prohibits class-wide punitive damages as a matter of law. Second, defendant argues that certification discovery is unnecessary to determine whether certification under Rule 23(b)(2) or (b)(3) is precluded as a matter of law by plaintiffs' request for punitive damages. Third, defendant argues that certification discovery is unnecessary to determine whether plaintiffs' failure to allege individual punitive damages precludes hybrid or bifurcated certification or certification of "particular issues."[1]

### A. Whether Title VII prohibits class-wide punitive damages as a matter of law

Defendant argues that class-wide punitive damages are unavailable under Title VII as a matter of law, relying heavily upon the Allison case from the Fifth Circuit, among other cases. Allison v. Citgo Petroleum Corp., 151 F.3d 402 (5th Cir. 1998). In Allison, the plaintiffs moved to certify a class of employees and applicants, claiming Title VII race discrimination and seeking both compensatory and

---

[1] Defendant does not argue at this time that the plaintiffs fail to meet the requirements of Rule 23(a). However, defendant has made clear that it does not concede that the plaintiffs can satisfy Rule 23(a). Rather, defendant argues the Rule 23(b) determination is clear as a matter of law and should be ruled upon by the Court based on the pleadings.

3

punitive damages.  Id. at 407.  The court held that plaintiffs' claims for compensatory and punitive damages, including claims alleging emotional distress, could not be certified under Rule 23(b)(2).  Id. at 417.  The court reasoned that such claims required individual determinations that were not merely incidental to the claims for injunctive and declaratory relief.  Id.

The Allison court did not, however, hold what the defendants are seeking: a determination that punitive damages are unavailable on a class-wide basis under Title VII as a matter of law.  The Allison court explicitly withheld judgment regarding such a determination.  It stated that while the "plain language of the Civil Rights Act of 1991 could be interpreted to preclude class-wide punitive damages awards in any case without individualized proof of injury, . . . we need not determine today whether it is so limiting."  Id.  The court further stated, "Assuming punitive damages may be awarded on a class-wide basis, without individualized proof of injury, where the entire class or subclass is subjected to the same discriminatory act or series of acts, no such discrimination is alleged in this case."  Id.  Thus Allison sheds little light on the question directly before the Court.

Defendant also cites Beck v. Boeing Co., a Ninth Circuit case, in support of its position.  60 Fed. App'x 38 (9th Cir. 2003).  In Beck, the district court used a hybrid certification procedure, certifying in one order a Phase I class for liability purposes under rule 23(b)(2), and a Phase II class for punitive damages purposes under Rule 23(b)(3).  The Ninth Circuit held that it was improper for the district court to certify a class for punitive damages prior to completion of the liability phase of the litigation.  Id. at 40.  This case did not hold that punitive damages are unavailable under Title VII as a matter of law.  Moreover, the court held open the possibility of punitive damages being certified as to a smaller class once the liability phase was completed:

> To receive punitive damages in a Title VII case, a plaintiff must have suffered some

4

harm as a result of a defendant's illegal behavior. Hence, membership in the Phase II class must be restricted to those who allege that they were harmed by the employer's proven pattern or practice of discrimination.

Id. The defendant cites numerous other district court cases as well, but no case that directly considers the question presented here.[2]

Plaintiffs rely upon Palmer v. Combined Ins. Co. of America, a case from the Northern District of Illinois. 217 F.R.D. 430 (N.D. Ill. 2003). Palmer is one of two courts that has squarely considered the issue of whether punitive damages can be certified on a class-wide basis under Title VII. In Palmer, as in this case, plaintiffs sought injunctive relief and punitive damages, but no compensatory relief. The court certified plaintiffs' punitive damages claim along with the claim for injunctive relief under Rule 23(b)(2). Id. at 438-39. The Palmer court recognized that the case was a "rare exception" because of the "rather unusual structure" of the defendant company, among other considerations. Still, the court focused on the conduct of the defendant rather than the harm to individual plaintiffs:

> While I recognize that in most cases, an award of punitive damages requires a fact-specific inquiry into an individual plaintiff's circumstances, . . . when the focus is on the defendant's conduct, as opposed to the class members' harms, and the relief is sought for the class as a whole, I find that such individualized proof is not *necessarily* required.

---

[2] Defendant cites the Carlson case from the District of Minnesota in support of its position. Defendant quotes the case as "holding that 'a blanket award of punitive damages not premised on individualized harm is [not] appropriate." (Doc. No. 60 at 5) (quoting Carlson v. C.H. Robinson Worldwide, Inc., No. 02-3780, 2005 U.S. Dist. LEXIS 5674, at *50-51 (D. Minn. Mar. 31, 2005)). Inserting the word "not" in brackets where it does not exist in the original alters the court's holding. In Carlson, the court referred to another court that allowed class-wide punitive damages under unique circumstances. See Carlson, 2005 U.S. Dist. LEXIS 5674, at *50 (citing Palmer v. Combined Ins. Co. of America, 217 F.R.D. 430 (N.D. Ill. 2003)). The Carlson court stated,

> In [Palmer], the court found a unique set of circumstances where a blanket award of punitive damages based on the defendant's conduct might be appropriate . . . . Those circumstances are not present in this case and the Court is not persuaded that, on the record thus far, a blanket award of punitive damages not premised on individualized harm is appropriate.

Id. (citing Palmer, 217 F.R.D. 430). Not being persuaded on the record thus far that something is appropriate is substantially different than holding that a general legal proposition is not appropriate.

5

Id. at 438 (emphasis in original). The Palmer court made this determination at the certification stage, rather than on motion for judgment on the pleadings. Evidence of the structure of the organization, among other evidence, helped it to determine the certification question. See id. at 439.

The other court to consider the same question at issue here was the district court in Olvera-Morales v. International Labor Management Corp., 246 F.R.D. 250 (M.D.N.C. 2007). There, the defendant argued in opposition to the motion for certification that "the Plaintiff's request for . . . punitive damages necessarily means that this case is not suitable for class treatment under Rule 23(b)(2)." (No. 1:05cv559, Doc. No. 79 at 18). In addressing this argument, the Olvera-Morales court explained that the plaintiffs requested punitive damages "based on the Defendants' conduct to the putative class as a whole . . . ." Id. at 259. According to the court, this type of request obviated any need to consider "the intangible, subjective differences of each class member's circumstances." Id. (quoting Allison, 151 F3d at 415). The Olvera-Morales court emphasized that § 1981a(b)(1) focuses on the defendant's malicious or recklessly indifferent state of mind. Id. n.5. It thus held that monetary damages did not predominate over injunctive and declaratory relief, and it certified the claims under Rule 23(b)(2). Id.

The defendant here asks the Court to look purely at the law and hold that a class-wide claim for punitive damages would never be proper. Palmer and Olvera-Morales were both decided after certification discovery, with more evidence before them than this Court. However, both courts focused on the alleged conduct of the defendant rather than the harm to the plaintiffs in certifying a class-wide Title VII punitive damages claim. Nonetheless, none of the cases cited by either party thoroughly analyzes the statutory language at issue, at least not with this question in mind.

42 U.S.C. § 1981a(b)(1) states:

> A complaining party may recover punitive damages under this section against a respondent (other than a government, government agency or political subdivision) if the complaining party demonstrates that the respondent engaged in a discriminatory practice or discriminatory practices with malice or with reckless indifference to the federally protected rights of an aggrieved individual.

Defendant focuses on the term "aggrieved individual" and argues that the statutory language requires a determination of individualized harm to each plaintiff. From this proposition, defendant then argues that such individual determinations would necessarily predominate over the common issues in a class-action suit, making punitive damages legally unavailable on a class-wide basis.

Plaintiffs note that the provision uses the term "complaining party" twice in referring to a plaintiff, while at the end of the provision it refers to the "rights of an aggrieved individual." It notes that "complaining party" refers to "an action brought by a complaining party under section 706 or 717 of the Civil Rights Act of 1964." 42 U.S.C. § 1981a(a)(1). Thus a "complaining party" is a plaintiff. From here, the plaintiffs argue that by separating the term "complaining party" from the term "aggrieved individual" in the same sentence, Congress clearly indicated that the "complaining party" is not limited to recovery for his or her own individual harm. Instead, they argue, the term "aggrieved individual" would have been replaced with "complaining party" if Congress had limited punitive damages to situations of malice or reckless indifference to the rights of the "complaining party" himself.[3] Further,

---

[3] "Aggrieved individual" is used nowhere else in § 1981a, but Title VII does use a variation of the term in § 200e-5(f)(1), which refers to a party entitled to bring suit, similar to the "complaining party" of § 1981a. 42 U.S.C. § 200e-5(f)(1) ("[A] civil action may be brought against the respondent named in the charge (A) by the person claiming to be aggrieved or (B) if such charge was filed by a member of the Commission, by any person whom the charge alleges was aggrieved by the alleged unlawful employment practice."); see also Childress v. City of Richmond, 134 F.3d 1205, 1208 n.3 (4th Cir. 1998) (Luttig, J., concurring) ("[N]either the plaintiffs nor the EEOC has cited the court to any statement in the legislative history of Title VII like that in the history of Title VIII which supports the argument that Congress intended to broaden the scope of 'aggrieved' persons beyond those individuals directly victimized by unlawful employment discrimination.").

the plaintiffs note that the term "individual" is defined in Title VII as "one or more individuals," and thus envisions a class-action suit.

"The starting point in every case involving construction of a statute is the language itself." United States v. Jackson, 759 F.2d 342, 344 (4th Cir. 1985) (quoting Blue Chip Stamps v. Manor Drug Stores, 421 U.S. 723, 756 (1975) (Powell, J., concurring)). Where the plain meaning of a statutory provision is unambiguous, that language controls the Court's inquiry. Dotson v. Pfizer, Inc., 558 F.3d 284, 302 n.8 (4th Cir. 2009) (citing K Mart Corp. v. Cartier, Inc., 486 U.S. 281, 291-92 (1988)).

The plain meaning of the statutory provision at issue focuses on the defendant's conduct rather than the harm to a plaintiff or plaintiffs. The statutory language does not specify whether punitive damages are available on a class-wide basis. However, it does not foreclose that possibility either. A straight reading of the provision results in a clear statement of what a plaintiff must demonstrate: a defendant's malice or reckless indifference to another person's rights. Demonstrating a defendant's malice or reckless indifference toward someone's federally protected rights does not on its face require a showing of individualized harm; it requires a showing of the defendant's state of mind.[4]

However, the Fourth Circuit has made clear its "belief that punitive damages are not appropriate

---

[4] Contrary to plaintiffs' argument, whether that person whose rights were shown malice or reckless indifference is the "complaining party" or an "aggrieved party," and whether there is a difference between the two terms, matters little in terms of the statute's focus. The Court does note, however, that the Fourth Circuit and the Supreme Court have both substituted the term "plaintiff" for "aggrieved party" when discussing §1981a(b)(1). See Corti v. Storage Tech. Corp., 304 F.3d 336, 342 n.9 (4th Cir. 2002) ("Congress added a provision allowing Title VII plaintiffs to recover punitive damages when it is shown that the defendant employer engaged in intentional discrimination with 'malice or with reckless indifference to the federally protected rights' of the plaintiff." (quoting 42 U.S.C. § 1981a(b)(1))); Kolstad v. Am. Dental Ass'n, 527 U.S. 526, 535 (1999) ("The employer must act with 'malice or with reckless indifference to the [plaintiff's] federally protected rights.'" (quoting 42 U.S.C. § 1981a(b)(1)) (alteration in original)).

in cases where a plaintiff has failed to demonstrate actionable harm."[5]  Corti v. Storage Tech. Corp., 304 F.3d 336, 342 (4th Cir. 2002).  Yet while actionable harm is required, "[i]n Title VII cases, a jury's punitive damage award will stand even in the absence of compensatory damages if back pay has been awarded."[6]  Id. at 343.  Thus a back pay award is a sufficient demonstration of actionable harm to support a punitive damages award under Title VII.  See id. at 342-43.

A plain reading of § 1981a(b)(1), subject to the harm requirement of Corti, does not foreclose as a matter of law the possibility of a class-wide punitive damages award under Title VII.  If at stage one of a bifurcated trial a defendant is held liable for back pay to particular plaintiffs, a court could then certify those plaintiffs entitled to back pay as a class for punitive damages purposes because everyone in the class would have demonstrated actionable harm.[7]  See Beck, 60 Fed. App'x at 40.  Therefore, this Court cannot foreclose as a matter of law the possibility that class-wide punitive damages may be awarded under § 1981a(b)(1) on the right facts.  The Court will not dismiss the plaintiffs' punitive damages claim at this early stage of the litigation.

### B. Effect of punitive damages request on Rule 23(b)(2) or (b)(3) certification

Defendant also argues that the plaintiffs' request for punitive damages precludes Rule 23(b)(2) or (b)(3) certification because individual damages inquiries would predominate over the class action.

---

[5] Thus a situation where a plaintiff were to seek punitive damages under § 1981a(b)(1) without suffering actionable harm could be viewed as an "absurd result" produced by the plain meaning of the statute.  The Fourth Circuit "recognizes two 'exceptionally rare' exceptions to [the plain meaning] rule: (1) when literal application of the statutory language at issue produces an outcome that is demonstrably at odds with clearly expressed congressional intent to the contrary, and (2) when literal application of the statutory language at issue results in an outcome that can truly be characterized as absurd."  United States v. Hatcher, 560 F.3d 222, 226 (4th Cir. 2009) (citations and internal quotation marks omitted).

[6] Back pay is not considered compensatory damages under Title VII.  See Corti, 304 F.3d at 342.

[7] While the plaintiffs have claimed they do not seek punitive damages as individuals, but rather on a class-wide basis, this legal framing of their claim does not obviate the need for a showing of actionable harm before punitive damages can be considered.

This argument is of little merit, especially at this early stage in the litigation.

The Fourth Circuit considered this type of argument regarding Rule 23(b)(3) certification in Gunnells v. Healthplan Servs., Inc., 348 F.3d 417 (4th Cir. 2003), a non-Title VII case. The court stated:

> the need for individualized proof of damages alone will *not* defeat class certification. . . . Quantitatively, almost by definition there will always be more individual damages issues than common liability issues . . . . Qualitatively, however, . . . liability issues may far exceed in complexity the more mundane individual damages issues. . . . The possibility that individualized inquiry into Plaintiffs' damages claims will be required does not defeat the class action because common issues nevertheless predominate.

Id. (citations omitted) (emphasis in original). Certification under Rule 23(b)(3) is therefore not precluded by plaintiffs' claim for punitive damages, although certification of the punitive damages claim prior to determining liability and actionable harm would be inappropriate, as discussed above.

Since the plaintiffs will not be able to certify the punitive damages claim prior to proving liability and actionable harm, the punitive damages claim cannot be certified under Rule 23(b)(2). Therefore, the punitive damages issues, whether class-wide or individual, would not predominate over the claims for injunctive and equitable relief, because they would not even be considered at that stage of the proceedings. The punitive damages claim would instead need to be certified, if at all, after liability under Rule 23(b)(2) has been determined should the plaintiffs initially succeed in certifying their claims for injunctive and equitable relief.

The Court does not determine today how it will decide the framework for this litigation, nor whether any claims will be certified for class treatment. Rather, the Court holds that as a matter of law the punitive damages claim does not foreclose the possibility of certification of plaintiffs' other Title VII claims.

### C. Failure to allege individual punitive damages

Defendant argues that bifurcated proceedings or hybrid certification is improper because plaintiffs cannot assert a class-wide punitive damages claim as a matter of law. The defendant explains that without the punitive damages claim, there is no need for bifurcation or hybrid certification. Since the Court has not held that class-wide punitive damages are unavailable as a matter of law, there may arise a need for bifurcated proceedings. As the Court discussed above, it is possible that after the liability and back pay issues are resolved, the Court could certify a punitive damages class made up of plaintiffs already entitled to back pay. Therefore, the defendant's contention that bifurcated proceedings are precluded is premature.[8]

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that defendant's motion for partial judgment on the pleadings (Doc. No. 43) is **DENIED**.

Signed: January 7, 2010

Robert J. Conrad, Jr.
Chief United States District Judge

---

[8] The Court notes that certifying a punitive damages class under Rule 23(b)(3) at the same time as certifying the liability and back pay claims would run afoul of the requirement that a plaintiff must show actual harm before punitive damages are available. See Corti, 304 F.3d at 342.