IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:08cv540

| | |
|---|---|
| LUANNA SCOTT, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| FAMILY DOLLAR STORES, INC., ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the court on periodic docket review. Such review reveals that this is the oldest matter on this court's docket that is not set for trial, that it has already reached the status of a reportable matter under the Civil Justice Reform Act (and has in fact been reported), and that mediation has failed. See Joint Status Report Regarding Mediation (#101).

Such review also reveals that the parties may be under the misapprehension that this matter is still stayed. In the body of plaintiffs' Motion to Amend, plaintiffs make the following statement:

> The parties' joint motion for such stay granted by Judge Conrad provided that "alternative deadlines to replace those previously set in the Initial Pretrial Order and Case Management Plan" would be entered in the event mediation failed. Doc. 99 at 2 (granted in doc. 100). That stay has not yet been lifted by the Court. Nor has such a new scheduling order been proposed or entered.

Motion (#120), at ¶ 4. Such contention is not entirely accurate. First, it was Honorable David S. Cayer, United States Magistrate Judge, who, in consultation with Judge Conrad, granted the Motion to Stay. See Order (#100). Second, the provision of "alternative deadlines to replace those previously set," while a suggestion in the motion, was not specifically taken up by Judge Cayer in his Order. See id. Instead, Judge Cayer held that

-1-

"all deadlines in this matter are **STAYED** pending the completion of mediation" and that the parties were to "report the status of the mediation within seven (7) days of its completion." Id., at ¶¶ 1&2. Based on language of such Order, the running of the deadlines was stayed and the stay automatically lifted on June 1, 2011, the date set by the court for completion of mediation and the date the parties reported to the court that mediation had failed. Thus, the times provided in the Pretrial Order (#78) have now run.

Since June 1, 2011, defendant filed its second Motion to Dismiss and/or Strike Plaintiffs' Class Claims (#113) and plaintiffs, after responding to the motion, filed their Motion for Leave to File First Amended Complaint (#120). The Reply to the response to the Motion to Dismiss is due to be filed by November 7, 2011, and the response to the Motion for Leave to File First Amended Complaint is due November 17, 2011. The court notes that no explanation is given in the motion seeking leave to amend as to why plaintiffs did not avail themselves of the unilateral amendment provisions of Rule 15(a)(1)(B), Federal Rules of Civil Procedure, within 21 days after service of the Rule 12(f) motion. See Fed.R.Civ.P. 15(a)(1)(B)

While motions to dismiss are routinely referred to magistrate judges for resolution, the age of this case suggests that this court hear and decide the motion. The court will, therefore, set the Motion to Dismiss and Motion for Leave to Amend on for hearing November 22, 2011, at 10 a.m. Due to the press of time, the reply to the response to the Motion for Leave to Amend will be suspended. Even though the deadlines provided in the Pretrial Order have likely run, the court will also address the pretrial needs of this case with the understanding that the remaining life of this 2008 case is now to be measured in months, not years, and that this case will be tried or otherwise resolved by early 2012.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the referral of defendant's Motion to Dismiss and/or Strike Plaintiffs' Class Claims (#113) and plaintiffs' Motion for Leave to File First Amended Complaint (#120)is **REMOVED**, and that such motions are **CALENDARED** for hearing on November 22, 2011, at 10 a.m.

Signed: November 1, 2011

Max O. Cogburn Jr.
United States District Judge