# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
## 3:08cv540

| | |
|---|---|
| LUANNA SCOTT ET AL., ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| Vs. ) | |
| ) | **MEMORANDUM OF** |
| FAMILY DOLLAR STORES, INC., ) | **OPINION AND ORDER** |
| ) | |
| ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

This is a proposed class action in which 51 plaintiffs filed this action on behalf of themselves and all female Store Managers pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, Rule 23 of the Federal Rules of Civil Procedure, and Section 216(b) of the Equal Pay Act of 1963, as amended, 29 U.S.C. § 206(d) *et seq.*, against defendant Family Dollar Stores, Inc., based on defendant's alleged widespread and pervasive gender discrimination in employment opportunities. Plaintiffs seek class certification under Rule 23(b)(2) for the equitable relief on plaintiff's disparate impact claim. Defendant has filed a motion to dismiss [docket #113] and/or strike plaintiffs' class claims, and plaintiffs have filed a motion for leave to file a First Amended Complaint [docket #120].

According to plaintiffs' complaint, defendant discriminates on the basis of sex by paying female Store Managers less than male Store Managers. Plaintiffs maintain that class

1

certification is appropriate under Rule 23(b)(2) for the equitable relief sought on plaintiffs' pattern-or-practice claims and/or disparate treatment under Title VII. For plaintiffs' claim for punitive damages, plaintiffs seek class certification under either Rule 23(b)(2) as part of the relief available at Stage 1 of a bifurcated trial of their pattern or practice claim for injunctive relief, and/or as a hybrid certification under both Rules 23(b)(2) and 23(b)(3).

**I.     Background**

A.     This Court's Rulings Regarding Plaintiffs' Purported Class Action Before the Supreme Court's Decision in *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2555 (2011)

On October 14, 2008, plaintiffs, fifty-one former and current female Family Dollar store managers, including forty-nine of the original fifty EEOC complainants, filed this action in the Northern District of Alabama, on behalf of themselves and "all female Store Managers." Plaintiffs allege the following claims: (1) gender discrimination based on disparate impact under Title VII (Count One); (2) gender discrimination based on disparate treatment under Title VII (Count Two); (3) punitive damages under Title VII (Count Three); and (4) Equal Pay Act (Count IV). Plaintiffs seek injunctive and declaratory relief, equitable relief, back pay plus interest, liquidated pay under the EPA, punitive damages under Title VII, and attorney's fees and costs.

On November 24, 2008, the case was transferred to this court based on improper venue. On January 23, 2009, defendant filed a motion for judgment on the pleadings, contending that plaintiffs will be unable to satisfy class certification requirements under

2

either Rule 23(b)(2) or Rule 23(b)(3). On April 21, 2009, Judge Cayer entered a Memorandum and Recommendation ("M&R"), recommending that defendant's motion be denied without prejudice. Judge Cayer's recommendation specifically found that defendant's motion should be denied pending limited class certification discovery, stating that "[t]he factors spelled out in Rule 23 must be addressed through findings, even if they overlap with issues on the merits." (M&R p. 5, docket #59.) The Recommendation also specifically found that plaintiffs' complaint satisfied the pleading standards of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). On January 7, 2010, Judge Conrad entered an order denying defendant's motion for judgment on the pleadings and adopting Judge Cayer's M&R.

On July 14, 2010, defendant filed a motion for summary judgment on Counts I, II, and III, and for partial summary judgment on Count IV. Defendant filed a corrected motion for summary judgment on July 27, 2010. Also on July 27, 2010, plaintiffs filed a motion to stay defendant's summary judgment motion pending discovery or for denial of the motion without prejudice until commencement and completion of discovery. On July 29, 2010, the court granted plaintiffs' motion to stay defendant's summary judgment motion pending discovery.

On August 18, 2010, defendant filed a motion for protective order with respect to the scope of class certification discovery. On September 20, 2010, the court denied the motion for protective order on the same grounds as already ruled upon in the prior motion for judgment on the pleadings, specifically stating that "defendant cites no authority holding that class certification discovery should be curtailed in the manner it proposes" and "where

3

plaintiff has propounded discovery requests reasonably calculated to lead to the identification of potential class members, Defendant's Motion for Protective Order must and will be denied." (Order, docket no. 91.)

On January 27, 2011, the court granted a motion by plaintiffs to stay pending mediation.

B. The Supreme Court Issues Its Opinion in *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2555 (2011)

On June 20, 2011, the U.S. Supreme Court issued a ruling in *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2555 (2011). In *Dukes*, the plaintiffs, all female employees of Wal-Mart, filed a purported class action, seeking to recover injunctive relief, compensatory damages, backpay, and punitive damages based on alleged gender discrimination against the proposed class. The plaintiffs' theory of discrimination was based on the contention that female employees at Wal-Mart were discriminated against in terms of promotion and pay. The Ninth Circuit certified the proposed class of plaintiffs. The Supreme Court reversed the Ninth Circuit's certification. Specifically, the Court held that the proposed plaintiff class could not show the element of commonality for the purpose of class certification under Rule 23(b)(2). The Court stated that "[b]ecause respondents provide no convincing proof of a company-wide discriminatory pay and promotion policy, we have concluded that they have not established the existence of any common question." *Id*. at 2556-57.

The Court explained that "[a] party seeking class certification must affirmatively demonstrate his compliance with the Rule–that is, he must be prepared to prove that there are

4

in fact sufficiently numerous parties, common questions of law or fact, etc." *Id*. The Court found the following deficiencies in plaintiffs' discovery and evidence:

> As evidence that there were indeed "questions of law or fact common to" all the women of Wal–Mart, as Rule 23(a)(2) requires, respondents relied chiefly on three forms of proof: statistical evidence about pay and promotion disparities between men and women at the company, anecdotal reports of discrimination from about 120 of Wal–Mart's female employees, and the testimony of a sociologist, Dr. William Bielby, who conducted a "social framework analysis" of Wal–Mart's "culture" and personnel practices, and concluded that the company was "vulnerable" to gender discrimination.

*Id*. at 2549.

The Court held that "[t]he only corporate policy that the plaintiffs' evidence convincingly establishes is Walmart's 'policy' of allowing discretion by local supervisors over employment matters." *Wal-Mart*, 131 S. Ct. at 2555. The Court held that this was "just the opposite of a uniform employment practice that would provide commonality needed for a class action" because "it is a policy *against having* uniform employment practices." *Id*. (emphasis in original). The Court observed that there were two ways to satisfy Rule 23 in a case such as the plaintiffs and, thus, bridge the "conceptual gap": (1) through a claim that the employer used a biased testing procedure; (2) or through significant proof that an employer operated under a general policy of discrimination if the discrimination manifested itself in the same way for all class members. *Id*. at 2553. As to the first prong, the Court stated that the first manner of bridging the gap could include a testing procedure or other company wide evaluation method that can be charged with bias. *Id*.

    C.    Disposition of the Case in this Court After *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2555 (2011)

5

On July 21, 2011, the parties filed a joint status report in this court regarding completion of mediation, informing the court that mediation efforts had failed. On September 19, 2011, defendant filed a motion to dismiss and/or strike plaintiffs' class claims as foreclosed by the Court's reasoning in *Wal-Mart Stores, Inc. v. Dukes*. On October 27, 2011, plaintiffs filed a response brief. On October 28, 2011, plaintiffs filed a motion for leave to file a First Amended Complaint. On November 1, 2011, the court set the pending motions for hearing. On November 7, 2011, defendant filed a brief in reply to its motion to dismiss and/or strike. The court held a hearing on the motions on November 22, 2011.

II. **Applicable Standards of Review**

A. **Motions to Dismiss under Rule 12(b)(6)**

In ruling on a motion to dismiss for failure to state a claim, it must be recalled that the purpose of a 12(b)(6) motion is to test the sufficiency of the complaint, not to decide the merits of the action. *Schatz v. Rosenberg*, 943 F.2d 485, 489 (4th Cir. 1991); *Food Lion, Inc. v. Capital Cities/ABC, Inc.*, 887 F. Supp. 811, 813 (M.D.N.C. 1995). At this stage of the litigation, a plaintiff's well-pleaded allegations are taken as true, and the complaint, including all reasonable inferences therefrom, are liberally construed in the plaintiff's favor. *McNair v. Lend Lease Trucks, Inc.*, 95 F.3d 325, 327 (4th Cir. 1996).

The duty of fair notice under Rule 8(a), however, requires the plaintiff to allege, at a minimum, the necessary facts and grounds that will support his right to relief. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). As the Supreme Court has instructed, although detailed facts are not required, "a plaintiff's obligation to provide the grounds of his

entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (internal citation omitted). *See also Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) (clarifying *Twombly*).

### B. Motions to Amend Pursuant to Rule 15

Federal Rule of Civil Procedure 15(a) provides that a party may amend its pleading after the expiration of the time periods specified in Rule 15(a)(1) "only with the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(a)(2). Rule 15(a)(2) further provides that leave to amend shall be freely given "when justice so requires." *Id*. Absent a showing of undue delay, bad faith, futility, or prejudice to the opposing party, a court should grant a party leave to amend. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

### III. Analysis

### A. The Parties' Arguments

#### 1. Defendant's Motion to Dismiss the Original Complaint

In support of the motion to dismiss and/or to strike, defendant contends that, after the Supreme Court's decision in *Dukes*, plaintiffs' class allegations of gender discrimination in pay, which rest on a theory that defendant's purported use of subjective decision-making created salary disparities between male and female employees, must be dismissed and/or stricken from the complaint. The court agrees. As defendant notes, plaintiffs filed this lawsuit in the Northern District of Alabama on October 14, 2008, *before* the Supreme Court issued the *Dukes* opinion. In consenting to the transfer of venue to this court, plaintiffs admitted that the plaintiffs in *Dukes* presented "virtually identical claims" as plaintiffs in this

7

lawsuit. The Supreme Court made clear in *Dukes* that, as a matter of law, plaintiffs such as those in this case cannot satisfy the Rule 23(a) commonality requirement for certifying a class under Title VII. That is, here, the complaint alleges that plaintiffs were discriminated against based on their gender as a result of subjective decisions made at the local store levels. This court finds that, for the same reasons, plaintiffs also cannot satisfy the nearly identical commonality showing–of similarly "situated persons"– that is required to certify a collective action under the EPA.

Furthermore, plaintiffs cannot state class claims for individualized monetary relief, such as back pay, punitive damages, and liquidated damages–under any combination of the procedural mechanisms available under Rule 23(b) because the Supreme Court unanimously held in *Dukes* that such relief is not available under Rule 23(b)(2). Plaintiffs' claims are also facially insufficient because–under their own allegations–plaintiffs cannot satisfy Rule 23(b)(3)'s predominance requirement.

Furthermore, the court finds that, after *Dukes*, it would be futile to allow plaintiffs to conduct discovery because plaintiff's theory for class certification is simply foreclosed by *Dukes*. Indeed, here, in support of their request for discovery, plaintiffs have stated that discovery is mostly completed, and that they will be able to identify questions of law or fact that are common to the proposed class at the class certification stage. Exhausted discovery is not, however, required before the court addresses defendant's motion to dismiss the class claims. To the contrary, "[a]ctive judicial supervision may be required to achieve the most effective balance that expedites an informed certification determination without forcing an

artificial and ultimately wasteful division between 'certification discovery' and 'merits discovery.'" *In re Hydrogen Peroxide Antitrust Litig.*, 552 F.3d 305, 319 n.20 (3rd Cir. 2008) (quoting FED. R. CIV. P. 23 Advisory Committee Note, 2003 Amendments). Here, plaintiffs have had adequate time to conduct discovery, and they have indeed conducted significant discovery in this and other similar cases against defendant in other jurisdictions. Like the plaintiffs in *Dukes*, plaintiffs here have been unable to "identif[y] a common mode of exercising discretion that pervades the entire company," *Dukes*, 131 S. Ct. at 2554–55, and the court finds that additional discovery would be futile and prejudicial to defendant.

In sum, the court will dismiss plaintiffs' class allegations. As to claims of gender discrimination by the individually named plaintiffs, the court will allow the complaint to survive the motion to dismiss as to these claims.

### 2. Plaintiffs' Motion to Amend the Complaint

After defendant filed the pending motion to dismiss, plaintiffs filed a motion to amend the complaint, purportedly in order to escape the death knell imposed by *Dukes* on the original complaint. In support of the motion to amend their complaint, plaintiffs contend that, since the filing of the initial complaint, plaintiffs have discovered additional facts about the internal operation of the defendant's compensation system and the criteria applied in setting Store Manager's pay. Plaintiffs contend that this new discovery gives rise to new allegations that the pay system includes a subjective component and gender stereotyping and that defendant's compensation system is now known to be more centralized and non-subjective than may have been alleged in the original complaint. The proposed amended

9

complaint alleges that "defendant engages in centralized control of compensation for store managers at the corporate level of its operations." (First Am. Compl. ¶ 19.) Plaintiffs contend that they do not challenge pay decisions made at the store level of operations because jobs below Store Manager are not part of the putative class to be certified. (*Id*. ¶ 20.) Plaintiffs contend that the allegations in the proposed amended complaint are therefore not foreclosed by *Dukes*. Plaintiffs further contend that defendant will not be prejudiced by an amendment. Plaintiffs note that the proposed motion to amend was made well before the deadline for completion of class certification discovery and the filing of a motion for class certification.

The court will deny plaintiffs' motion to amend the complaint for several reasons. First, the proposed amended complaint attempts to restate claims for individuals who stipulated to dismissal with prejudice from the case as a whole, and the proposed amended complaint attempts to restate Equal Pay Act claims for individuals who dismissed such claims with prejudice. Specifically, on January 14, 2009, plaintiffs Linda Fulmer, Jean Macquarrie, and Helen Zimmerman stipulated to dismissal with prejudice. The proposed amended complaint, however, purports to state claims on behalf of these same individuals. Also on January 14, 2009, plaintiffs also stipulated to the dismissal with prejudice of Equal Pay Act claims as to 29 plaintiffs, but the proposed amended complaint purports to state claims on behalf of these individuals.

More significantly, however, the Supreme Court's decision in *Dukes* simply foreclosed any possible claims based on plaintiffs' original complaint because the only policy

10

or practice that plaintiffs contended was discriminatory was that "defendant's pay decision and/or system includes subjectivity and gender stereotyping that causes disparate impact to compensation paid to female store managers." Although plaintiffs purport to deny that class members' pay is set through a discretionary, subjective process, the new "facts" they allege are facts they have known all along, and the *discretionary* pay of managers, within uniformly established parameters, remain the only source of discrimination alleged. Defendant has persuasively shown that plaintiffs' contention that they have learned "new facts" is simply without merit, as plaintiffs and their counsel have sued defendant in multiple cases in numerous jurisdictions, and have extensively investigated company pay practices. Furthermore, as defendant notes, the proposed amended complaint appears to be an attempt to recast plaintiffs' class claims simply to avoid dismissal under *Dukes*, but even the allegations in the amended complaint ultimately point to subjective, individualized decisions rather than pointing to any uniform company-wide policy that discriminates against Store Managers.

Additionally, allowing plaintiffs to amend the complaint would prejudice defendant. Since the filing of the complaint three years ago, the parties have pursued discovery, including Interrogatories and Requests for Production, and have attempted to mediate claims under the original complaint. Here, plaintiffs chose not to file their proposed amended complaint until the briefing on defendant's motion to dismiss was nearly complete and over four months after the Supreme Court issued its opinion in *Dukes*. The proposed amended complaint is also prejudicial to defendant because it seeks to present a new theory for class

11

claims in an attempt to avoid *Dukes*. Plaintiffs wish to pursue extensive discovery to support and clarify their new theories, which will require the parties to re-open and conduct new expert discovery based on plaintiffs' changed version of the facts.

Finally, as the court has already suggested, allowing plaintiffs to amend the complaint would be futile for several reasons. First, the proposed amended complaint does not allege facts that could establish that defendant had a policy that discriminated on the basis of gender in a common manner across the proposed class. Plaintiffs' new factual allegations in support of their class claims fall into three categories, none of which identifies a common discriminatory practice. First, plaintiffs' new allegations describe defendant's retail policies and allege that Store Managers' job duties are similar across the Family Dollar organization–"new facts" that plaintiffs were long aware from prior cases. In any event, these allegations have no bearing on gender discrimination. That is, every large company must impose budgetary constraints and uniform business controls on operating units; the fact that defendant maintains budgets, centrally directs merchandizing layouts, or controls thermostat settings has no bearing on gender discrimination. Second, plaintiffs' proposed amended complaint relies on purported statistical disparities in pay between men and women Store Managers. Alleged statistical disparities in pay between men and women store managers is, standing alone, insufficient to support a Title VII claim.

Third, plaintiffs vaguely allege in the proposed amended complaint a third group of "corporate-imposed policies and practices" used for compensation decisions, but plaintiffs fail to identify how any specific policy or practice operates in a discriminatory manner.

Instead, these "corporate-imposed policies and practices" merely confirm gender neutrality in pay decisions, because the uniform parameters establishing pay ranges for Store Managers are applied uniformly to both men and women. For instance, plaintiffs allege that "salaries are subject to store payroll budgets established at Corporate headquarters"; the salary range for Store Managers "does not vary by store, district, region, or division, or any other individualized variable"; the pay structure imposes ranges for Store Manager pay; and Store Managers are placed in quartiles according to years of experience. None of these policies asserts a common discriminatory policy in violation of Title VII.

Indeed, in the proposed amended complaint, plaintiffs revert to the same theory asserted as in the original complaint–that a large number of decision-makers, consisting of "Regional Managers" and "Divisional Vice Presidents," located around the country, exercise *individual discretion* in placing Store Managers within the established pay ranges or by granting out-of-range exceptions, and that this *exercise of discretion* results in disparities in pay based on gender. Plaintiffs further allege that these individual decision-makers consider prior experience and/or prior pay. Thus, despite plaintiffs' attempt to avoid *Dukes*, the proposed amended complaint suffers from the same fatal defects as the original complaint.

Next, in Counts I-III of the proposed amended complaint, plaintiffs purport to state claims for monetary relief that are foreclosed under *Dukes*. The Supreme Court in *Dukes* specifically found that back pay under Title VII was a form of monetary relief that required an "individualized determination" and was therefore not amenable to Rule 23(b)(2) certification. Thus, under *Dukes*, it is clear that, to the extent that plaintiffs seek class-wide

monetary relief through any procedural mechanism except for Rule 23(b)(3), those claims are futile.

In sum, for the reasons stated herein, the court will deny the motion to amend the complaint.

**V.     Conclusion**

For the reasons stated herein, plaintiffs' motion to amend the complaint [docket #120] is **DENIED** as stated in this Order. Defendant's motion to dismiss the putative class action claims [docket #113] is **GRANTED**. The court notes, however, that the individually named plaintiffs will remain in the case and they may proceed against defendant on their individual claims.

**IT IS SO ORDERED**.

Signed: January 13, 2012

Max O. Cogburn Jr.
United States District Judge