IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:08cv540

| | |
|---|---|
| LUANNA SCOTT, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| FAMILY DOLLAR STORES, INC., ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the court on plaintiffs' Motion to Stay. On January 13, 2012, this court dismissed plaintiffs' class claims in light of the Supreme Court's decision in Wal-Mart Stores, Inc. v. Dukes, ___ U.S. ___, 131 S.Ct. 2541 (2011). Memorandum of Opinion and Order (#131). Plaintiffs have sought interlocutory review of that decision by the Court of Appeals for the Fourth Circuit in a Rule 23(f) petition, which essentially reargues issues the parties ably argued before this court. In moving to stay, plaintiffs ask this court to stay further adjudication of their individual claims pending resolution of that interlocutory appeal.

The court has carefully considered such request, reviewed the earlier Memorandum of Opinion and Order, and reviewed the subsequently decided appellate decision cited by plaintiffs in their Reply. While plaintiffs argue that McReynolds v. Merrill Lynch, No. 11-3639, 2012 WL 592745 (7th Cir. Feb. 24, 2012) supports a stay in this action, such action involved different employment practices than those underlying this court's decision. In addressing Wal-Mart Stores, Inc. v. Dukes, the Seventh Circuit noted in McReynolds that the specific company-wide practices at issue distinguished the plaintiffs' claims from the claims at issue in Wal-Mart, acknowledging that claims concerning wage disparity resulting

-1-

only from the delegation of discretion to managers could not support class certification under Wal-Mart. Id., at *18. In the case before this court, plaintiffs have not alleged company-wide practices like those at issue in McReynolds and the only cause of alleged gender pay discrimination that plaintiffs identified in their Complaint was Family Dollar's use of "subjectivity and gender stereotyping in its pay decisions," Complaint, at ¶ 22, which even the McReynolds court determined could not support class certification under Wal-Mart. McReynolds v. Merrill Lynch, 2012 WL at *18. Thus, McReynolds does not support a stay and, if anything, reinforces this court's earlier decision.

Putting aside McReynolds, the court will consider the standard for granting a stay. First, Rule 23(f), Federal Rules of Civil Procedure, provides that an appeal under that rule does not automatically stay proceedings in the district court.

> ... Rule 23(f) contemplates that in most cases discovery (at the very least, merits discovery) will continue notwithstanding the pendency of an appeal of the class certification order.

Prado-Steiman v. Bush, 221 F.3d 1266, 1273 n.8. In Blair v. Equifax Check Serv., Inc., 181 F.3d 832, 835 (7th Cir. 1999), the appellate held that interlocutory appeals under Rule 23(f) should not unduly retard the pace of litigation as "stays will be infrequent."

In granting stays, the United States Supreme Court held in Hilton v. Braunskill, 481 U.S. 770, 776 (1987), that lower courts must apply a balancing test in determining whether to stay an action pending an appeal of an interlocutory order. Factors which must be considered are, as follows:

(1) the likelihood that the movant will succeed on the merits of the appeal;

(2) whether the movant will suffer irreparable injury absent a stay;

(3) whether issuance of a stay will harm other parties; and

-2-

  (4)  where the public interest lies.

Id. See also Long v. Robinson, 432 F.2d 977, 980-81 (4th Cir. 1970). As explained in Blair, supra, allowing a stay under Rule 23(f) "would depend on a demonstration that the probability of error in the class certification decision is high enough that the costs of pressing ahead in the district court exceed the costs of waiting." Id., at 832.

  First, plaintiffs have not shown a probability that the Fourth Circuit will review this court's interlocutory Order or that a panel of that Court will conclude that this court abused its discretion in striking the class claims. In the body of the motion, plaintiffs do not even attempt to make a showing that their petition is likely to be granted or that they are likely to succeed on the merits of their appeal. The court has, however, considered McReynolds, as discussed above, and cannot find that such decision would change this court's decision or likely be the basis for granting interlocutory review. Clearly, Rule 23(f) gives an appellate court "unfettered discretion whether to permit the appeal, akin to the discretion exercised by the Supreme Court in acting on a petition for certiorari." Fed.R.Civ.P. 23(f) Advisory Committee Notes. Statistically, the Fourth Circuit exercises its discretion to grant review sparingly, accepting barely 25 percent of petitions filed. As plaintiffs have offered the same arguments and authority that this court has already rejected, the court can not find that this factor weighs in favor of a stay.

  Second, plaintiffs have not shown that they will suffer irreparable harm by proceeding with individual claims in a case they filed in 2008. However, the court takes notice that the individual plaintiffs likely do not have the means to pursue their claims in this court on a case-by-case basis, and that if the court were to deny the stay, it is quite possible that some if not all of the plaintiffs would be forced to dismiss their claims prior to even the possibility of interlocutory review being granted. This has weighed heavily in the court's balance as

meaningful access to the court by parties of all means is a cornerstone of our judicial system.

Third, while defendant is in a better position to shoulder the burden, such economic circumstance does not diminish their reasonable expectation, as well as the public's, that claims brought against it will be resolved in a timely manner. At this point, a jury will be asked to consider events that occurred nearly four or more years ago, and the court is well aware that memories fade and witnesses are harder to find and hale into court as time passes. Clearly, the proposed stay would harm defendant.

Fourth and finally, the public interest supports moving this case forward. This case passed its third anniversary in this court at the end of 2011, and will be nationally reportable April 1, 2012, as a case pending more than three years. Clearly, the public interest in the prompt resolution of cases suggests that a stay is inappropriate. As suggested in Blair, there has not been a demonstration that the probability of error in the class certification decision is high enough that the costs of pressing ahead in this court exceed the costs of waiting.

Weighed quantitatively, a stay is not appropriate. Weighed qualitatively, a brief stay is appropriate to provide the individual plaintiffs meaningful access to the courts.

**ORDER**

**IT IS, THEREFORE, ORDERED** that plaintiffs' Motion to Stay (#134) is **GRANTED**. In the event the petition is denied, the parties shall schedule a conference with the magistrate judge and proceed as previously instructed as to entry of a Pretrial Order with the goal of prompt resolution of this matter.

Signed: March 26, 2012

Max O. Cogburn Jr.
United States District Judge