# IN THE UNITED STATES DISTRICT COURT FOR
# THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:08-CV-540-MOC-DSC

LUANNA SCOTT, et al., )
)
    Plaintiffs, )
)
v. )
)
FAMILY DOLLAR STORES, INC., )
)
    Defendant. )
)

## STIPULATED PROTECTIVE ORDER AND NON-WAIVER ORDER

IT IS HEREBY STIPULATED by and between Plaintiffs, Luanna Scott, et al. (collectively, "Plaintiffs"), and Defendant Family Dollar Stores, Inc. ("Defendant"), by and through their respective attorneys of record, as follows:

WHEREAS, documents, testimony and information have been and may be sought, produced, or exhibited by and among the parties relating to trade secrets, proprietary systems, confidential commercial information, confidential applicant or employee information, confidential research and development, or other proprietary information belonging to Defendant and/or credit, personal, and other confidential information belonging to Defendant and/or other confidential information of Plaintiffs.

THEREFORE, this Court orders as follows:

1.    This Order shall govern the use, handling, and disclosure of all documents, testimony, or information produced or given in this action. Any documents, testimony, or information submitted, either voluntarily or pursuant to any subsequent order, which is asserted in good faith by the producing party or by any other party to contain or constitute information

protected by Federal Rule of Civil Procedure 26(c)(1) or other provision of law, including information subject to a contractual duty of confidentiality owed to a third party, shall be so designated in writing, or orally at a deposition, hearing, or trial, and shall be segregated from other information being submitted. Materials so designated shall be clearly marked on their face with the legend: "CONFIDENTIAL." Such documents, transcripts, or other materials are referred to herein as "CONFIDENTIAL MATERIALS." To the extent electronically stored information is produced in a format that does not permit the branding of the designation on the face of the document (*e.g.*, native Excel files or database exports), the producing party shall add the abbreviation "CONF" to the file name of such documents, or otherwise notify the receiving party about the confidential status of ESI contained on discs, hard-drives, or other material through which such files are produced.

2. A party wishing to designate portions of a deposition transcript CONFIDENTIAL pursuant to this Order must, within ten (10) business days from the conclusion of the deposition, order the original or a copy of the transcript of the deposition from the court reporter for regular turnaround. The designating party may designate those portions of the transcript CONFIDENTIAL in accordance with paragraph 1 of this Order. The designating party shall designate such CONFIDENTIAL MATERIAL either on the record or by serving upon all counsel of record via facsimile or other electronic transmission a notice setting forth the pages, line numbers, and designations. The designating party must serve such notice upon all other parties within thirty (30) calendar days after its counsel receives a copy of the deposition transcript. All transcripts will be treated as confidential until the expiration of the thirty-day period described in this paragraph. Any portions of a transcript designated as confidential shall thereafter be treated as confidential in accordance with this Order. The parties shall negotiate in

good faith to alter the time frames set forth in this paragraph in situations where a more expedited filing of a designated portion of the deposition transcript is required.

3. No person shall use any CONFIDENTIAL MATERIALS or information derived therefrom (including but not limited to all testimony, deposition or otherwise, that refers, reflects, or otherwise discusses any such materials), directly or indirectly, for any business, commercial, or competitive purposes or for any purpose whatsoever other than solely for the discovery, the preparation, and trial of this action, and/or in accordance with this Order. The parties agree that CONFIDENTIAL MATERIALS produced in discovery in this case shall not be used, be required to be produced or admissible, in whole or in part, in any other legal or administrative proceedings.

4. Subject to paragraph 7, in the absence of prior written permission from the designating party or an order by the Court, no person shall disclose CONFIDENTIAL MATERIALS to any person other than: (i) the parties, their attorneys of record, and those attorneys' support staff employees who perform work tasks related to this case; (ii) qualified persons taking testimony involving such material and necessary stenographic and clerical personnel; (iii) disclosed experts or consulting experts and their staff employed for this litigation; (iv) witnesses providing testimony in this action (any issues regarding former employees being shown documents prepared after the date of their departure are reserved for the Court to decide when and if such issues arise); (v) any governmental agency formally requesting such information or documents by subpoena, written notice, or other civil investigative demand ("CID"), with notice provided to the designating party within five (5) days of receipt of the request and no fewer than twenty-one (21) days before disclosure or production, and this Court shall retain jurisdiction to hear any objection that either Plaintiffs or Defendant may have to providing documents in response to such a request; and (vi) the Court, Court personnel, and members of any jury impaneled to hear this case.

5. Subject to paragraph 7, no person shall disclose CONFIDENTIAL MATERIALS to any person designated in paragraph 4(iii) or 4(iv) unless he or she has executed a written, dated declaration in the form attached hereto as Exhibit A, acknowledging that he or she has first read this Order, agreed to be bound by the terms hereof, agreed not to reveal such CONFIDENTIAL MATERIALS to anyone, and agreed to utilize such CONFIDENTIAL MATERIALS solely for the purposes of this litigation. The Court hereby enjoins all persons to whom CONFIDENTIAL MATERIALS are disclosed from disclosing the same to any person or using the same, except as provided in this Order.

6. No person receiving or reviewing CONFIDENTIAL MATERIALS shall disseminate or disclose them to any person other than those described above in paragraph 4 for the purposes specified, and in no event shall such person make any other such use of CONFIDENTIAL MATERIALS.

7. In the event that any party disagrees with any designation made under this Order, the parties shall first try in good faith to resolve the disagreement informally. If the parties cannot resolve the dispute and the receiving party concludes in good faith that the materials the designating party has improperly classified the materials, the receiving party shall notify the designating party in writing by facsimile or by electronic transmission of its objection, but shall continue to maintain the documents or other information as CONFIDENTIAL for fifteen (15) days after such notice. The designating party shall have the right to move the Court for a Protective Order to retain the designated status of such materials. If the designating party files such a motion within the fifteen-day period, the receiving party shall continue to maintain the materials as CONFIDENTIAL, consistent with the designating party's designation, until the Court has ruled on the designating party's motion.

8. Subject to paragraph 7, any party seeking to file CONFIDENTIAL MATERIALS with the Court can contact the designating party prior to such filing to: (i) provide the designating

party with notice that it seeks to file CONFIDENTIAL MATERIALS with the Court; and (ii) meet and confer in good faith to determine whether a redacted version of the CONFIDENTIAL MATERIALS can be filed with the Court. In the event no agreement is reached for the filing of a redacted version, the party seeking to file such CONFIDENTIAL MATERIALS shall file such materials under seal in accordance with Local Rule 6.1(C) & (D). The parties shall work together in good faith to coordinate the filing of all motions and material covered by this paragraph to permit compliance with the Local Rules and this Order.

9. The inadvertent or unintentional disclosure of CONFIDENTIAL MATERIALS by a producing party without the appropriate designation or the inadvertent or unintentional disclosure of attorney-client privileged, work product, or other protected documents or media without an appropriate claim of privilege, regardless of the steps taken to prevent disclosure, shall not be deemed a waiver in whole or in part of the party's claim of confidentiality or privilege, either as to the specific information disclosed or as to any other information relating thereto or on the same subject matter. If a party has inadvertently produced information subject to a claim of confidentiality or privilege, the receiving party, upon request or upon its own initiative at such time as it reasonably and in good faith believes itself to be in possession of inadvertently produced materials, whichever occurs first, shall promptly return the inadvertently produced materials, and all copies of those materials that may have been made.

10. Pursuant to the Case Management Plan (Doc. 157) entered on September 8, 2014, the ultimate disposition of protected materials shall be subject to a final order of the Court on the completion of litigation.

11. This Order shall remain binding after the conclusion of this case unless otherwise ordered by the Court, and the Court shall retain jurisdiction over all parties bound hereby for the purposes of enforcing this Order. Each individual signing the acknowledgement attached as Exhibit A agrees to be subject to the jurisdiction of this Court for purposes of this Order.

12. Notwithstanding any other provision of this Order, the parties agree that if disclosure of third-party consumer identifying information is sought in discovery, that Defendant's and Plaintiffs' counsel will confer in good faith regarding production. If Defendant disagrees with production of such information, Plaintiffs may seek relief from the Court, subject to such protocols for disclosure that the Court may deem appropriate if such discovery is ordered.

13. This Order does not prevent any party from seeking to seal trial transcripts and/or trial exhibits, including documents previously filed under seal, or from seeking any other similar relief.

14. No party may use the entry of this Order, nor the designation of any material as "CONFIDENTIAL," nor the failure to make such designation, as evidence on any issue in this case. A party's designation of materials as "CONFIDENTIAL" does not waive that party's objection to any discovery on the ground that it seeks information protected by Federal Rule of Civil Procedure 26(c) or any other provision of law.

15. Nothing in this Protective Order shall be deemed a waiver by a party of any objections that might be raised as to the relevance or admissibility at trial of evidentiary materials.

16. Nothing herein shall affect or restrict the rights of any party with respect to its own documents or to the information obtained or developed independently of materials afforded confidential treatment pursuant to this Order.

17. Third parties who are the subject of discovery requests, subpoenas, or depositions in this case may take advantage of the provisions of this Order by providing Plaintiffs and Defendant with written notice that they intend to comply with and be bound by the terms of this Order.

**SO ORDERED**.

18159764v.1

_____
David S. Cayer
United States Magistrate Judge

WE ASK FOR THIS:

| | |
|---|---|
| /s/Robert L. Wiggins, Jr.<br>Robert L. Wiggins, Jr.<br>Gregory O. Wiggins<br>Kevin W. Jent<br>Wiggins, Childs, Pantazis, Fisher & Goldfarb, LLC<br>The Kress Building<br>301 19th Street North<br>Phone: 205/314-0500<br>Fax: 205/254-1500<br>rwiggins@wigginschilds.com<br>gwiggins@wigginschilds.com<br>kjent@wigginschilds.com<br><br>Greg Jones<br>Greg Jones & Associates<br>3015 Market Street<br>Wilmington, NC<br>Phone: 910/251-2240<br>Fax: 910/251-1520<br>greg@gregjoneslaw.com<br><br>*Attorneys for the Plaintiffs* | /s/Gerald L. Maatman, Jr.<br>Gerald L. Maatman, Jr. (admitted pro hac vice)<br>David Bennet Ross (admitted pro hac vice)<br>SEYFARTH SHAW LLP<br>620 Eighth Avenue, 32nd Floor<br>New York, NY 10018<br>Telephone: (212) 218-5500<br>Facsimile: (212) 218-5526<br>gmaatman@seyfarth.com<br><br>John R. Wester (N.C. Bar No. 4660)<br>David C. Wright, III (N.C. Bar No. 11161)<br>Adam K. Doerr (N.C. Bar N. 37807)<br>Robinson Bradshaw & Hinson, P.A.<br>101 North Tryon Street, Suite 1900<br>Charlotte, North Carolina 28246<br>Phone: 704/377-2536<br>Fax: 704/378-4000<br>jwester@rbh.com<br><br>*Attorneys for Defendant*<br>*Family Dollar Stores, Inc.* |

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:08-CV-540-MOC-DSC**

LUANNA SCOTT, et al., )
)
    Plaintiffs, )
)
v. )
)
FAMILY DOLLAR STORES, INC., )
)
    Defendant. )
)

**DECLARATION OF _____
UNDER STIPULATED PROTECTIVE ORDER**

I, _____, being duly sworn, declare as follows:

1. My address is _____.

2. My present employer is _____.

3. My present occupation or job description is _____

_____.

4. I hereby acknowledge that: (a) I have been given a copy of the Stipulated Protective Order ("Protective Order") in the above-referenced case; (b) I carefully read the Protective Order; and (c) I understand and am familiar with the terms of the Protective Order.

5. I will comply with all of the provisions of the Protective Order. I will hold all Confidential Materials disclosed to me, including the substance and any copy, summary abstract, excerpt, index or description, in confidence, and will not disclose such material to anyone not qualified under the Protective Order. I will not use any Confidential Material disclosed to me for any purposes other than this case.

6. I will return all Confidential Material that comes into my possession and all documents and things that I have prepared relating thereto, to counsel for the party by whom I am retained or employed, or from whom I have received such material.

7. I hereby submit to the jurisdiction of the United States District for the Western District of North Carolina for the purpose of enforcement of the Protective Order in this case.

I declare under penalty of perjury that the foregoing is true and correct.

_____