# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
## Civil Action No.: 3:08-CV-540-MOC-DSC

| | |
|---|---|
| LUANNA SCOTT ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> FAMILY DOLLAR STORES, INC., <br><br> Defendant. | ORDER |

**THIS MATTER** is before the Court on the following Motions:

1. "Defendant's … Motion to Compel Discovery" (document #171),

2. "Defendant's Expedited Motion for Status Conference" (document #173),

3. Defendant's "Motion to Strike Plaintiff's 'Supplement to … Response to … Motion for Status Conference'" (document #179),

4. "Plaintiffs' Motion to Compel Production of Documents and Answers to Interrogatories and Requests for Admissions" (document #180),

5. Plaintiffs' "Motion to Reinstate Expert Report Deadlines and Set Briefing Schedule" (document #193), and

6. Plaintiffs' "Motion to Stay Filing Class Certification Motion, Briefs and Evidence Until Disposition of … Pending Motions" (document #194), as well as the parties' briefs and exhibits.

The Court has carefully considered the parties' arguments and applicable authorities.

For the reasons stated in Defendant's briefs, its "Motion to Compel Discovery" (document #171) is <u>granted</u>. Within fourteen days of this Order, Plaintiffs shall serve complete supplemental and individualized responses to all interrogatories. Responses shall be verified by each Plaintiff.

For the reasons stated in their briefs, "Plaintiffs' Motion to Compel Production of Documents and Answers to Interrogatories and Requests for Admissions" (document #180) is <u>granted</u>. Within fourteen days of this Order, Defendant shall serve complete supplemental responses to Plaintiffs' discovery requests. To the extent that Defendant has fully responded to particular discovery requests, it must so state in a verified discovery response. If Defendant contends that any responsive documents are within the attorney-client privilege or attorney work product privilege, it shall produce a privilege log and hard copies of those documents within seven days of this Order for <u>in camera</u> inspection.

"Defendant's Expedited Motion for Status Conference" (document #173) and Defendant's "Motion to Strike Plaintiff's 'Supplement to … Response to … Motion for Status Conference'" (document #179) are <u>denied as moot</u>.

Having conferred with the chambers of the Honorable Max O. Cogburn, Jr., Plaintiffs' "Motion to Reinstate Expert Report Deadlines and Set Briefing Schedule" (document #193) and Plaintiffs' "Motion to Stay Filing Class Certification Motion, Briefs and Evidence Until Disposition of … Pending Motions" (document #194) are <u>granted in part</u> and <u>denied in part</u>. The Court sets the following deadlines:

1. Plaintiffs' expert report: December 14, 2015.
2. Defendant's expert report: January 28, 2016.
3. Plaintiffs' class certification brief and evidentiary submission: February 18, 2016.
4. Defendant's class certification brief and evidentiary submission: March 20, 2016.
5. Plaintiffs' reply brief and rebuttal evidence: April 21, 2016.

The Clerk is directed to send copies of this Order to the parties' counsel <u>and to the Honorable Max O. Cogburn, Jr.</u>

**SO ORDERED**.

Signed: November 24, 2015

David S. Cayer
United States Magistrate Judge