UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:08-cv-00540-MOC-DSC

| | | |
|---|---|---|
| **LUANNA SCOTT, et al.,** | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **FAMILY DOLLAR STORES, INC.,** | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the court on defendant's Motion to Dismiss the Claims of Michelle Rodgers, Ruth Bell, Sharon Sipes, Shunderia Garlington, and Traci Davis (hereinafter "the captioned plaintiffs") with Prejudice.

For cause, defendant states that the captioned plaintiffs have failed to comply with Judge Cayer's Order (#197) as clarified by Order (#199), compelling those plaintiffs to file supplemental and verified responses to all interrogatories. While a number of plaintiffs served verified responses by the December 15, 2015, deadline, the captioned plaintiffs either failed to serve at all or served unverified responses within the time allowed. In response, plaintiffs state that: two of the plaintiffs died before the Order issued; one complied, albeit after the deadline; and two of the plaintiffs cannot now be found. In reply, defendant argues that the court should, nevertheless, impose the sanction of involuntary dismissal as none of the reasons given excuse the non-compliance.

Defendant seeks a harsh sanction for non-compliance with Judge Cayer's Order compelling discovery. The Court of Appeals for the Fourth Circuit has warned that "dismissal as a sanction

is an extreme remedy to be used only when a party has displayed callous disregard to its obligations or exhibited very bad faith." Berry v. South Carolina Dept. of Social Services, 121 F.3d 697, 1997 WL 499950 (4th Cir. Aug. 25, 1997). When considering dismissal as a sanction for non-compliance with a discovery order, courts consider: "(1) whether the non-complying party acted in bad faith; (2) the degree of prejudice suffered by the other parties as a result of the failure to comply; (3) the deterrence value of dismissal as a sanction for this sort of non-compliance; and (4) the efficacy of a less drastic sanction." Id. (citation omitted). In this case, the court has grouped the captioned plaintiffs into three groups for purposes of such considered: (1) deceased plaintiffs; (2) lost plaintiffs; and (3) the delinquent plaintiff.

**I.     Deceased Plaintiffs**

As to the two deceased plaintiffs (Rodgers and Sipes), the fundamental problem is not the lack of compliance with the discovery Order, but with non-compliance with the requirements of Rule 25(a)(1) for substitution of the deceased-plaintiffs' personal representatives. Indeed, if (as plaintiffs' counsel suggests) the two deceased plaintiffs died before Judge Cayer entered his Order, there was no lawful way for those plaintiff to comply absent first complying with Rule 25(a)(1), Federal Rules of Civil Procedure. While the court is uncertain as to the actual date of death of those plaintiffs, counsel for plaintiffs or their personal representatives have 90 days from the first suggestion of death on this record (which the court assumes is the date of plaintiffs' Response, January 15, 2016) to move to substitute such plaintiff's personal representative. Having considered the four factors, the court determines that the sanction of dismissal is disproportionate to counsel's error and will instead consider, at the conclusion of trial, a request for a fee reduction

(in the event plaintiffs prevail) or for costs and/or fees (in the event defendant prevails).[1] Plaintiffs' counsel are, however, cautioned that it is their responsibility to keep up with their clients and that failure to comply with Rule 25(a)(1) may well result in the dismissal of these plaintiffs' claims in the end. If Rule 25(a)(1) is complied with within such time, the substituted plaintiffs will have 14 days within which to comply with Judge Cayer's Order.

## II. Lost Plaintiffs

As to the lost plaintiffs (Garlington and Davis), as to whom plaintiffs' counsel has been unable to contact, the appropriate remedy is not found in a Rule 37 sanction, but in a Rule 41 dismissal for "failure to prosecute" inasmuch as such plaintiffs have, from all appearances, abandoned the prosecution by not keeping their attorneys informed of their mailing addresses.

In accordance with Rule 41(b)(1), the court determines to further warn these plaintiffs that unless they inform their attorney of their whereabouts, their claims will be dismissed. While defendant seeks immediate dismissal with prejudice, the court believes under Rule 41(b)(1), an immediate adjudication on the merits would be too harsh a result. Instead, the court will dismiss these plaintiffs' claims if they fail to appear by the time trial commences. Absent such compliance, these plaintiffs are warned that such dismissal will operate as an adjudication on the merits.

## III. Delinquent Plaintiff

Finally, as to the plaintiff whose full compliance was late (Bell), the court finds that involuntary dismissal with prejudice is too harsh a remedy and a disproportionate sanction for late compliance with Judge Cayer's Order, which required not only responses, but verified responses.

---

1  The court is well aware of the argument that Rule 37(b)(2)(C) *requires* the court to award expenses; this court, however, elects to defer consideration of an award of expenses until the conclusion of trial to reduce delay and afford the parties an opportunity to resolve issues amicably. Fed.R.Civ.P. 1.

Having considered the four factors in making that determination, the court will instead consider, at the conclusion of trial, a request for expenses.

***

The court notes that defendant failed to reflect consultation with opposing counsel in its Motion to Dismiss as required by Local Civil Rule 7.1, which may well mitigate any request for expenses made at the conclusion of trial. The parties are encouraged to resolve this issue (and perhaps this case) amicably. Finally, the court also notes that this is the oldest civil case on the docket and the parties should expect matters to move rapidly in the coming year.

**ORDER**

**IT IS, THEREFORE, ORDERED** that defendant's Motion to Dismiss the Claims of Michelle Rodgers, Ruth Bell, Sharon Sipes, Shunderia Garlington, and Traci Davis with Prejudice (#201) is **GRANTED** in part and **DENIED** in part as follows:

(1) as to Plaintiffs Rodgers and Sipes, counsel for plaintiffs shall comply with Rule 25(a)(1) within 90 days of January 15, 2016, and within 14 days of such compliance, if any, shall bring the substituted plaintiffs' discovery responses into compliance with Judge Cayer's Order. The court will consider an appropriate monetary sanction at the conclusion of trial;

(2) as to Plaintiffs Garlington and Davis, such plaintiffs are, in accordance with Rule 41(b)(1), warned that failure to appear by the commencement of trial will result in dismissal of their claims with prejudice. If such parties do appear before such time, the court will then hear any arguments concerning compliance with Judge Cayer's Order; and

(3) as to Plaintiff Bell, the court denies defendants' motion, but will consider a motion for expenses at the conclusion of trial.

Signed: February 5, 2016

Max O. Cogburn Jr.
United States District Judge