UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:08-cv-00540-MOC-DSC

| | | |
|---|---|---|
| **LUANNA SCOTT**, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **FAMILY DOLLAR STORES, INC.**, | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the court on defendant's Motion to Stay Proceedings Pending Appellate Rulings. Just as plaintiffs sought a stay pending appellate rulings when this court initially denied class certification under its reading of Walmart, defendant now seeks a similar stay pending decision of the Fourth Circuit Court of Appeals on its Rule 23(f) petition. Some eight years into this litigation, the court and the parties are on the starting line of sending out class notification and beginning class discovery. While this court was sure that its 2012 class decision was a correct reading of Walmart, the court stayed proceeding on the individual claims of the plaintiffs in an abundance of caution pending resolution of plaintiffs' appeal, which proved providential in light of the Fourth Circuit's reading of Walmart. As cases go up and the law comes down, this court is again sure that it has correctly applied the law in allowing class certification as such decision closely follows the instructions of the Fourth Circuit in its remand. The court has, however, considered the factors for a stay as discussed below and determined that, ultimately, judicial economy suggests granting a stay. Ultimately, if plaintiff is correct in its opposition, the Fourth Circuit will not be long delayed in denying the Rule 23(f) petition.

-1-

First, Rule 23(f), Federal Rules of Civil Procedure, provides that an appeal under that rule does not automatically stay proceedings in the district court.

> ... Rule 23(f) contemplates that in most cases discovery (at the very least, merits discovery) will continue notwithstanding the pendency of an appeal of the class certification order.

Prado-Steiman v. Bush, 221 F.3d 1266, 1273 n.8. In Blair v. Equifax Check Serv., Inc., 181 F.3d 832, 835 (7th Cir. 1999), the appellate held that interlocutory appeals under Rule 23(f) should not unduly retard the pace of litigation as "stays will be infrequent."

In granting stays, the United States Supreme Court held in Hilton v. Braunskill, 481 U.S. 770, 776 (1987), that lower courts must apply a balancing test in determining whether to stay an action pending an appeal of an interlocutory order. Factors which must be considered are, as follows:

(1) the likelihood that the movant will succeed on the merits of the appeal;

(2) whether the movant will suffer irreparable injury absent a stay;

(3) whether issuance of a stay will harm other parties; and

(4) where the public interest lies.

Id. See also Long v. Robinson, 432 F.2d 977, 980-81 (4th Cir. 1970). As explained in Blair, supra, allowing a stay under Rule 23(f) "would depend on a demonstration that the probability of error in the class certification decision is high enough that the costs of pressing ahead in the district court exceed the costs of waiting." Id., at 832.

First, defendant has not shown a probability that the Fourth Circuit will review this court's interlocutory Order or that a panel of that Court will conclude that this court abused its discretion in certifying the class. In making that determination, the court has considered the instructions

contained in the earlier decision of the Fourth Circuit overturning this court's earlier decision denying class certification. The court believes its decision granting class certification follows the law as the Fourth Circuit found it herein and that no subsequent decision of the Fourth Circuit or the United States Supreme Court has changed the calculus since the issue was sent back down to this court to resolve. Clearly, Rule 23(f) gives an appellate court "unfettered discretion whether to permit the appeal, akin to the discretion exercised by the Supreme Court in acting on a petition for certiorari." Fed.R.Civ.P. 23(f) Advisory Committee Notes. Statistically, the Fourth Circuit exercises its discretion to grant review sparingly, accepting barely 25 percent of petitions filed. As defendant's arguments and authority are nearly identical to the arguments it proffered in opposing certification this go round, the court cannot find that this factor weighs in favor of a stay.

Second, defendant have shown that they will suffer irreparable harm if they are compelled to engage in class-wide merits discovery as the class is likely to be a large one and require intensive review of personnel records nationwide. While defendant is likely in a better position to absorb such harm, which is in the form of legal fees and costs, such harm is irreparable as such costs would not be "shiftable" to plaintiffs who are of modest means and the discovery would likely be useless if the class certification were not allowed to move forward. This has weighed heavily in the court's balance as the recent modifications to Rule 1, as well as the Chief Justice's communique thereon, make it clear that courts are to play an active role in reducing costs to parties and providing for the efficient administration of justice.

Third, the court has considered the delay involved and the plaintiffs' reasonable expectation, as well as that of the public, that claims brought in this court will be resolved in a timely manner. This case was already three-years old when the undersigned inherited it in 2011,

and now it is eight. With each passing year, this case becomes more difficult to administer and more problematic to resolve by this court, by a jury, or ultimately by the parties in an *amicabl*e manner. Clearly, the proposed stay would run counter to the interests now expressed in Rule 1; however, the court agrees with plaintiffs that the Fourth Circuit is likely not to be long delayed in ruling on the petition and that it is very likely the court will be able to go forward with class notification and discovery within a matter of weeks. The third factor ways against a stay; however, such harm is greatly diminished in light of having the benefit of the Fourth Circuit's earlier instructions and what this court firmly believes was a faithful application of those instructions in its Order granting certification.

Fourth and finally, the public interest supports moving this case forward. This case passed its seventh anniversary in this court at the end of 2015, and has been nationally reportable under the Civil Justice Reform Act for a number of years as a case pending more than three years. Clearly, the public interest in the prompt resolution of cases suggests that a stay is inappropriate.

Weighed quantitatively, a stay is not appropriate. Weighed qualitatively, a brief stay is appropriate as such will allow all parties to move forward confident that whatever direction this case is taking it is toward final resolution. Applying newly revised Rule 1 to the quantitative and qualitative conclusions, judicial economy favors the suggested stay and the court will grant the stay pending resolution of the defendant's Rule 23(f) petition despite its firm belief that its certification of the class is well founded.

# ORDER

**IT IS, THEREFORE, ORDERED** that:

(1) defendant's Motion to Stay (#253) is **GRANTED** and this matter is stayed pending resolution of defendant's Rule 23(f) petition;

(2) if the Rule 23(f) petition is granted and the appeal taken up, this stay shall remain in place pending resolution of such appeal; and

(3) if the petition is denied, the stay shall automatically dissolve and the parties shall proceed as instructed previously and as follows: the parties shall file a joint motion within 14 days seeking a scheduling conference with the magistrate judge, as previously instructed and with the goal of prompt resolution of this matter. As a part of any Pretrial Order, the magistrate judge will deeply delve at the conference into methods of amicable resolution of this dispute as the magistrate judges of this district have a track record of creating frameworks for achieving such resolutions in cases eclipsing this matter in both complexity and costs.

Signed: August 11, 2016

Max O. Cogburn Jr
United States District Judge