# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
## Civil Action No.: 3:08-CV-540-MOC-DSC

| | |
|---|---|
| LUANNA SCOTT, et al., **Plaintiffs**, v. FAMILY DOLLAR STORES, INC., **Defendant**. | **ORDER** |

**THIS MATTER** is before the Court on Defendant's "Motion … to Compel Arbitration" (document #275) and the parties' briefs and exhibits.

The Court has carefully considered the parties' arguments and the applicable authorities.

On June 17, 2013, approximately one month after oral argument on class certification before the Fourth Circuit, Defendant began to solicit putative class members to sign agreements opting for arbitration rather than participation as members of the class in this case. Defendant did not disclose its solicitations or the existence of those arbitration agreements to Plaintiffs' counsel or the Court for more than three years. Rather, Defendant elected to litigate the class certification issue in this Court and on appeal to the Fourth Circuit. Defendant moved to compel arbitration only after the Fourth Circuit affirmed this Court's class certification order.

It is well recognized that arbitration can be waived when not sought until after class certification has been fully litigated. See In re: Cox Enterprises, Inc., Set-Top Cable Television Box Antitrust Litigation, 790 F.3d 1112 (10th Cir. 2015); In re Citigroup, Inc., 376 F.3d 23 (1st Cir. 2004); In re: Checking Account Overdraft Litigation, 2016 U.S. Dist. LEXIS 145813 at **29-30; Elliott v. KB Home N.C., Inc., 231 N.C. App. 332, 752 S.E.2d 694 (N.C. Ct. App. 2013), cert.

denied, 135 S. Ct. 494 (2014); Milbourne v. JRK Residential Am., LLC, 2016 U.S. Dist. LEXIS 33603, 2016 WL 1071564 (E.D. Va. Mar. 15, 2016); Kingsbury v. U.S. Greenfiber, LLC, 2012 U.S. Dist. LEXIS 94854, 2012 WL 2775022 (C.D. Cal. June 29, 2012); Edwards v. First Am. Corp., 289 F.R.D. 296 (C.D. Cal. 2012); *Newberg on Class Actions*, Vol. 1, § 1:5, 12-16 (5th ed. 2011).

> The courts' collective guidance is simple: when a defendant has a right to arbitrate it "'must do all it could reasonably have been expected to do to make **the earliest feasible determination** of whether to proceed judicially or by arbitration.'" Because Wachovia choose to try to win the case on the merits by filing dispositive motions and obtaining discovery, all of which were geared primarily to defeating the claims of the class, it cannot now invoke arbitration against the unnamed class members.

In Re: Checking Account, 2016 U.S. Dist. LEXIS 145813 at **27-28 (citing In re Cox, 790 F.3d at 1119-20; emphasis added, quoting Stud & Components, Inc. v. American Eagle Design Build Studios, LLC, 588 F.3d 963, 969 (8th Cir. 2009)). "[A] party must do all it could reasonably have been expected to do to make the earliest feasible determination of whether to proceed judicially or by arbitration." Id.; In re: Cox, 790 F.3d at 1119-1121 (same).

Defendant's decision to fully litigate the class certification issue prior to pursuing arbitration is contrary to "the purpose of arbitration [which is] to reach a full settlement of disputed matters without litigation…." Elliott, 231 N.C. App. at 336 (citing Gemini Drilling & Found., LLC v. National Fire Ins. Co. of Hartford, 192 N.C. App. 376, 383, 665 S.E.2d 505, 509 (2008) (emphasis added; citation omitted).

For those and the other reasons stated in Plaintiff's brief (document #285), Defendant's Motion to Compel Arbitration is denied.

The Clerk is directed to send copies of this Order to the parties' counsel and to the Honorable Max O. Cogburn, Jr.

**SO ORDERED**.

Signed: January 3, 2017

David S. Cayer
United States Magistrate Judge