| | |
|---|---|
| LUANNA SCOTT, et al., | |
| **Plaintiffs,** | **ORDER** |
| v. | |
| FAMILY DOLLAR STORES, INC., | |
| **Defendant.** | |

**THIS MATTER** is before the Court on Defendant's "Motion for Entry of … Proposed Class Notice and Amendment of the Class Certification Order" (document #293), Plaintiffs' "Motion to Adopt … Proposed Opt-Out Notice" (document #295), and the parties' briefs and submissions.

The Court has carefully considered the parties' arguments and the applicable authorities.

On December 15, 2016, the Court entered a "Pretrial Order and Case Management Plan" (document #288) "(the PTO")".  Concerning class notice, the PTO provides:

> **CLASS NOTICE:**  Plaintiffs shall provide a draft notice to Family Dollar no later than **December 20, 2016**.  The parties shall meet and confer regarding Plaintiffs' proposal and will strive to resolve any disagreements without Court involvement. The parties shall jointly submit a proposed notice to the Court for approval no later than **January 20, 2017**.  In the event the parties cannot agree on a proposed notice, by that same date they shall each submit a motion for entry of their respective orders with an accompanying brief.  The Plaintiffs reserve the right to argue that class notice should not be issued prior to completion of mediation.  The parties shall use one of the neutral third-party administrators proposed by Family Dollar to administer the notice.  Plaintiffs shall pay the costs of printing up to five cents per page, the full costs of postage for the first mailing of the class notice, and the costs of postage for resending any returned notices not to exceed $5,000.  Family Dollar shall pay the additional costs of postage and printing to the extent they exceed these limits and the additional costs associated with using the third-party administrator. The parties shall ensure that the approved notice is sent to class members within **thirty (30) days** following the Court's order requiring the issuance of the notice.

Id. at 3 (underline emphasis added). The parties and counsel have complied with this provision of the PTO. Their respective Motions for adoption of competing class notices are ripe for determination.

Fed. R. Civ. P. 23(c)(2)(B) provides that a notice "must [be] clearly and concisely state[d] in plain, easily understood language." Fed. R. Civ. P. 23(c)(2)(B). "The notice should be drafted in such a manner as to make it understandable by the people to whom it is directed." ; 5-23 Moore's Federal Practice - Civil §23.104, 1(b) (2016); see also In Re Deepwater Horizon, 739 F.3d 790, 819 (5th Cir. 2014); Mendoza v. Tucson Sch. Dist., 623 F.2d 1338, 1351 (9th Cir. 1980) (notice should be in lay terms).

Rule 23(c)(2)(B) identifies seven subjects to be included in the notice:

The notice must clearly and concisely state in plain, easily understood language:
(i) the nature of the action;
(ii) the definition of the class certified;
(iii) the class claims, issues, or defenses;
(iv) that a class member may enter an appearance through an attorney if the member so desires;
(v) that the court will exclude from the class any member who requests exclusion;
(vi) the time and manner for requesting exclusion; and
(vii) the binding effect of a class judgment on members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B). Excessive detail and contingencies are to be avoided. "[I]t is not required[] . . . that class members be made cognizant of every material fact that has taken place prior to the notice." In Re Deepwater Horizon, 739 F.3d at 819.

Applying these principles to the parties' proposed notices, the Court finds that Plaintiff's proposed notice complies with the requirements of Rule 23(c)(2)(B). By contrast, Defendant's proposed notice is repetitive and contains extraneous matters beyond the scope contemplated by Rule 23(c)(2)(B) and the PTO.

Defendant's proposed notice includes information about arbitration, despite the Court's denial of Defendant's Motion to Compel Arbitration.  See "Order" (document #303).  Moreover, Defendant's proposed notice would require amendments to the Class Certification Order.  See "Defendant's Proposed Order" (document #293-1) (amending Class Certification Order to remove Rule 23(b)(2) and 23(b)(3) hybrid certification and amending class definition).

For those and the other reasons stated in Plaintiffs' briefs, their "Motion to Adopt … Proposed Opt-Out Notice" (document #295) is granted and Defendant's "Motion for Entry of … Proposed Class Notice and Amendment of the Class Certification Order" (document #293) is denied.

The Clerk is directed to send copies of this Order to the parties' counsel and to the Honorable Max O. Cogburn, Jr.

**SO ORDERED**.

Signed: February 21, 2017

_____
David S. Cayer
United States Magistrate Judge

3