IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| Luanna Scott, Shunderia Garlington, Ruth Bell, Wendy Bevis, Katherine Bracey, Ruby Brady, Marie Alice Brockway, Vickie Clutter, Diane Conaway, Judy Corrow, Traci Davis, Carol Dinolfo, Rebecca Dixon, Pamela Ewalt, Nancy Fehling, Teresa Fleming, Irene Grace, Dorothy Harson, Charlene Hazelton, Shelly Hughes, Christal J. Joslyn, Ada L. Kennedy, Margie A. Little, Carol Martin, Leanne Maxwell, Wanda Mayfield, Doris Moody, Vanessa L. Peeples, Veronica Perry-Preddie, Ruth Ellen Phelps, Sheila Pippin, Lana Radosh, Michelle Rodgers, Vada Rose, Vickey Jo Scrivwer, Linda R. Silva, Nancy Smith, Marie E. Spellissy, Judy Tidrick, Beverly L. Triplett, Debbie Vasquez, Claire White, Bonnie Williams, and Cindy Marie Zimbrich | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Plaintiffs, | ) ) ) |
| | ) |
| Family Dollar Stores, Inc., | ) ) |
| Defendant. | ) |

CASE NUMBER:
3:08-cv-540-MOC-DSC
JURY DEMAND

## PLAINTIFFS' CONSENT MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT

Plaintiffs hereby file this unopposed Motion for Preliminary Approval of Settlement Agreement and respectfully request that the Court enter the parties' proposed Preliminary Approval Order (attached as Exhibit "A" hereto) for the reasons set forth in the accompanying Memorandum Of Law In Support Of Consent Motion For Preliminary Approval Of Settlement Agreement. Specifically, Plaintiffs request that the Court:

1.      Preliminarily approve the Settlement Agreement as being sufficiently fair, reasonable, and adequate, and in the best interests of the parties and in accordance with law, subject to the right of any class member to object to the fairness, reasonableness or adequacy of the

1

Settlement Agreement and to show cause why a final judgment approving the settlement and dismissing this case with prejudice should not be entered following a fairness hearing;

2.      Appoint the Settlement Services, Inc./Garden City Group, Inc. as Settlement Administrator to perform the duties set forth in the Settlement Agreement;

3.      Approve the form of Notice of Settlement attached as Exhibit "B" hereto;

4.      Direct the Settlement Administrator to mail the Notice to all class members in accordance with the terms of the Settlement Agreement;

5.      Stay all other proceedings in the case until further Order of this Court, except as may be necessary to implement the Settlement Agreement; and

6.      Approve the schedule of events and procedures as set forth in the Settlement Agreement (attached as Exhibit "C" hereto) for completing the final approval process; and schedule a final fairness hearing for a date not earlier than 45 days after the Response Deadline (which date will be included in the Notice of Settlement), at which time the Court can consider any objections by class members to the proposed Settlement and such other arguments and facts as may be pertinent to final approval of the settlement.

                          Respectfully submitted,

                          s/Robert L. Wiggins, Jr.
                          Robert L. Wiggins, Jr.
                          rwiggins@wigginschilds..com
                          Ann K. Wiggins
                          awiggins@wigginschilds.com
                          Gregory O. Wiggins
                          gwiggins@wigginschilds.com
                          Rocco Calamusa, Jr.
                          rcalamusa@wigginschilds.com
                          Counsel for the Plaintiffs

OF COUNSEL:
WIGGINS, CHILDS, PANTAZIS, FISHER & GOLDFARB
The Kress Building, 301 19th Street North
Birmingham, Alabama 35203
205/314-0500, 205/254-1500 (facsimile)

2

# CERTIFICATE OF SERVICE

I do hereby certify that I have filed today, November 10, 2017, by CM/ECF the above and foregoing, with copies being served on:

Jason C. Schwartz
Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: 202/955-8242
Fax: 202/530-9522
jschwartz@gibsondunn.com

John R. Wester
David C. Wright, III
Adam K. Doerr
Amanda R. Pickens
ROBINSON BRADSHAW & HINSON, PA
101 North Tryon Street, Suite 1900
Charlotte, NC 28246
jwester@robinsonbradshaw.com
dwight@robinsonbradshaw.com
adoerr@robinsonbradshaw.com

Ryan C. Stewart
Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue N.W.
Washington, D.C. 20036-5306
Telephone: 202/955-8230
Fax: 202/831-6012
rstewart@gibsondunn.com

Michele L. Maryott
Gibson, Dunn & Crutcher LLP
3161 Michelson Drive
Irvine, California 92612-4412
Telephone: 949/451-3945
Fax: 949/475-4668
mmaryott@gibsondunn.com

Theane Evangelis
Gibson, Dunn & Crutcher LLP
333 South Grand Avenue
Los Angeles, California 90071-3197
Telephone: 213/229-7726
Fax: 213/229-6726
tevangelis@gibsondunn.com

/s/Robert L. Wiggins, Jr.
OF COUNSEL

3

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

Luanna Scott, Shunderia Garlington,      )
Ruth Bell, Wendy Bevis, Katherine Bracey, )
Ruby Brady, Marie Alice Brockway,         )
Vickie Clutter, Diane Conaway, Judy Corrow, )
Traci Davis, Carol Dinolfo, Rebecca Dixon, )
Pamela Ewalt, Nancy Fehling, Teresa Fleming, )
Irene Grace, Dorothy Harson, Charlene Hazelton, )
Shelly Hughes, Christal J. Joslyn, Ada L. Kennedy, )
Margie A. Little, Carol Martin, Leanne Maxwell, )
Wanda Mayfield, Doris Moody, Vanessa L.   )
Peeples, Veronica Perry-Preddie, Ruth Ellen )
Phelps, Sheila Pippin, Lana Radosh, Michelle )
Rodgers, Vada Rose, Vickey Jo Scrivwer,   )
Linda R. Silva, Nancy Smith, Marie E. Spellissy, )
Judy Tidrick, Beverly L. Triplett, Debbie Vasquez, )
Claire White, Bonnie Williams, and Cindy Marie )
Zimbrich                                   )
                                           )
            Plaintiffs,                    )      CASE NUMBER:
                                           )      3:08-cv-540-MOC-DSC
                                           )      JURY DEMAND
Family Dollar Stores, Inc.,                )
                                           )
            Defendant.                     )

### [PROPOSED] ORDER GRANTING PLAINTIFFS'
### CONSENT MOTION FOR PRELIMINARY
### APPROVAL OF SETTLEMENT

Currently before the Court is Plaintiffs' Consent Motion For Preliminary Approval of Settlement

Agreement. Having considered the Motion, including the Joint Stipulation of Class Action Settlement

and Release ("Settlement Agreement" or "Settlement"), Notice of Class Action Settlement ("Class

Notice" or "Notice"), and related materials, as well as the periodic joint status reports filed by the

Parties and based on the Court's long-standing knowledge and familiarity with this case, and

**GOOD CAUSE** appearing, **IT IS HEREBY ORDERED** that the Motion is **GRANTED**, subject

to the following findings and orders:

1.    The Court preliminarily approves the Settlement Agreement (which is hereby

1

incorporated by reference) as being sufficiently fair, reasonable, and adequate, and in the best interests of the parties and in accordance with law, subject to the right of any class member to challenge the fairness, reasonableness or adequacy of the Settlement Agreement and to show cause why a final judgment dismissing this case with prejudice should not be entered following a fairness hearing. Specifically, it appears to the Court, on a preliminary basis, that the Settlement is fair and reasonable to Class Members when balanced against the probable outcome of further litigation, liability and damages issues, and the potential appeal of any rulings. It further appears that the settlement terms, including but not limited to the monetary terms and non-monetary terms as set forth in the Settlement Agreement, confer substantial benefits upon the Class, particularly in light of the damages that Plaintiffs and their counsel believe are potentially recoverable or provable at trial, without the costs, uncertainties, delays, and other risks associated with continued litigation, trial, and/or appeal. It also appears that the proposed Settlement has been reached as the result of intensive, informed, and non-collusive negotiations between the Parties, including arms'-length negotiations that occurred over a two-day, in-person mediation session with an experienced class action mediator (Mark S. Rudy) that ultimately led to the Parties' acceptance of a mediator's proposal. Based on the Court's review of the papers submitted in support of preliminary approval, and the Court's familiarity with the issues in the case, the Court concludes that the proposed Settlement Agreement has no obvious defects and is within the range of possible settlements appropriate for approval such that notice to the Class is appropriate.

2. The rights of any potential dissenters to the proposed Settlement are adequately protected in that they may exclude themselves from the Settlement and proceed with any alleged claims they may have against Family Dollar, or they may object to the Settlement and appear before this Court. However, to do so they must follow the procedures outlined in the Settlement Agreement and Class Notice. Failure to follow the procedures outlined in the Settlement Agreement and Class

2

Notice for making objections shall result in waiver and the objector shall be forever foreclosed from challenging any of the terms of the Settlement.

3.     The Court approves the proposed form of Notice of Settlement attached as Exhibit B to the Plaintiffs' Consent Motion. The Notice fairly, plainly, accurately, and reasonably informs Class Members of, and allows Class Members a full and fair opportunity to consider, among other things: (1) the nature of the action; (2) the identities of Class Counsel and the Class Representatives; (3) the terms and provisions of the proposed Settlement; (4) the relief to which the members of each class will be entitled, including summaries of the programmatic relief and the method for calculating payments; (5) the process by which Class Members will receive Individual Settlement Payments if the settlement is approved; (6) how administrative costs and potential attorneys' fees and service payments will be handled; (7) the procedures and deadlines for submitting objections and/or requests for exclusion; and (8) the date, time, and place of the Final Approval Hearing. Accordingly, the Court directs the parties to have the Settlement Administrator mail the Notice document to the class members in accordance with the terms of the Settlement Agreement.

4.     The Court appoints the settlement administration firm of Settlement Services, Inc./Garden City Group, Inc. as the Settlement Administrator to perform the duties set forth in the Settlement Agreement.

5.     All proceedings in the case remain STAYED until further Order of this Court, except as may be necessary to implement the Settlement Agreement.

6.     The Court approves the schedule of events and procedures as set forth in the Settlement Agreement for completing the final approval process.

7.     Based on the Court's review of the parties' Joint Motion, the Court hereby schedules a Final Approval Hearing for _____ AM, on _____, 2017, at the United States District Court for the Western District of North Carolina, 401 West Trade Street, Charlotte, NC 28202, to determine

3

whether the settlement of the Action pursuant to the terms and conditions of the Settlement Agreement should be finally approved as fair, reasonable, and adequate pursuant to Fed. R. Civ. P. 23(e). The Court will also rule on Class Counsel's application for an award of attorneys' fees, costs, and expenses and service awards for Named Plaintiffs and Class Representatives (the "Fee and Service Application") at that time.

8.      The Court expressly reserves the right to continue or adjourn the final approval hearing from time to time without further notice to the Class Members.


SO ORDERED.

Signed: _____, 2017



_____
Max O. Cogburn, Jr.
United States District Judge

4

# EXHIBIT B

<u>Notice of Class Action Settlement</u>

> ## NOTICE OF PROPOSED CLASS ACTION SETTLEMENT AND FINAL APPROVAL HEARING

*Luanna Scott, et al. v. Family Dollar Stores, Inc.*
**United States District Court for the Western District of North Carolina**
**Case No. 3:08-cv-540-MOC-DSC**

> **TO:** **ALL FEMALE EMPLOYEES WHO WERE EMPLOYED BY FAMILY DOLLAR STORES, INC. AS A STORE MANAGER AT ANY TIME FROM JULY 2, 2002 THROUGH [PRELIMINARY APPROVAL DATE].**

PLEASE READ THIS NOTICE CAREFULLY. YOUR RIGHTS MAY BE AFFECTED.

YOU MAY BE ENTITLED TO RECEIVE MONEY FROM A PROPOSED SETTLEMENT.

*This notice is court approved. This is not a solicitation from a lawyer.*

A proposed settlement has been reached to resolve claims that Family Dollar Stores, Inc. ("Family Dollar") discriminated against female Store Managers in salaries and other compensation paid during the period from July 2, 2002 through [preliminary approval date]. The settlement avoids the costs and risks to you from continuing the lawsuit, pays money to female Store Managers like you, and releases Family Dollar from liability.

The settlement creates a total settlement fund of forty-five million dollars ($45,000,000), which will be used to make individual settlement payments to female Store Managers, and to pay service awards to the Class Representatives and Named Plaintiffs, attorneys' fees and costs, settlement administration costs, any applicable taxes, and any other claimed damages.

The Court has not decided whether Family Dollar did anything wrong, and Family Dollar contends that it has at all times treated all employees fairly with regard to salaries and other compensation, regardless of sex.

Court-appointed lawyers for female Store Managers will ask the Court to award them attorneys' fees of up to fifteen million dollars ($15,000,000) and reasonable expenses of one million dollars ($1,000,000) for investigating the facts, litigating the case on behalf of the Class for the past fifteen years, negotiating the settlement, and handling all post-settlement disputes and proceedings.

You and all other Class Members will be treated equally in the distribution of the total amount of money to be paid to the class. All Class Members' amounts will be based on the number of weeks you worked as a Store Manager at Family Dollar between July 2, 2002 and [preliminary approval date] (the "Class Period"):

1

- All participating Class Members will receive two (2) points per each week worked from July 2, 2002 through December 31, 2006. All participating Class Members will receive one and a half (1.5) points per each week worked from January 1, 2007 through December 31, 2014. All participating Class Members will receive one (1) point for each week worked from January 1, 2015 through [preliminary approval date]. The value of each individual point will be determined by dividing the Net Settlement Amount by the total points attributed to all participating Class Members, resulting in the "Point Value." Each participating Class Member's Individual Settlement Payment will be calculated by multiplying each participating Class Member's total number of points by the Point Value.

- The Individual Settlement Payment will be reduced by any required tax withholdings or deductions.

- The entire Net Settlement Amount will be disbursed to all Class Members who do not submit timely and valid Requests for Exclusion.

Family Dollar's records indicate that you worked as a Store Manager at Family Dollar for [XX] weeks during the Class Period. If you believe you worked a greater number of weeks than that, you have the right to present that claim to the Settlement Administrator for determination according to company records and any proof you want to be considered.

The Settlement also includes Family Dollar's agreement to perform a systematic review of its process for setting starting salaries for Store Managers in consultation with experts in the fields of labor economics and industrial/organizational psychology. Family Dollar may make salary adjustments, if any, to the pay of certain incumbent female Store Managers as it deems necessary and appropriate under the terms of the Settlement Agreement.

| SUMMARY OF YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **DO NOTHING** | Get individual settlement payment. Give up rights to sue Family Dollar separately about the same legal claims asserted in this lawsuit. |
| **ASK TO BE EXCLUDED** | Get no payment. Keep rights to sue Family Dollar separately about the same legal claims asserted in this lawsuit. |
| **OBJECT TO APPROVAL** | Complete the objection form attached to this Notice if you contend the settlement should not be approved. You do not have to file such form to be included in the settlement payments. |
| **GO TO A HEARING** | Ask to speak in Court if you contend the settlement should not be approved. |

These rights and options—**and the deadlines to exercise them**—are explained in this notice.

2

The Court in charge of this lawsuit still has to decide whether to approve the settlement. Payments will be made if the Court approves the settlement and after any appeals are resolved. Please be patient.

| 1. | Why did I receive this notice? |

You received this notice because a proposed settlement has been reached in a class action lawsuit known as *Luanna Scott, et al. v. Family Dollar Stores, Inc.*, currently pending in the United States District Court for the Western District of North Carolina, Case No. 3:08-cv-540-MOC-DSC (the "Lawsuit").

You have been sent this notice so that you will be aware of your rights as a member of the class of women who have been a Store Manager for Family Dollar for at least one day since July 2, 2002 through [preliminary approval date] (the "Class" or "Class Members").

| 2. | What is this Lawsuit about? |

In this Lawsuit, Plaintiffs Luanna Scott, *et al.* ("Plaintiffs" or "Named Plaintiffs") claim that Family Dollar discriminated against female employees by paying them less than they should have been paid as Store Managers in violation of Title VII of the Civil Rights Act of 1964 and the Equal Pay Act.

Family Dollar vigorously denies the allegations in the Lawsuit and contends that it has treated all employees fairly with regard to salaries and other compensation at all times, regardless of sex.

| 3. | What is a class action? |

A class action is a lawsuit brought on behalf of a large group of people who have, or may have, similar claims to damages or other relief. A class action allows the Court to resolve the claims of all the class members at the same time. A class member who does not exclude herself is bound by the determination or judgment entered in the case, whether the class wins or loses, and may not file her own lawsuit on the same claims that were decided in the class action.

| 4. | Why is this case a class action? |

The Court has decided that this lawsuit can proceed as a class action because it meets the requirements of Federal Rule of Civil Procedure 23, which governs class actions in federal courts. Specifically, the Court found that:

- The number of women who are or were employed by Family Dollar as Store Managers is so numerous as to make joinder of all members of the Class impracticable;

- There are legal questions and facts that are common to each member of the Class;

3

- Luanna Scott's and the other Named Plaintiffs' claims are typical of the claims of the rest of the Class;

- Named Plaintiffs Luanna Scott, Diane Conaway, Dorothy Harson, Carol Dinolfo, Charlene Hazelton Carrizales, Ruby Brady, Shelly Hughes, Teresa Fleming, and Nancy Fehling (the "Class Representatives") and the lawyers representing the Class will fairly and adequately represent the Class's interests;

- The common legal questions and facts are more important than questions that affect only individuals; and

- This class action will be more efficient than having many individual lawsuits.

The Court has appointed Settlement Services, Inc./Garden City Group, Inc. as Settlement Administrator. More information about why the Court is allowing this lawsuit to proceed as a class action is in the Court's order certifying the class, which is available on Class Counsel's website: www.familydollarsettlement.com.

| 5. | What are the terms of the proposed settlement? |
|---|---|

Judge Max O. Cogburn of the United States District Court for the Western District of North Carolina has preliminarily approved the proposed settlement of this Lawsuit.

The proposed settlement represents a compromise of highly disputed claims. Nothing in the proposed settlement is intended or will be construed as an admission by Family Dollar that the claims in the Lawsuit are appropriately brought as a class action, that the claims have merit, or that Family Dollar has any liability to Plaintiffs or the Class on those claims. The Court has made no ruling on the merits of the Lawsuit.

The Parties have agreed to settle the Lawsuit for a total of forty-five million dollars ($45,000,000) ("Total Settlement Fund"). The Total Settlement Fund is the total amount of money Family Dollar will pay under the proposed settlement for the full satisfaction of all claims, which includes all payments to participating Class Members, Class Counsel's attorneys' fees and costs (in an amount to be determined by the Court), any service fees awarded by the Court to the Class Representatives and Named Plaintiffs, the costs of settlement administration, any employee and employer payroll taxes required by law, and any other claimed damages.

The money to be distributed after the payment of Class Counsel's attorneys' fees and costs, any Class Representative and Named Plaintiff service awards, and the costs of settlement administration is referred to as the "Net Settlement Amount."

The Settlement Agreement also requires Family Dollar to undertake a systematic review of its process for setting Store Managers' salaries in consultation with experts in the fields of labor economics and industrial/organizational psychology. Part of this review will be based on a validation study of the criteria used to set Store Manager starting salaries. Based on such validation study, Family Dollar will implement pay policy adjustments as necessary and appropriate within 120 days of the effective date of the Settlement Agreement. Among other

4

changes, the revised Pay Policy will provide that exceptions be reviewed on an individual basis by a designated representative or team, including responsible HR management. Prior to implementing a revised pay policy for Store Managers, Family Dollar will make it available to Class Counsel on a confidential basis for review and provide Class Counsel with certification from a qualified expert that the pay policy, as revised, has been validated according to professional standards.

Family Dollar is also required to review the salary levels for incumbent female Store Managers based on factors which impact individual pay including, but not limited to, those identified by the parties' respective expert witnesses. Based on such review, Family Dollar may make salary adjustments to the pay of incumbent female Store Managers as it deems necessary and appropriate. Class Counsel will be provided sufficient information to allow them to review and understand the methodology used in allocating any such adjustments. Within thirty (30) calendar days of Family Dollar's implementation of the revised pay policy, the parties shall submit a joint filing notifying the Court that the programmatic relief terms of the agreement have been completed.

| 6. | How do I participate in the settlement and get a payment? |
|----|---|

Do nothing. By doing nothing you automatically stay part of the Settlement Class and will receive an Individual Settlement Payment based on your number of weeks of employment as a Store Manager at Family Dollar between July 2, 2002 to [preliminary approval date].

| 7. | How do I exclude myself from the settlement? |
|----|---|

To ask to be excluded from the settlement, you must submit a letter requesting to opt out of the lawsuit and fax or mail it postmarked by [30-day deadline from date mailed] (the "Response Deadline") to:

> Settlement Services, Inc.
> Post Office Box 11068
> Tallahassee, Florida 32302-3068
> Toll Free: (855) 978-3881
> Fax: (850) 385-6008

This letter requesting exclusion must be personally signed by you and: (a) set forth your name, address, telephone number, and last four digits of the Social Security Number; (b) be returned to the Settlement Administrator; (c) clearly state that you do not wish to be included in or receive payment from the settlement; and (d) be faxed or postmarked on or before the Response Deadline.

**DO NOT SIGN OR SEND IN SUCH A LETTER IF YOU WANT TO RECEIVE YOUR SHARE OF THE MONEY BEING PAID AS PART OF THIS SETTLEMENT. A LETTER EXCLUDING YOURSELF IS NOT REQUIRED IF YOU WANT TO BE INCLUDED IN SUCH PAYMENTS.**

If you exclude yourself from the settlement—which also means to remove yourself from the lawsuit, and is sometimes called "opting-out" of the lawsuit—you won't get any payment from the settlement and cannot object to its terms. However, you may then be able to sue or continue to participate in any other pending separate proceeding you have against Family Dollar about the same legal claims that have been asserted in this Lawsuit.

| 8. | What do I do if I want to be paid as part of the Settlement but want to present an objection on some other basis? |
|---|---|

If you want to stay in the case and be paid as part of the settlement but present an objection on some other basis, you have the right to do so by filing your objection for consideration by the Court. In that event, however, you should not file a letter requesting to be excluded from the case or the settlement. You should only file an objection.

| 9. | How do I object to the settlement? |
|---|---|

If you do not exclude yourself from the settlement, you can object to any of the terms of the settlement before the Final Approval Hearing. You are not required to object if you simply want to receive your share of the money being paid in the Settlement of this case.

Failure to take the steps below will be deemed a waiver of your objections. If the Court rejects your objection, you will still be bound by the terms of the settlement and the release, but you will also receive a payment as if you had not objected.

To object, you must fill out the attached Objection Form and mail it to the following address by [30-day deadline from date mailed]:

> Settlement Services, Inc.
> Post Office Box 11068
> Tallahassee, Florida 32302-3068
> Toll Free: (855) 978-3881
> Fax: (850) 385-6008

You must state in such objection whether or not you intend to appear at the Final Approval Hearing at the United States District Court for the Western District of North Carolina in Charlotte, N.C.

You must state each specific reason for your objection. Your notice of objection must be personally signed by you and include: (a) your full name, signature, address, and telephone number; (b) a written statement of all grounds for the objection accompanied by any legal support for such objection; (c) copies of any papers, briefs, or other documents upon which the objection is based; and (d) a statement whether you intend to appear at the Final Approval Hearing. You will then have the right to address the Court at the Final Approval Hearing. You

6

may appear personally at the Final Approval Hearing, or through your own counsel, paid for at your own expense.

**IF YOU DO NOT TIMELY MAIL YOUR OBJECTION, YOU WILL BE DEEMED TO HAVE WAIVED ALL OBJECTIONS AND WILL NOT BE ENTITLED TO SPEAK AT THE FINAL APPROVAL HEARING.**

| 10. | What is the Final Approval Hearing? |
|---|---|

The Court has preliminarily approved the proposed settlement and will hold a hearing to decide whether to give final approval to the settlement. The purpose of the Final Approval Hearing will be for the Court to determine whether the settlement should be approved as fair, reasonable, adequate, and in the best interests of the Class; to consider the award of attorneys' fees and expenses to Class Counsel; and to consider the request for service awards to the Class Representatives and Named Plaintiffs.

| 11. | When and where is the Final Approval Hearing? |
|---|---|

The Court will hold the Final Approval Hearing on _____, 2017 at ____ a.m. in Courtroom [X] of the United States District Court for the Western District of North Carolina, which is located at 401 West Trade Street, Charlotte, NC 28202.

The Final Approval Hearing may be continued (i.e., postponed and rescheduled) without further notice to the Class Members. It is not necessary for you to appear at the Final Approval Hearing. However, you have the right to attend the Final Approval Hearing. If you plan to attend the Final Approval Hearing, you may contact Class Counsel to confirm the date and time. If the settlement is not approved by the Court or does not become final for some reason, the Lawsuit may continue.

| 12. | May I speak at the Final Approval Hearing? |
|---|---|

At the Final Approval Hearing, the Court will be available to hear any objections and arguments concerning the proposed settlement. You may attend, but you do not have to attend. You or your counsel may speak at the Final Approval Hearing only if (a) you have timely served and filed an objection, and (b) you have followed the procedures set forth in Section 9 above for notifying the Court and the parties that you intend to speak at the Final Approval Hearing.

If you have requested exclusion from the settlement, however, you may not speak at the Final Approval Hearing.

**13.    Do I have a lawyer in this case?**

The Court has decided that the law firm of Wiggins, Childs, Pantazis, Fisher & Goldfarb of Birmingham, Alabama is qualified to represent you and all other Class Members as Class Counsel. They are experienced in handling similar cases against other employers.  The lawyers in that firm who are representing the class are:  Robert L. Wiggins, Jr., Ann K. Wiggins, Gregory O. Wiggins, and Rocco Calamusa, Jr.

These attorneys may be reached at the following address, telephone number, and e-mail address:

> Wiggins, Childs, Pantazis, Fisher & Goldfarb
> The Kress Building, 301 19th Street North
> Birmingham, Alabama 35203
> Telephone:   [[**Insert Special Phone Number**]]
> E-mail: info@familydollarsettlement.com

**14.    Will the Class Representatives be compensated for bringing this Lawsuit?**

The Class Representatives will request a service award of up to ten thousand dollars ($10,000) each for their service as Class Representatives and for their efforts in bringing the Lawsuit.  The remaining Named Plaintiffs will request a service award of up to five thousand dollars ($5,000) each.   The Court will make the final decision as to any amount to be paid to the Class Representatives and Named Plaintiffs for their service.

**15.    How does the settlement affect my rights?**

If the settlement is approved, the Court will enter a Final Order and Judgment dismissing the Lawsuit "with prejudice" (i.e., the Lawsuit cannot be filed again).

**You will release the following claims ("Released Claims") and will be barred from prosecuting any and all such claims (i.e., you cannot sue, continue to sue, or be part of any other lawsuit  about the Released Claims) against Family Dollar:**

- All claims, judgments, liens, losses, debts, rights, liabilities, demands, guarantees, penalties, costs, expenses, attorneys' fees, damages, indemnities, actions, suits, complaints, petitions, causes of action, and obligations of every kind and nature in law, equity or otherwise, known or unknown, suspected or unsuspected, disclosed or undisclosed, contingent or accrued, from the beginning of time through the effective date of the settlement, based upon, arising out of, or related to the same facts, transactions, occurrences, events, disclosures, statements, acts, omissions, or failures to act which were or could have been alleged in this Lawsuit or in any similar lawsuits based upon similar alleged facts.

8

- All requests for injunctive relief, requests for equitable relief, and requests for monetary relief of whatever nature, including, but not limited to, all claims for back pay, front pay, or other make whole relief, for liquidated, compensatory, or punitive damages, and for attorneys' fees and costs arising out of or relating to the causes of action asserted or which could have been asserted in this Lawsuit.

- Any and all claims, known or unknown, for alleged gender-based discrimination in pay and/or other compensation or retaliation for complaints about gender-based discrimination in pay and/or other compensation, claims for employee benefits or claims for losses caused by any unpaid wages or compensation due to gender-based discrimination, or complaints about gender-based discrimination in pay and/or other compensation, including but not limited to, claims of alleged employment discrimination or benefits claims whether arising under Title VII of the Civil Rights Act of 1964, as amended (Title VII), the Equal Pay Act, the Employee Retirement Income Security Act of 1974 (ERISA) (except for vested benefits otherwise entitled), and/or any other federal, state, or local statutes, common law, or regulations.

**In addition, with respect only to the Released Claims discussed above, you expressly waive and relinquish, to the fullest extent permitted by law, all rights and benefits afforded by Section 1542 of the California Civil Code and any similar provisions of law. Section 1542 provides:**

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

The Court's Final Order and Judgment approving this settlement will resolve the Released Claims to the extent provided in the settlement agreement. If you do not request exclusion, you will remain bound by the settlement, and you cannot sue, continue to sue, or be part of any other lawsuit about the Released Claims. Instead, you will be required to take all steps necessary to effectuate the dismissal with prejudice of any pending administrative charge or lawsuit involving the Released Claims. It also means that all of the Court's orders will apply to you and legally bind you.

## 16. Are more details available?

You may view a copy of the proposed settlement agreement, the Court's Preliminary Approval Order, Class Counsel's application for attorneys' fees and costs, the operative First Amended Complaint filed in the Lawsuit, and other filed documents related to the Lawsuit and this settlement at the Clerk's office at the United States District Court for the Western District of North Carolina during normal business hours or via the Public Access to Court Electronic Records (PACER) system at www.pacer.gov.

9

**IF YOU NEED MORE INFORMATION OR HAVE ANY QUESTIONS**, you may contact the Settlement Administrator at the address and telephone number listed above in Section 7. Please refer to the *Luanna Scott, et al. v. Family Dollar Stores, Inc.* Class Action Settlement.

You may view a copy of the Settlement Agreement and this notice on Class Counsel's website at www.familydollarsettlement.com.

You may also contact Class Counsel, whose names and contact information are listed above in Section 13.

Please do not call the Court.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

Luanna Scott, et al.,                    )
                                         )
    Plaintiffs,       )        CASE NUMBER:
                                         )        3:08-cv-540-MOC-DSC
                                         )
                                         )        JURY DEMAND
Family Dollar Stores, Inc.,              )
                                         )
    Defendant.        )

## OBJECTION TO APPROVAL OF SETTLEMENT

I object to the proposed settlement for the following reason(s)(attach more pages if needed):

_____

_____

_____

_____

I am attaching the documents that I believe support my objection. _____ YES _____ NO

I plan to attend and speak at the Court hearing on _____. ____ YES ___ NO

I understand if the Court approves the settlement, I will still receive payment as if I had not objected and I will be bound by the terms of the settlement.

_____
Signature (required)

_____
Name (Print)

ADDRESS: _____

_____

EMAIL: _____

PHONE NUMBER(S): _____

_____

_____
DATE

# EXHIBIT C

**JOINT STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE**

This Joint Stipulation of Class Action Settlement and Release ("Settlement" or "Settlement Agreement") is made and entered into by and between Plaintiffs Luana Scott, Shunderia Garlington, Ruth Bell, Wendy Bevis, Katherine Bracey, Ruby Brady, Marie Alice Brockway, Vickie Clutter, Diane Conaway, Judy Corrow, Traci Davis, Carol Dinolfo, Rebecca Dixon, Pamela Ewalt, Nancy Fehling, Teresa Fleming, Irene Grace, Dorothy Harson, Charlene Hazelton, Shelly Hughes, Christal J. Joslyn, Ada L. Kennedy, Margie A. Little, Carol Martin, Leanne Maxwell, Wanda Mayfield, Doris Moody, Vanessa L. Peeples, Veronica Perry-Preddie, Ruth Ellen Phelps, Sheila Pippin, Lana Radosh, Michelle Rodgers, Vada Rose, Vickey Jo Scrivwer, Linda R. Silva, Nancy Smith, Marie E. Spellissy, Judy Tidrick, Beverly L. Triplett, Debbie Vasquez, Claire White, Bonnie Williams, and Cindy Marie Zimbrich (collectively "Named Plaintiffs"), as individuals and on behalf of the Class as defined below, and Defendant Family Dollar Stores, Inc. ("Family Dollar") (collectively with Named Plaintiffs, the "Parties").

## DEFINITIONS

The following definitions are applicable to this Settlement Agreement. Definitions contained elsewhere in this Settlement Agreement will also be effective.

1.  "Action" means the action against Family Dollar entitled *Luanna Scott, et al. v. Family Dollar Stores, Inc.*, Case No. 3:08-cv-00540-MOC-DSC (W.D.N.C.).

2.  "Attorneys' Fees and Costs" means attorneys' fees approved by the Court for Class Counsel's litigation and resolution of the Action, and all reasonable costs incurred and to be incurred by Class Counsel in the Action and approved by the Court for reimbursement.

3.  "Class Counsel" means the law firm of WIGGINS, CHILDS, PANTAZIS, FISHER & GOLDFARB.

4.  "Local Counsel" means the law firm of GREG JONES & ASSOCIATES. P.A.

5.  "Counsel for Family Dollar" means the law firms of GIBSON, DUNN & CRUTCHER LLP and ROBINSON, BRADSHAW & HINSON, P.A.

1

6.  "Class List" means a complete list of all Class Members that Family Dollar will diligently and in good faith compile from its records and provide to the Settlement Administrator within thirty (30) calendar days after Preliminary Approval. The Class List will be formatted in Microsoft Office Excel and will include each Class Member's full name; most recent mailing address and telephone number, if any, on file with Family Dollar and readily available; Social Security number; and the respective dates of service that each Class Member worked as a Store Manager during the Class Period. The Class List shall include all female employees who are listed in Family Dollar's electronic records as having held one of the following job codes during the Class Period: Store Manager.1.98.200, Training Store Manager.1.98.230, Store Manager (Hourly).1.98.222, District Training Manager.1.98.244, Holding Store Manager.1.98.299, Hourly Training Store Manager.1.98.247, Hourly Dist Training Manager.1.98.250, Store Manager (Salaried), and/or Store Manager (Hourly).

7.  "Class Members" or "Class" means "All female employees employed by Family Dollar as a Store Manager during the period, in whole or in part, from July 2, 2002 forward," as defined in the Court's class certification order dated June 24, 2016 (Dkt. 252), through the close of the Class Period.

8.  "Class Period" means the period from July 2, 2002 through the date on which the Court grants Preliminary Approval of the Settlement.

9.  "Class Representatives" means the following individuals: Luana Scott, Diane Conaway, Dorothy Harson, Carol Dinolfo, Charlene Hazelton Carrizales, Ruby Brady, Shelly Hughes, Teresa Fleming, and Nancy Fehling.

10. "Court" means the United States District Court for the Western District of North Carolina.

11. "Effective Date" means the first day after all of the following have occurred: (i) the Court enters the Final Approval Order and Judgment; and (ii) the date on which time for filing or noticing any appeal of the Final Approval Order and Judgment has expired with no appeal or any other judicial review having been taken or sought or, if an appeal or appeals of the Final Approval

2

Order and Judgment are filed, the date by which the final resolution of such appeal(s) have occurred, provided that the Settlement is ultimately approved.

12. "Final Approval Order and Judgment" means the final order to be entered by the Court that grants final approval of this Settlement and enters judgment dismissing the Action with prejudice (subject to the provisions regarding Continued Jurisdiction in paragraph 42) and that: (i) conforms to this Settlement Agreement, (ii) approves the Settlement and the Settlement Agreement as fair, adequate, and reasonable, (iii) issues such other determinations as the Court or the Parties deem necessary and appropriate in order to approve the Settlement and implement the Settlement Agreement.

13. "Individual Settlement Payment" means each Participating Class Member's respective share of the Net Settlement Value.

14. "Net Settlement Value" means the portion of the Total Class Settlement Amount remaining after deducting the Attorneys' Fees and Costs, the Service Awards to Named Plaintiffs and Class Representatives, Settlement Administration Costs, and any employer share of the payroll taxes required by law, including the employer FICA, FUTA, and SDI contributions.

15. "Notice of Objection" means a Class Member's valid and timely written objection to the Settlement Agreement. For the Notice of Objection to be valid, it must include: (i) the objector's full name, signature, address, and telephone number, (ii) a written statement of all grounds for the objection accompanied by any legal support for such objection; (iii) copies of any papers, briefs, or other documents upon which the objection is based; and (iv) a statement whether the objector intends to appear at the Final Approval Hearing.

16. "Notice" means the Notice of Class Action Settlement, including an opt-out form, substantially in the form attached as **Exhibit A.**

17. "Participating Class Members" means all Class Members who do not submit Requests for Exclusion.

3

18.  "Preliminary Approval" means a Court order granting preliminary approval of the Settlement Agreement. A proposed Preliminary Approval order will be submitted to the Court and is attached as **Exhibit B.**

19.  "Request for Exclusion" means a valid and timely opt-out form, which is to be provided as part of the Notice and submitted by a Class Member requesting to be excluded from the Settlement.

20.  "Response Deadline" means the deadline by which Class Members must mail to the Settlement Administrator Requests for Exclusion, or file Notices of Objection with the Court. The date on the postmark will be the conclusive date of the mailing of the Notice. The Response Deadline will be thirty (30) calendar days from the initial mailing of the Notice by the Settlement Administrator, unless the 30th day falls on a Sunday or federal holiday, in which case the Response Deadline will be extended to the next day on which the U.S. Postal Service is open.

21.  "Service Award" means the amount to be paid to each Named Plaintiff in recognition of her effort and work in prosecuting the Action on behalf of Class Members, and for her general release of claims. The Service Award is in addition to each Named Plaintiff's Individual Settlement Payment.

22.  "Settlement Administration Costs" means the costs payable from the Total Class Settlement Amount to the Settlement Administrator for administering this Settlement, including, but not limited to, printing, distributing, and tracking documents for this Settlement, issuing Form 1099 and Form W-2s, tax reporting, sending Class Action Fairness Act notices, distributing the Total Class Settlement Amount, and providing necessary reports and declarations, as requested by the Parties. The Settlement Administration Costs will be paid from the Total Class Settlement Amount.

23.  "Settlement Administrator" means Settlement Services, Inc./Garden City Group, Inc., or any other third-party class action settlement administrator agreed to by the Parties and approved by the Court for the purposes of administering this Settlement. The Parties and their counsel each represent that they do not have any financial interest in the Settlement Administrator or otherwise have a relationship with the Settlement Administrator that could create a conflict of interest.

4

**TERMS OF AGREEMENT**

24.     Settlement. The Parties and their Counsel believe that the interests of all concerned are best served by compromise and settlement and have determined that the terms of this Agreement are fair, reasonable, adequate and in the Parties' mutual best interests. Family Dollar does not waive, and instead expressly reserves, its right to challenge the propriety of class certification or collective treatment for any purposes should the Court not approve this Settlement Agreement or not enter a Final Approval Order and Judgment.

25.     Total Class Settlement Amount. In full satisfaction of all Released Claims, Family Dollar shall pay the total sum of Forty-Five Million Dollars ($45,000,000) ("Total Class Settlement Amount"), which includes all of the following: (a) Individual Settlement Payments; (b) the Service Awards to Named Plaintiffs and Class Representatives; (c) Attorneys' Fees and Costs; (d) Settlement Administration Costs, and (e) any employer payroll taxes required by law, including the employer FICA, FUTA, and SDI contributions. In no event will Family Dollar be liable for more than the Total Class Settlement Amount. Neither the Court nor the Settlement Administrator shall have any power to increase the Total Class Settlement Amount.

26.     Preliminary Approval Hearing. Within thirty (30) calendar days of the Parties' execution of this agreement, the Named Plaintiffs will file a motion for Preliminary Approval and request a hearing before the Court to seek Preliminary Approval, and the entry of a Preliminary Approval Order: (i) granting Preliminary Approval of the proposed Settlement Agreement, (ii) providing for the Notice to be sent to all Class Members, and (iii) setting a date for a hearing to determine whether to grant final approval of the Settlement ("Final Approval Hearing"). In conjunction with the Preliminary Approval hearing, Plaintiff will submit this Settlement Agreement, which sets forth the terms of this Settlement, and will include the proposed Notice of Class Action Settlement, attached as **Exhibit A,** as well as the proposed Order Granting Motion for Preliminary Approval of Class Action Settlement, attached as **Exhibit B**. Class Counsel will be responsible for drafting all documents necessary to obtain preliminary approval, subject to

5

approval by Family Dollar. Family Dollar agrees not to challenge or otherwise oppose the Motion for Preliminary Approval.

27. Notifications to Appropriate Federal and State Officials. No later than ten (10) calendar days after the proposed Settlement is filed in Court, the Settlement Administrator shall serve upon the appropriate State official of each State in which a class member resides and the appropriate Federal official, a notice of the proposed settlement consistent with the requirements of 28 U.S.C. § 1715.

28. Posting of Settlement Agreement and Notice on Class Counsel's Website. Within ten (10) calendar days of entry of the Preliminary Approval Order, Class Counsel shall post the Settlement Agreement and Notice to their website.

29. Delivery of the Class List. Within thirty (30) calendar days of Preliminary Approval, Family Dollar will provide the Class List to the Settlement Administrator.

30. Confirmation of Contact Information in the Class Lists. Upon receiving the Class List, the Settlement Administrator will perform a search based on the National Change of Address Database for information to update and correct for any known or identifiable address changes. To the extent no address is identified in the Class List, the Settlement Administrator will use the Class Member's Social Security number to perform a search to attempt to locate a mailing address.

31. Notice by First-Class U.S. Mail. Within 30 calendar days after receiving the Class List from Family Dollar, the Settlement Administrator will mail a Notice to all Class Members via regular First-Class U.S. Mail, using the most current, known mailing addresses identified in the Class List, identified through a search using the Class Member's Social Security number if none is identified in the Class List, or through a search of the National Change of Address Database.

32. Re-Mailing of Returned Notices. Any Notices returned to the Settlement Administrator as non-deliverable on or before the Response Deadline will be sent promptly via regular First-Class U.S. Mail to any forwarding address affixed thereto, and the Settlement Administrator will indicate the date of such re-mailing on the Notice. If no forwarding address is provided, the Settlement

6

Administrator will promptly attempt to determine the correct address using a skip-trace, or other search using the name, address, and/or Social Security number of the Class Member involved, and will then perform a single re-mailing.

33. No Additional Unsolicited Communications. Named Plaintiffs and Class Counsel each agree they will not distribute to any Class Member any documents, notices, or information other than documents, notices, or information approved by the Court, unless a specific request is first made to them by a Class Member. For the avoidance of doubt, nothing herein prevents Class Counsel from responding to inquiries from Class Members. The Parties and their counsel agree that they shall not directly or indirectly encourage any Class Member to opt out of the Settlement.

34. Disputed Information on Notices. Class Members will have an opportunity to dispute the dates of service provided in their Notices. To the extent Class Members dispute the dates of service as a Store Manager provided in their Notices, Class Members may produce evidence to the Settlement Administrator showing that such information is inaccurate. The Settlement Administrator will decide the dispute. Records from Family Dollar will be presumed correct, but the Settlement Administrator will evaluate the evidence submitted by the Class Member and will make the final decision as to the merits of the dispute. All disputes will be decided within ten (10) business days after the Response Deadline.

35. Request for Exclusion Procedures. Class Members will be notified in the Notice of their right to opt out of the lawsuit and will be given a date certain by which they must return their opt-out form to the Settlement Administrator by U.S. mail, first class postage prepaid. Individuals who timely opt out of the lawsuit are not entitled to any monetary award under this Settlement Agreement. Any untimely Request for Exclusion shall be rejected absent consent of the parties or an order by the Court. Family Dollar expressly retains all defenses with respect to any opt-outs.

36. Defective Submissions. If a Class Member's timely Request for Exclusion is defective as to the content requirements listed herein, that Class Member will be given an opportunity to cure the defect(s). The Settlement Administrator will mail the Class Member a cure letter within three (3)

7

calendar days of receiving the defective submission to advise the Class Member that her submission is defective and that the defect must be cured to render the Request for Exclusion valid. The Class Member will have until the later of (i) the Response Deadline or (ii) ten (10) calendar days from the date of the cure letter, whichever date is later, to postmark a revised Request for Exclusion. If the revised Request for Exclusion is not postmarked within that period, it will be deemed untimely.

37.     <u>Objection Procedures</u>. To object to the Settlement Agreement, a Class Member must file a Notice of Objection with the Court on or before the Response Deadline. The filing date will be deemed the exclusive means for determining whether the Notice of Objection is timely. Only Class Members who file timely Notices of Objection and who indicate in their Notices of Objection that they intend to appear will have a right to appear at the Final Approval Hearing in order to have their objections heard by the Court. Any Class Member who fails to object in the manner specified above will be deemed to have waived all objections to the Settlement and will be foreclosed from objecting to the Settlement and seeking any adjudication or review of the Settlement, by appeal or otherwise. At no time will Named Plaintiffs or Class Counsel directly or indirectly seek to solicit or otherwise encourage Class Members to submit written objections to the Settlement Agreement or appeal from the Final Approval Order and Judgment. Class Counsel will not represent any Class Members with respect to any such objections to this Settlement.

38.     <u>Certification Reports Regarding Class Notice Distribution</u>. The Settlement Administrator will provide to Counsel for Family Dollar and Class Counsel a weekly report that certifies the number of Class Members who have submitted Requests for Exclusion and whether any Class Member has submitted a challenge to any information contained in their Notice. Additionally, the Settlement Administrator will provide to counsel for the Parties any updated reports regarding the administration of the Settlement Agreement as needed or requested. At least thirty (30) calendar days before the Final Approval Hearing, the Settlement Administrator shall provide to Counsel for Family Dollar and Class Counsel a declaration by the Settlement Administrator of due

8

diligence and proof of mailing of the Class Notice required to be mailed to Class Members by this Agreement and of the delivery results of the Settlement Administrator's mailings, including tracing and re-mailing efforts.

39. Participating Class Members List. Within ten (10) calendar days after the Response Deadline, the Settlement Administrator will provide to Counsel for Family Dollar and Class Counsel the list of Participating Class Members. The Settlement Administrator shall not provide Social Security numbers or contact information with this list.

40. Cancellation of Settlement Agreement. Family Dollar will have the option, in its sole discretion, to void the Settlement Agreement in the event that more than seven and a half percent (7.5%) of all Class Members submit Requests for Exclusion. Prior to exercising this option, Family Dollar agrees to confer and negotiate in good faith with Class Counsel to modify the Agreement to try to avoid such cancellation. The Parties will make their best efforts to avoid any such cancellation. In the event that the number of opt-outs remaining after such best efforts is greater than 7.5% of all class members, Family Dollar may elect to proceed with voiding the Settlement. In order to allow sufficient time for such best efforts, Family Dollar shall not proceed with voiding the Settlement earlier than the first to occur of (a) 30 days following the Response Deadline or (b) five (5) business days prior to the Final Approval Hearing. Any modifications to the Settlement Agreement must be approved by the Court. If Family Dollar exercises its option to void the Settlement, it will be responsible for all Settlement Administration Costs incurred to the date of cancellation.

In addition, either Party shall have the right to terminate this Settlement Agreement in its entirety by providing written notice of its election to do so to counsel for the other Parties hereto within fifteen (15) calendar days after any of the following occurs: (i) the Court declines to approve this Settlement Agreement or any part of it (except that any failure by the Court to approve the request for or amount of Attorneys' Fees and Costs or Service Awards shall not be grounds for termination); or (ii) the Court declines to enter a Final Approval Order and Judgment. In the event a Party sends such notice of intent to terminate, the Parties agree to confer and negotiate in

9

good faith in an effort to resolve any issues that resulted in the Court's disapproval of the Settlement Agreement. The Parties will make their best efforts to avoid any such cancellation. If this Settlement is terminated as provided in this section, then this Settlement Agreement shall be deemed null and void, of no force and effect, inadmissible as evidence, and of no probative value, and the Parties hereto represent, warrant, and covenant that it will not be used or referred to for any purpose whatsoever. Moreover, if this Settlement is terminated as provided in this section, any order or judgment entered by the Court in furtherance of this Settlement Agreement will likewise be treated as void from the beginning. In the event the Settlement is terminated, each Party will be responsible for one half of the Settlement Administration Costs incurred to the date of termination, except if the settlement is terminated by Family Dollar as a result of opt-outs of more than seven and a half percent.

41. <u>Final Approval Hearing and Entry of Final Approval Order and Judgment</u>. Following the Response Deadline, and with the Court's permission, a Final Approval Hearing will be conducted to determine the Final Approval of the Settlement Agreement along with the amounts properly payable for: (i) Individual Settlement Payments; (ii) the Service Awards to the Named Plaintiffs and Class Representatives; (iii) Attorneys' Fees and Costs; and (iv) all Settlement Administration Costs. The Final Approval Hearing will not be held earlier than forty-five (45) calendar days after the Response Deadline or earlier than permitted under 28 U.S.C. § 1715(d). Class Counsel will be responsible for drafting all documents necessary to obtain final approval, subject to approval by Family Dollar. Class Counsel will also be responsible for drafting the applications for Attorneys' Fees and Costs and Service Awards to be heard at the Final Approval Hearing. As set forth in Paragraphs 54 and 55 herein, Family Dollar agrees not to challenge or otherwise oppose these motions.

42. <u>Judgment and Continued Jurisdiction</u>. In connection with the Final Approval Hearing, the Parties will submit a Final Approval Order and Judgment to the Court for its approval. The Final Approval Order and Judgment will dismiss the Action with prejudice. After entry of the Final Approval Order and Judgment, the Court will have continuing jurisdiction solely for purposes of

10

addressing: (i) the interpretation and enforcement of the terms of the Settlement, (ii) Settlement administration matters, and (iii) such post-Judgment matters as may be appropriate under Court rules or as set forth in this Settlement Agreement.

43. <u>Settlement Terms Bind All Class Members Who Do Not Opt-Out</u>. Any Class Member who does not submit a Request for Exclusion will be bound by all of the terms of this Settlement Agreement, including those pertaining to the Released Claims, as well as by the Final Approval Order and Judgment.

44. <u>Release by Participating Class Members</u>. Without the need for further action, upon the Effective Date, all of the Participating Class Members shall be deemed to have released and forever discharged the Released Parties, to the fullest extent permitted by law, of and from the Released Claims, and waive all rights and benefits afforded by Section 1542 of the California Civil Code and any similar provisions of law as to any Released Claims. Section 1542 provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

45. <u>Released Claims</u> means all claims, judgments, liens, losses, debts, rights, liabilities, demands, guarantees, penalties, costs, expenses, attorneys' fees, damages, indemnities, actions, suits, complaints, petitions, causes of action, and obligations of every kind and nature in law, equity or otherwise, known or unknown, suspected or unsuspected, disclosed or undisclosed, contingent or accrued, from the beginning of time through the Effective Date, based upon, arising out of, or related to the same facts, transactions, occurrences, events, disclosures, statements, acts, omissions, or failures to act which were or could have been alleged in this Action or in any similar lawsuits, arbitration, or agency proceedings alleging gender-based discrimination in pay and/or other compensation. The Released Claims also include and cover, without limitation, all requests for injunctive relief, requests for equitable relief, and requests for monetary relief of whatever nature, including, but not limited to, all claims for back pay, front pay, or other make whole relief, for liquidated, compensatory, or punitive damages, and for attorneys' fees and costs

11

arising out of or relating to the causes of action asserted or which could have been asserted in the Action. The Released Claims also include and cover, without limitation, any and all claims, known or unknown, for alleged gender-based discrimination in pay and/or other compensation or retaliation for complaints about gender-based discrimination in pay and/or other compensation, claims for employee benefits or claims for losses caused by any unpaid wages or compensation due to gender-based discrimination, or complaints about gender-based discrimination in pay and/or other compensation, including but not limited to, claims of alleged employment discrimination or benefits claims whether arising under Title VII of the Civil Rights Act of 1964, as amended (Title VII), the Equal Pay Act, the Employee Retirement Income Security Act of 1974 (ERISA) (except for vested benefits otherwise entitled), and/or any other federal, state, or local statutes, common law, or regulations.

46. Released Parties means Family Dollar, together with all of Family Dollar's past and present successors, subsidiaries, investors, parents, holding companies, sister and affiliated companies, divisions, and other related entities, as well as the successors, predecessors, shareholders, officers, directors, partners, assigns, agents, employees, principals, heirs, administrators, attorneys, vendors, accountants, auditors, consultants, advisors, fiduciaries, insurers, reinsurers, owners, employee benefit plans, and representatives of each of them, both individually and in their official capacities, past or present, as well as all persons acting by, through, under or in concert with any of these persons or entities or their successors or assigns.

47. Government Investigations; Dismissal with Prejudice of Pending Claims. This Settlement Agreement and Release is not intended to interfere with Participating Class Members' exercise of any protected, non-waivable right, including their right to file a charge with, participate in an investigation by, or provide truthful information to the U.S. Equal Employment Opportunity Commission or other governmental agency. Participating Class Members, however, acknowledge and agree that the consideration set forth herein is in full satisfaction of any amounts to which they might be entitled on any Released Claims and they are forever discharging the Released Parties from any liability to them for those claims. Participating Class

12

Members, therefore, agree that they will take all steps necessary to effectuate the dismissal with prejudice of any pending administrative charge or lawsuit involving the Released Claims.

48. <u>Funding of the Total Class Settlement Amount</u>. Within fifteen (15) calendar days after the Effective Date, Family Dollar will make a one-time deposit of the Total Class Settlement Amount minus the Attorneys' Fees and Costs into a qualified settlement fund to be established by the Settlement Administrator.

49. <u>Payment of Attorneys' Fees and Costs</u>. Within fifteen (15) calendar days after the Effective Date, Family Dollar will make a one-time payment of the Attorneys' Fees and Costs to Class Counsel. Class Counsel will be responsible for allocating a portion of the attorneys' fees to satisfy in full the fees owed to Local Counsel and for the payment of any expenses or costs incurred by the Class, Class Counsel, and Local Counsel in litigating this case. Class Counsel represents and warrants that no other counsel, person or entity has any entitlement to the Attorneys' Fees and Costs.

50. <u>Dismissal of Fourth Circuit Appeal</u>. Within fifteen (15) calendar days after the Effective Date, the Parties shall file a signed dismissal agreement in the Fourth Circuit appeal captioned *Luanna Scott, et al. v. Family Dollar Stores, Inc.*, No. 17-1219 (4th Cir.), with each side to bear its own costs and fees except as set forth herein.

51. <u>General Release by Named Plaintiffs</u>. Within seven (7) calendar days after the entry of the Final Approval Order and Judgment, the Settlement Administrator shall mail a copy of the general release in the form attached as **Exhibit C** hereto, along with a postage prepaid return envelope, to each Named Plaintiff. Within twenty-one (21) calendar days after receipt, each Named Plaintiff will sign and return to Counsel for Family Dollar the general release, as a condition to the receipt of any Service Award. The general release shall become effective and enforceable on the eighth (8th) day following execution by the Named Plaintiff unless she revokes it by so advising Family Dollar in writing received by Jason Schwartz (c/o Gibson, Dunn & Crutcher LLP, 1050 Connecticut Avenue N.W., Washington, D.C. 20036), before the end of the seventh (7th) day after its execution. The payment of any Service Award shall be contingent on executing and not

13

revoking the general release. A Named Plaintiff who either fails to timely execute a general release or who revokes her execution of the general release shall remain bound by the terms of this agreement, including the release provisions applicable to all Participating Class Members (Paragraphs 43-47).

52.  Distribution and Timing of Individual Settlement Payments. Within thirty (30) calendar days of the Effective Date, the Settlement Administrator will use the Total Class Settlement Amount in accordance with this agreement to pay: (a) the Individual Settlement Payments; (b) the Service Awards; (c) Settlement Administration Costs, and (d) any employer payroll taxes required by law, including all employer FICA, FUTA, and SDI contributions.

53.  Individual Settlement Payment Calculations. Individual Settlement Payments will be calculated and apportioned from the Net Settlement Value. The entire Net Settlement Value will be apportioned to Participating Class Members. Specific calculations of Individual Settlement Payments will be made as follows:

   53(a)  Family Dollar will calculate the total number of weeks worked as a Store Manager by each Class Member during the Class Period.

   53(b)  All Participating Class Members will receive two (2) points per each week worked as a Store Manager from July 2, 2002 through December 31, 2006. All Participating Class Members will receive one and a half (1.5) points per each week worked as a Store Manager from January 1, 2007 through December 31, 2014. All Participating Class Members will receive one (1) point for each week worked as a Store Manager from January 1, 2015 through the date of Preliminary Approval. The value of each individual point will be determined by dividing the Net Settlement Value by the total points attributed to all Participating Class Members, resulting in the "Point Value." Each Participating Class Member's Individual Settlement Payment will be calculated by multiplying each Participating Class Member's total number of points by the Point Value.

14

53(c) The Individual Settlement Payment will be reported on Form W-2 and reduced by any required deductions for each Participating Class Member as specifically set forth herein, including any required tax withholdings or deductions.

54. Service Award. In exchange for a general release of all claims relating to their employment at Family Dollar, and in recognition of their efforts and work in prosecuting the Action on behalf of Class Members, Family Dollar agrees not to challenge or otherwise oppose any application or motion for a Service Award of Ten Thousand Dollars ($10,000) to each Class Representative and Five Thousand Dollars ($5,000) to each of the other remaining Named Plaintiffs. The payment to each Named Plaintiff of a Service Award shall be contingent upon such Named Plaintiff entering into and not revoking a general release in the form attached as **Exhibit C** hereto. Any Service Award approved by the Court will be paid from the Total Class Settlement Amount and will be in addition to each Named Plaintiff's Individual Settlement Payment paid pursuant to the Settlement. Service Awards will be reported on Form 1099 and Named Plaintiffs will be solely responsible to pay any and all applicable taxes on the Service Award.

55. Attorneys' Fees and Costs. Family Dollar agrees not to challenge or otherwise oppose any application or motion by Class Counsel for attorneys' fees of one third of the Total Class Settlement Amount, plus the reimbursement of reasonable costs and expenses associated with Class Counsel's litigation and settlement of the Action, not to exceed One Million Dollars ($1,000,000). Court-approved Attorneys' Fees and Costs will be paid from the Total Class Settlement Amount.

56. Settlement Administration Costs. The Settlement Administrator will be paid for the reasonable costs of administration of the Settlement and distribution of payments from the Total Class Settlement Amount.

57. Administration of Taxes by the Settlement Administrator. The Settlement Administrator will be responsible for issuing to Named Plaintiffs, Participating Class Members, and Class Counsel any W-2, 1099, or other tax forms as may be required by law for all amounts paid pursuant to this Settlement. The Settlement Administrator will also be responsible for remitting all payroll taxes

15

(employer and employee portions) to the appropriate government authorities.

58. <u>Tax Liability</u>. Family Dollar makes no representation as to the tax treatment or legal effect of the payments called for hereunder, and Named Plaintiffs, Participating Class Members, and Class Counsel are not relying on any statement, representation, or calculation by Family Dollar or by the Settlement Administrator in this regard.

59. <u>Circular 230 Disclaimer</u>. EACH PARTY TO THIS AGREEMENT (FOR PURPOSES OF THIS SECTION, THE "ACKNOWLEDGING PARTY") ACKNOWLEDGES AND AGREES THAT (1) NO PROVISION OF THIS AGREEMENT, AND NO WRITTEN COMMUNICATION OR DISCLOSURE BETWEEN OR AMONG THE PARTIES OR THEIR ATTORNEYS AND OTHER ADVISERS, IS OR WAS INTENDED TO BE, NOR WILL ANY SUCH COMMUNICATION OR DISCLOSURE CONSTITUTE OR BE CONSTRUED OR BE RELIED UPON AS, TAX ADVICE WITHIN THE MEANING OF UNITED STATES TREASURY DEPARTMENT CIRCULAR 230 (31 CFR PART 10, AS AMENDED); (2) THE ACKNOWLEDGING PARTY (A) HAS RELIED EXCLUSIVELY UPON HIS, HER, OR ITS OWN, INDEPENDENT LEGAL AND TAX COUNSEL FOR ADVICE (INCLUDING TAX ADVICE) IN CONNECTION WITH THIS AGREEMENT, (B) HAS NOT ENTERED INTO THIS AGREEMENT BASED UPON THE RECOMMENDATION OF ANY OTHER PARTY OR ANY ATTORNEY OR ADVISOR TO ANY OTHER PARTY, AND (C) IS NOT ENTITLED TO RELY UPON ANY COMMUNICATION OR DISCLOSURE BY ANY ATTORNEY OR ADVISER TO ANY OTHER PARTY TO AVOID ANY TAX PENALTY THAT MAY BE IMPOSED ON THE ACKNOWLEDGING PARTY; AND (3) NO ATTORNEY OR ADVISER TO ANY OTHER PARTY HAS IMPOSED ANY LIMITATION THAT PROTECTS THE CONFIDENTIALITY OF ANY SUCH ATTORNEY'S OR ADVISER'S TAX STRATEGIES (REGARDLESS OF WHETHER SUCH LIMITATION IS LEGALLY BINDING) UPON DISCLOSURE BY THE ACKNOWLEDGING PARTY OF THE TAX TREATMENT OR TAX STRUCTURE OF ANY TRANSACTION, INCLUDING ANY TRANSACTION

16

CONTEMPLATED BY THIS AGREEMENT.

60.   No Credit Toward Benefit Plans. The Individual Settlement Payments made to Participating Class Members under this Settlement, as well as any other payments made pursuant to this Settlement, will not be utilized to calculate any additional benefits under any benefit plans to which any Class Members may be eligible, including, but not limited to, profit-sharing plans, bonus plans, 401(k) plans, stock purchase plans, vacation plans, sick leave plans, PTO plans, and any other benefit plan. Rather, it is the Parties' intention that this Settlement Agreement will not affect any rights, contributions, or amounts to which any Class Members may be entitled under any benefit plans. For the avoidance of doubt, no Class Member shall be entitled to any additional right, contribution, or amount under any benefit plan or to any other wages or other compensation or benefits as a result of this Settlement or payments made hereunder.

61.   Un-cashed Settlement Checks. Funds represented by Individual Settlement Payment checks returned as undeliverable and remaining un-cashed for more than 180 calendar days after issuance will be tendered to the corresponding state unpaid wages or unclaimed property fund, or similar entity, based on the last known address of the recipient.

62.   Certification of Completion. Upon completion of administration of the Settlement, the Settlement Administrator will provide a written declaration under oath to certify such completion to the Court and counsel for all Parties.

63.   Confidential Information. Within thirty (30) calendar days of the Effective Date of this Agreement, all proprietary and confidential documents, materials, or information provided to Class Counsel by Family Dollar and designated as Confidential pursuant to the Stipulated Protective Order and Non-Waiver Order executed by the Parties and entered by the Court on April 27, 2015 (Dkt. 168), or produced in confidence in mediation or settlement discussions or pursuant to any provision of this Settlement Agreement, and all copies of such documents, materials, or information shall be returned to Counsel for Family Dollar or be destroyed. Class Counsel shall provide certification of such destruction to Counsel for Family Dollar.

17

64.     Non-Monetary Programmatic Relief. Family Dollar shall undertake a systematic review of its process for setting starting salaries for Store Managers in consultation with experts in the fields of labor economics and industrial/organizational psychology.

65.     Validation Study. As part of this review, Family Dollar agrees to perform a validation study of the criteria used to set Store Manager starting salaries. Class Counsel acknowledges and agrees that Family Dollar's counsel and the experts retained to perform the validation study may be required to communicate with class members as part of this validation process. In advance of any such communications, Counsel for Family Dollar shall provide Class Counsel with (1) a description of the subject matter and manner of any such communications, and (2) a description of the approximate number and the manner of selecting which class members will be asked to participate in this process.

66.     Revised Store Manager Starting Pay Policy. No later than 120 calendar days following the Effective Date of this agreement, Family Dollar shall in good faith make adjustments as necessary and appropriate to its process for setting Store Manager starting salaries as a result of this review. Family Dollar will make the revised Pay Policy for Store Managers available for review by Class Counsel on a confidential basis. Due to competitive issues, the Parties agree that the Pay Policy is considered a confidential business matter and Class Counsel shall maintain its confidentiality, use it for no purpose other than confirming the actions taken by Family Dollar under this paragraph, and return it to Family Dollar following such confirmation. The revised Pay Policy will provide that exceptions be reviewed on an individual basis by a designated representative or team, which may include responsible HR management.

67.     Certification of Validation. Prior to implementing a revised Pay Policy, Family Dollar shall provide Class Counsel with a certification from a qualified expert that the Pay Policy, as revised, has been validated according to professional standards.

68.     Certification of Completion. Within thirty (30) calendar days of Family Dollar's implementation of the revised Pay Policy, the parties shall submit a joint filing notifying the Court that the programmatic relief terms of the agreement have been completed.

18

69.  Tolling for the Holiday Shopping Season. The deadline for Family Dollar to implement the Non-Monetary Programmatic Relief outlined in this agreement shall be tolled during the holiday shopping season between October 1 and January 1. The deadline may also be extended by agreement of the Parties or by order of the Court for good cause.

70.  Pay Adjustments. No later than forty-five (45) calendar days after the Effective Date, Family Dollar will exercise good faith in reviewing the salary levels for incumbent female Store Managers. In doing so, Family Dollar may consider various factors impacting individual pay including, but not limited to, those identified by the Parties' respective expert witnesses in the Action. Thereafter, Family Dollar may make salary adjustments, if any, to the pay of certain incumbent female Store Managers as it deems necessary and appropriate. Family Dollar will provide Class Counsel with a general description of the methodology used in allocating that amount sufficient to allow Class Counsel to understand the methodology. Such information shall be treated by Class Counsel as Confidential, used by Class Counsel for no purpose other than confirming the actions taken by Family Dollar under this paragraph, and returned to Family Dollar following such confirmation.

71.  Cooperation and Execution of Necessary Documents. All Parties will cooperate in good faith and execute all documents to the extent reasonably necessary to effectuate the terms of this Settlement Agreement. In addition, the Parties agree to cooperate in the administration of the Settlement and to make all reasonable efforts to control and minimize the costs and expenses incurred in administration of the Settlement.

72.  Stay of Proceedings. All Parties agree to cooperate in seeking a stay of all court proceedings not related to the Settlement pending entry of the Final Approval Order and Judgment, including a stay or extension of the briefing schedule, as necessary, in Family Dollar's appeal currently pending before the Fourth Circuit and captioned *Luanna Scott, et al. v. Family Dollar Stores, Inc.*, No. 17-1219 (4th Cir.).

73.  No Prior Assignments. Named Plaintiffs and Class Counsel represent, covenant, and warrant that they have not directly or indirectly assigned, transferred, encumbered, or purported to assign,

19

transfer, or encumber to any person or entity any portion of any claim, demand, action, cause of action, or right herein released and discharged.

74. <u>Exhibits Incorporated by Reference</u>. The terms of this Settlement Agreement include the terms set forth in any attached Exhibits, which are incorporated by this reference as though fully set forth herein. Any Exhibits to this Settlement Agreement are an integral part of the Settlement.

75. <u>Entire Agreement</u>. This Settlement Agreement and any attached Exhibits constitute the entirety of the Parties' settlement terms. No other prior or contemporaneous written or oral agreements may be deemed binding on the Parties.

76. <u>Amendment or Modification</u>. No amendment, change, or modification to this Settlement Agreement will be valid unless in writing and signed, either by the Parties or their counsel.

77. <u>Authorization to Enter Into Settlement Agreement</u>. Counsel for the Parties warrant and represent they are expressly authorized by the Parties whom they represent to negotiate this Settlement Agreement and to take all appropriate action required or permitted to be taken by such Parties pursuant to this Settlement Agreement to effectuate its terms and to execute any other documents required to effectuate the terms of this Settlement Agreement. The Parties and their counsel will cooperate with each other and use their best efforts to effect the implementation of the Settlement. If the Parties are unable to reach agreement on the form or content of any document needed to implement the Settlement, or on any supplemental provisions that may become necessary to effectuate the terms of this Settlement, the Parties agree to present any dispute between the Parties to mediator Mark Rudy for final and binding resolution.

78. <u>Binding on Successors and Assigns</u>. This Settlement Agreement will be binding upon, and inure to the benefit of, the successors or assigns of the Parties hereto, as previously defined.

79. <u>North Carolina Law Governs</u>. All terms of this Settlement Agreement and Exhibits hereto will be governed by and interpreted according to the substantive laws of the State of North Carolina, without regard to choice-of-law principles.

80. <u>Execution and Counterparts</u>. This Settlement Agreement is subject to the execution of all Parties. The Settlement Agreement may be executed in one or more counterparts. All executed

20

counterparts and each of them, including facsimile and scanned copies of the signature page, will be deemed to be one and the same instrument.

81.  Acknowledgement that the Settlement is Fair and Reasonable. The Parties believe this Settlement Agreement is a fair, adequate, and reasonable settlement of the Action and have arrived at this Settlement after arm's-length negotiations, pursuant to a mediator's proposal, and in the context of adversarial litigation, taking into account all relevant factors, present and potential. The Parties further acknowledge that they are each represented by competent counsel and that they have had an opportunity to consult with their counsel regarding the fairness and reasonableness of this Settlement.

82.  Waiver of Certain Appeals. With the exception of Named Plaintiffs' right to appeal the reduction of any award of Attorneys' Fees and Costs below the amounts provided herein, and Defendant's right to appeal any such award above the amounts provided herein, Named Plaintiffs and Family Dollar hereby waive their right to appeal or seek other judicial review of any order that is materially consistent with the terms of this Settlement Agreement.

83.  Non-Admission of Liability. The Parties enter into this Settlement to resolve the dispute that has arisen between them and to avoid the burden, expense, and risk of continued litigation. In entering into this Settlement, Family Dollar does not admit, and specifically denies, that it violated any federal, state, or local law, regulation, or other legal requirement, or that class or collective treatment is appropriate for any purpose other than settlement. Neither this Settlement Agreement, nor any of its terms or provisions, nor any of the negotiations or expert work performed in connection with it, will be construed as an admission or concession by Family Dollar of any such violations or failures to comply with any applicable law. Except as necessary in a proceeding to enforce the terms of this Settlement, this Settlement Agreement, its terms and provisions, and the expert work performed pursuant to its terms will not be offered or received as evidence in any action or proceeding to establish any liability or admission on the part of Family Dollar or to establish the existence of any condition constituting a violation of, or a non-compliance with, federal, state, local, or other applicable law.

21

84. <u>No Media Statements</u>: Plaintiffs and Class Counsel agree that they will not issue or make any press release or press statement or initiate media coverage or other publicity regarding Family Dollar, the Released Parties, or this Settlement Agreement, nor post any notice on any website related to the Settlement Agreement, nor otherwise publicize the Settlement, except as expressly authorized herein. Class Counsel also agrees that prior to the Effective Date of the Settlement Agreement they will not utilize the Settlement Agreement in any way in their marketing or advertising materials or website (except as required by the Settlement Agreement); after such date, class counsel may refer to this Settlement in marketing or advertising materials provided that Family Dollar is not directly or indirectly identified (it may be referred to generically as a retailer).

85. <u>Waiver</u>. No waiver of any condition or covenant contained in this Settlement Agreement or failure to exercise a right or remedy by any of the Parties hereto will be considered to imply or constitute a further waiver by such party of the same or any other condition, covenant, right, or remedy.

86. <u>Mutual Preparation</u>. The Parties have had a full opportunity to negotiate the terms and conditions of this Settlement Agreement. Accordingly, this Settlement Agreement will not be construed more strictly against one party than another merely by virtue of the fact that it may have been prepared by counsel for one of the Parties, it being recognized that, because of the arm's-length negotiations between the Parties, all Parties have contributed to the preparation of this Settlement Agreement.

87. <u>Representation By Counsel</u>. The Parties acknowledge that they have been represented by competent counsel throughout all negotiations that preceded the execution of this Settlement Agreement, and that this Settlement Agreement has been executed with the advice of counsel.

88. <u>All Terms Subject to Final Court Approval</u>. All amounts and procedures described in this Settlement Agreement herein will be subject to final Court approval. The Parties acknowledge and understand that the Court may suggest revisions during the approval process, which the Parties may or may not choose to accept.

22

89. Binding Agreement. The Parties warrant that they understand and have full authority to enter into this Settlement Agreement, and further intend that this Settlement Agreement will be fully enforceable and binding on all Parties, and that they knowingly and voluntarily enter into it.

**READ CAREFULLY BEFORE SIGNING**

Dated Nov. 10 , 2017

_____
Plaintiffs

Dated: November 10, 2017

/s/ William A. Old., Jr.
_____
Family Dollar Stores, Inc.

23

# EXHIBIT A

<u>Notice of Class Action Settlement</u>

## NOTICE OF PROPOSED CLASS ACTION SETTLEMENT AND FINAL APPROVAL HEARING

***Luanna Scott, et al. v. Family Dollar Stores, Inc.***
**United States District Court for the Western District of North Carolina**
**Case No. 3:08-cv-540-MOC-DSC**

**TO: ALL FEMALE EMPLOYEES WHO WERE EMPLOYED BY FAMILY DOLLAR STORES, INC. AS A STORE MANAGER AT ANY TIME FROM JULY 2, 2002 THROUGH [PRELIMINARY APPROVAL DATE].**

PLEASE READ THIS NOTICE CAREFULLY. YOUR RIGHTS MAY BE AFFECTED.

YOU MAY BE ENTITLED TO RECEIVE MONEY FROM A PROPOSED SETTLEMENT.

***This notice is court approved. This is not a solicitation from a lawyer.***

A proposed settlement has been reached to resolve claims that Family Dollar Stores, Inc. ("Family Dollar") discriminated against female Store Managers in salaries and other compensation paid during the period from July 2, 2002 through [preliminary approval date]. The settlement avoids the costs and risks to you from continuing the lawsuit, pays money to female Store Managers like you, and releases Family Dollar from liability.

The settlement creates a total settlement fund of forty-five million dollars ($45,000,000), which will be used to make individual settlement payments to female Store Managers, and to pay service awards to the Class Representatives and Named Plaintiffs, attorneys' fees and costs, settlement administration costs, any applicable taxes, and any other claimed damages.

The Court has not decided whether Family Dollar did anything wrong, and Family Dollar contends that it has at all times treated all employees fairly with regard to salaries and other compensation, regardless of sex.

Court-appointed lawyers for female Store Managers will ask the Court to award them attorneys' fees of up to fifteen million dollars ($15,000,000) and reasonable expenses of one million dollars ($1,000,000) for investigating the facts, litigating the case on behalf of the Class for the past fifteen years, negotiating the settlement, and handling all post-settlement disputes and proceedings.

You and all other Class Members will be treated equally in the distribution of the total amount of money to be paid to the class. All Class Members' amounts will be based on the number of weeks you worked as a Store Manager at Family Dollar between July 2, 2002 and [preliminary approval date] (the "Class Period"):

1

- All participating Class Members will receive two (2) points per each week worked from July 2, 2002 through December 31, 2006. All participating Class Members will receive one and a half (1.5) points per each week worked from January 1, 2007 through December 31, 2014. All participating Class Members will receive one (1) point for each week worked from January 1, 2015 through [preliminary approval date]. The value of each individual point will be determined by dividing the Net Settlement Amount by the total points attributed to all participating Class Members, resulting in the "Point Value." Each participating Class Member's Individual Settlement Payment will be calculated by multiplying each participating Class Member's total number of points by the Point Value.

- The Individual Settlement Payment will be reduced by any required tax withholdings or deductions.

- The entire Net Settlement Amount will be disbursed to all Class Members who do not submit timely and valid Requests for Exclusion.

Family Dollar's records indicate that you worked as a Store Manager at Family Dollar for [XX] weeks during the Class Period. If you believe you worked a greater number of weeks than that, you have the right to present that claim to the Settlement Administrator for determination according to company records and any proof you want to be considered.

The Settlement also includes Family Dollar's agreement to perform a systematic review of its process for setting starting salaries for Store Managers in consultation with experts in the fields of labor economics and industrial/organizational psychology. Family Dollar may make salary adjustments, if any, to the pay of certain incumbent female Store Managers as it deems necessary and appropriate under the terms of the Settlement Agreement.

| SUMMARY OF YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
| --- | --- |
| **DO NOTHING** | Get individual settlement payment. Give up rights to sue Family Dollar separately about the same legal claims asserted in this lawsuit. |
| **ASK TO BE EXCLUDED** | Get no payment. Keep rights to sue Family Dollar separately about the same legal claims asserted in this lawsuit. |
| **OBJECT TO APPROVAL** | Complete the objection form attached to this Notice if you contend the settlement should not be approved. You do not have to file such form to be included in the settlement payments. |
| **GO TO A HEARING** | Ask to speak in Court if you contend the settlement should not be approved. |

These rights and options—**and the deadlines to exercise them**—are explained in this notice.

2

The Court in charge of this lawsuit still has to decide whether to approve the settlement. Payments will be made if the Court approves the settlement and after any appeals are resolved. Please be patient.

| 1. | Why did I receive this notice? |
|----|-------------------------------|

You received this notice because a proposed settlement has been reached in a class action lawsuit known as *Luanna Scott, et al. v. Family Dollar Stores, Inc.*, currently pending in the United States District Court for the Western District of North Carolina, Case No. 3:08-cv-540-MOC-DSC (the "Lawsuit").

You have been sent this notice so that you will be aware of your rights as a member of the class of women who have been a Store Manager for Family Dollar for at least one day since July 2, 2002 through [preliminary approval date] (the "Class" or "Class Members").

| 2. | What is this Lawsuit about? |
|----|----------------------------|

In this Lawsuit, Plaintiffs Luanna Scott, *et al.* ("Plaintiffs" or "Named Plaintiffs") claim that Family Dollar discriminated against female employees by paying them less than they should have been paid as Store Managers in violation of Title VII of the Civil Rights Act of 1964 and the Equal Pay Act.

Family Dollar vigorously denies the allegations in the Lawsuit and contends that it has treated all employees fairly with regard to salaries and other compensation at all times, regardless of sex.

| 3. | What is a class action? |
|----|------------------------|

A class action is a lawsuit brought on behalf of a large group of people who have, or may have, similar claims to damages or other relief. A class action allows the Court to resolve the claims of all the class members at the same time. A class member who does not exclude herself is bound by the determination or judgment entered in the case, whether the class wins or loses, and may not file her own lawsuit on the same claims that were decided in the class action.

| 4. | Why is this case a class action? |
|----|----------------------------------|

The Court has decided that this lawsuit can proceed as a class action because it meets the requirements of Federal Rule of Civil Procedure 23, which governs class actions in federal courts. Specifically, the Court found that:

- The number of women who are or were employed by Family Dollar as Store Managers is so numerous as to make joinder of all members of the Class impracticable;

- There are legal questions and facts that are common to each member of the Class;

3

- Luanna Scott's and the other Named Plaintiffs' claims are typical of the claims of the rest of the Class;

- Named Plaintiffs Luanna Scott, Diane Conaway, Dorothy Harson, Carol Dinolfo, Charlene Hazelton Carrizales, Ruby Brady, Shelly Hughes, Teresa Fleming, and Nancy Fehling (the "Class Representatives") and the lawyers representing the Class will fairly and adequately represent the Class's interests;

- The common legal questions and facts are more important than questions that affect only individuals; and

- This class action will be more efficient than having many individual lawsuits.

The Court has appointed Settlement Services, Inc./Garden City Group, Inc. as Settlement Administrator. More information about why the Court is allowing this lawsuit to proceed as a class action is in the Court's order certifying the class, which is available on Class Counsel's website: www.familydollarsettlement.com.

| 5. | What are the terms of the proposed settlement? |
|----|----|

Judge Max O. Cogburn of the United States District Court for the Western District of North Carolina has preliminarily approved the proposed settlement of this Lawsuit.

The proposed settlement represents a compromise of highly disputed claims. Nothing in the proposed settlement is intended or will be construed as an admission by Family Dollar that the claims in the Lawsuit are appropriately brought as a class action, that the claims have merit, or that Family Dollar has any liability to Plaintiffs or the Class on those claims. The Court has made no ruling on the merits of the Lawsuit.

The Parties have agreed to settle the Lawsuit for a total of forty-five million dollars ($45,000,000) ("Total Settlement Fund"). The Total Settlement Fund is the total amount of money Family Dollar will pay under the proposed settlement for the full satisfaction of all claims, which includes all payments to participating Class Members, Class Counsel's attorneys' fees and costs (in an amount to be determined by the Court), any service fees awarded by the Court to the Class Representatives and Named Plaintiffs, the costs of settlement administration, any employee and employer payroll taxes required by law, and any other claimed damages.

The money to be distributed after the payment of Class Counsel's attorneys' fees and costs, any Class Representative and Named Plaintiff service awards, and the costs of settlement administration is referred to as the "Net Settlement Amount."

The Settlement Agreement also requires Family Dollar to undertake a systematic review of its process for setting Store Managers' salaries in consultation with experts in the fields of labor economics and industrial/organizational psychology. Part of this review will be based on a validation study of the criteria used to set Store Manager starting salaries. Based on such validation study, Family Dollar will implement pay policy adjustments as necessary and appropriate within 120 days of the effective date of the Settlement Agreement. Among other

4

changes, the revised Pay Policy will provide that exceptions be reviewed on an individual basis by a designated representative or team, including responsible HR management. Prior to implementing a revised pay policy for Store Managers, Family Dollar will make it available to Class Counsel on a confidential basis for review and provide Class Counsel with certification from a qualified expert that the pay policy, as revised, has been validated according to professional standards.

Family Dollar is also required to review the salary levels for incumbent female Store Managers based on factors which impact individual pay including, but not limited to, those identified by the parties' respective expert witnesses. Based on such review, Family Dollar may make salary adjustments to the pay of incumbent female Store Managers as it deems necessary and appropriate. Class Counsel will be provided sufficient information to allow them to review and understand the methodology used in allocating any such adjustments. Within thirty (30) calendar days of Family Dollar's implementation of the revised pay policy, the parties shall submit a joint filing notifying the Court that the programmatic relief terms of the agreement have been completed.

| 6. | How do I participate in the settlement and get a payment? |
|---|---|

Do nothing. By doing nothing you automatically stay part of the Settlement Class and will receive an Individual Settlement Payment based on your number of weeks of employment as a Store Manager at Family Dollar between July 2, 2002 to [preliminary approval date].

| 7. | How do I exclude myself from the settlement? |
|---|---|

To ask to be excluded from the settlement, you must submit a letter requesting to opt out of the lawsuit and fax or mail it postmarked by [30-day deadline from date mailed] (the "Response Deadline") to:

> Settlement Services, Inc.
> Post Office Box 11068
> Tallahassee, Florida 32302-3068
> Toll Free: (855) 978-3881
> Fax: (850) 385-6008

This letter requesting exclusion must be personally signed by you and: (a) set forth your name, address, telephone number, and last four digits of the Social Security Number; (b) be returned to the Settlement Administrator; (c) clearly state that you do not wish to be included in or receive payment from the settlement; and (d) be faxed or postmarked on or before the Response Deadline.

**DO NOT SIGN OR SEND IN SUCH A LETTER IF YOU WANT TO RECEIVE YOUR SHARE OF THE MONEY BEING PAID AS PART OF THIS SETTLEMENT. A LETTER EXCLUDING YOURSELF IS NOT REQUIRED IF YOU WANT TO BE INCLUDED IN SUCH PAYMENTS.**

If you exclude yourself from the settlement—which also means to remove yourself from the lawsuit, and is sometimes called "opting-out" of the lawsuit—you won't get any payment from the settlement and cannot object to its terms. However, you may then be able to sue or continue to participate in any other pending separate proceeding you have against Family Dollar about the same legal claims that have been asserted in this Lawsuit.

| | |
|---|---|
| **8.** | **What do I do if I want to be paid as part of the Settlement but want to present an objection on some other basis?** |

If you want to stay in the case and be paid as part of the settlement but present an objection on some other basis, you have the right to do so by filing your objection for consideration by the Court. In that event, however, you should not file a letter requesting to be excluded from the case or the settlement. You should only file an objection.

| | |
|---|---|
| **9.** | **How do I object to the settlement?** |

If you do not exclude yourself from the settlement, you can object to any of the terms of the settlement before the Final Approval Hearing. You are not required to object if you simply want to receive your share of the money being paid in the Settlement of this case.

Failure to take the steps below will be deemed a waiver of your objections. If the Court rejects your objection, you will still be bound by the terms of the settlement and the release, but you will also receive a payment as if you had not objected.

To object, you must fill out the attached Objection Form and mail it to the following address by [30-day deadline from date mailed]:

> Settlement Services, Inc.
> Post Office Box 11068
> Tallahassee, Florida 32302-3068
> Toll Free: (855) 978-3881
> Fax: (850) 385-6008

You must state in such objection whether or not you intend to appear at the Final Approval Hearing at the United States District Court for the Western District of North Carolina in Charlotte, N.C.

You must state each specific reason for your objection. Your notice of objection must be personally signed by you and include: (a) your full name, signature, address, and telephone number; (b) a written statement of all grounds for the objection accompanied by any legal support for such objection; (c) copies of any papers, briefs, or other documents upon which the objection is based; and (d) a statement whether you intend to appear at the Final Approval Hearing. You will then have the right to address the Court at the Final Approval Hearing. You

6

may appear personally at the Final Approval Hearing, or through your own counsel, paid for at your own expense.

**IF YOU DO NOT TIMELY MAIL YOUR OBJECTION, YOU WILL BE DEEMED TO HAVE WAIVED ALL OBJECTIONS AND WILL NOT BE ENTITLED TO SPEAK AT THE FINAL APPROVAL HEARING.**

| 10. | What is the Final Approval Hearing? |
|---|---|

The Court has preliminarily approved the proposed settlement and will hold a hearing to decide whether to give final approval to the settlement. The purpose of the Final Approval Hearing will be for the Court to determine whether the settlement should be approved as fair, reasonable, adequate, and in the best interests of the Class; to consider the award of attorneys' fees and expenses to Class Counsel; and to consider the request for service awards to the Class Representatives and Named Plaintiffs.

| 11. | When and where is the Final Approval Hearing? |
|---|---|

The Court will hold the Final Approval Hearing on \_\_\_\_\_, 2017 at \_\_\_\_ a.m. in Courtroom [X] of the United States District Court for the Western District of North Carolina, which is located at 401 West Trade Street, Charlotte, NC 28202.

The Final Approval Hearing may be continued (i.e., postponed and rescheduled) without further notice to the Class Members. It is not necessary for you to appear at the Final Approval Hearing. However, you have the right to attend the Final Approval Hearing. If you plan to attend the Final Approval Hearing, you may contact Class Counsel to confirm the date and time. If the settlement is not approved by the Court or does not become final for some reason, the Lawsuit may continue.

| 12. | May I speak at the Final Approval Hearing? |
|---|---|

At the Final Approval Hearing, the Court will be available to hear any objections and arguments concerning the proposed settlement. You may attend, but you do not have to attend. You or your counsel may speak at the Final Approval Hearing only if (a) you have timely served and filed an objection, and (b) you have followed the procedures set forth in Section 9 above for notifying the Court and the parties that you intend to speak at the Final Approval Hearing.

If you have requested exclusion from the settlement, however, you may not speak at the Final Approval Hearing.

7

| **13.** | **Do I have a lawyer in this case?** |

The Court has decided that the law firm of Wiggins, Childs, Pantazis, Fisher & Goldfarb of Birmingham, Alabama is qualified to represent you and all other Class Members as Class Counsel. They are experienced in handling similar cases against other employers. The lawyers in that firm who are representing the class are: Robert L. Wiggins, Jr., Ann K. Wiggins, Gregory O. Wiggins, and Rocco Calamusa, Jr.

These attorneys may be reached at the following address, telephone number, and e-mail address:

> Wiggins, Childs, Pantazis, Fisher & Goldfarb
> The Kress Building, 301 19th Street North
> Birmingham, Alabama 35203
> Telephone:  [[Insert Special Phone Number]]
> E-mail: info@familydollarsettlement.com

| **14.** | **Will the Class Representatives be compensated for bringing this Lawsuit?** |

The Class Representatives will request a service award of up to ten thousand dollars ($10,000) each for their service as Class Representatives and for their efforts in bringing the Lawsuit. The remaining Named Plaintiffs will request a service award of up to five thousand dollars ($5,000) each. The Court will make the final decision as to any amount to be paid to the Class Representatives and Named Plaintiffs for their service.

| **15.** | **How does the settlement affect my rights?** |

If the settlement is approved, the Court will enter a Final Order and Judgment dismissing the Lawsuit "with prejudice" (i.e., the Lawsuit cannot be filed again).

**You will release the following claims ("Released Claims") and will be barred from prosecuting any and all such claims (i.e., you cannot sue, continue to sue, or be part of any other lawsuit about the Released Claims) against Family Dollar:**

- All claims, judgments, liens, losses, debts, rights, liabilities, demands, guarantees, penalties, costs, expenses, attorneys' fees, damages, indemnities, actions, suits, complaints, petitions, causes of action, and obligations of every kind and nature in law, equity or otherwise, known or unknown, suspected or unsuspected, disclosed or undisclosed, contingent or accrued, from the beginning of time through the effective date of the settlement, based upon, arising out of, or related to the same facts, transactions, occurrences, events, disclosures, statements, acts, omissions, or failures to act which were or could have been alleged in this Lawsuit or in any similar lawsuits based upon similar alleged facts.

8

- All requests for injunctive relief, requests for equitable relief, and requests for monetary relief of whatever nature, including, but not limited to, all claims for back pay, front pay, or other make whole relief, for liquidated, compensatory, or punitive damages, and for attorneys' fees and costs arising out of or relating to the causes of action asserted or which could have been asserted in this Lawsuit.

- Any and all claims, known or unknown, for alleged gender-based discrimination in pay and/or other compensation or retaliation for complaints about gender-based discrimination in pay and/or other compensation, claims for employee benefits or claims for losses caused by any unpaid wages or compensation due to gender-based discrimination, or complaints about gender-based discrimination in pay and/or other compensation, including but not limited to, claims of alleged employment discrimination or benefits claims whether arising under Title VII of the Civil Rights Act of 1964, as amended (Title VII), the Equal Pay Act, the Employee Retirement Income Security Act of 1974 (ERISA) (except for vested benefits otherwise entitled), and/or any other federal, state, or local statutes, common law, or regulations.

**In addition, with respect only to the Released Claims discussed above, you expressly waive and relinquish, to the fullest extent permitted by law, all rights and benefits afforded by Section 1542 of the California Civil Code and any similar provisions of law. Section 1542 provides:**

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

The Court's Final Order and Judgment approving this settlement will resolve the Released Claims to the extent provided in the settlement agreement. If you do not request exclusion, you will remain bound by the settlement, and you cannot sue, continue to sue, or be part of any other lawsuit about the Released Claims. Instead, you will be required to take all steps necessary to effectuate the dismissal with prejudice of any pending administrative charge or lawsuit involving the Released Claims. It also means that all of the Court's orders will apply to you and legally bind you.

| 16. | Are more details available? |
|-----|------------------------------|

You may view a copy of the proposed settlement agreement, the Court's Preliminary Approval Order, Class Counsel's application for attorneys' fees and costs, the operative First Amended Complaint filed in the Lawsuit, and other filed documents related to the Lawsuit and this settlement at the Clerk's office at the United States District Court for the Western District of North Carolina during normal business hours or via the Public Access to Court Electronic Records (PACER) system at www.pacer.gov.

9

**IF YOU NEED MORE INFORMATION OR HAVE ANY QUESTIONS**, you may contact the Settlement Administrator at the address and telephone number listed above in Section 7. Please refer to the *Luanna Scott, et al. v. Family Dollar Stores, Inc.* Class Action Settlement.

You may view a copy of the Settlement Agreement and this notice on Class Counsel's website at www.familydollarsettlement.com.

You may also contact Class Counsel, whose names and contact information are listed above in Section 13.

Please do not call the Court.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

Luanna Scott, et al.,       )
                                 )
      Plaintiffs,       )     CASE NUMBER:
                                 )     3:08-cv-540-MOC-DSC
                                 )
                                 )     JURY DEMAND
Family Dollar Stores, Inc.,     )
                                 )
         Defendant.     )

## OBJECTION TO APPROVAL OF SETTLEMENT

I object to the proposed settlement for the following reason(s)(attach more pages if needed):

_____

_____

_____

_____

_____

I am attaching the documents that I believe support my objection. _____ YES _____ NO

I plan to attend and speak at the Court hearing on _____. _____ YES ____NO

I understand if the Court approves the settlement, I will still receive payment as if I had not objected and I will be bound by the terms of the settlement.

_____

Signature (required)

_____

Name (Print)

ADDRESS: _____

_____

EMAIL: _____

PHONE NUMBER(S): _____

_____

_____

DATE

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| Luanna Scott, Shunderia Garlington, Ruth Bell, Wendy Bevis, Katherine Bracey, Ruby Brady, Marie Alice Brockway, Vickie Clutter, Diane Conaway, Judy Corrow, Traci Davis, Carol Dinolfo, Rebecca Dixon, Pamela Ewalt, Nancy Fehling, Teresa Fleming, Irene Grace, Dorothy Harson, Charlene Hazelton, Shelly Hughes, Christal J. Joslyn, Ada L. Kennedy, Margie A. Little, Carol Martin, Leanne Maxwell, Wanda Mayfield, Doris Moody, Vanessa L. Peeples, Veronica Perry-Preddie, Ruth Ellen Phelps, Sheila Pippin, Lana Radosh, Michelle Rodgers, Vada Rose, Vickey Jo Scrivwer, Linda R. Silva, Nancy Smith, Marie E. Spellissy, Judy Tidrick, Beverly L. Triplett, Debbie Vasquez, Claire White, Bonnie Williams, and Cindy Marie Zimbrich | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Plaintiffs, | ) CASE NUMBER: ) 3:08-cv-540-MOC-DSC ) JURY DEMAND |
| Family Dollar Stores, Inc., | ) ) |
| Defendant. | ) |

**[PROPOSED] ORDER GRANTING PLAINTIFFS'
CONSENT MOTION FOR PRELIMINARY
APPROVAL OF SETTLEMENT**

Currently before the Court is Plaintiffs' Consent Motion For Preliminary Approval of Settlement Agreement. Having considered the Motion, including the Joint Stipulation of Class Action Settlement and Release ("Settlement Agreement" or "Settlement"), Notice of Class Action Settlement ("Class Notice" or "Notice"), and related materials, as well as the periodic joint status reports filed by the Parties and based on the Court's long-standing knowledge and familiarity with this case, and **GOOD CAUSE** appearing, **IT IS HEREBY ORDERED** that the Motion is **GRANTED**, subject to the following findings and orders:

1. The Court preliminarily approves the Settlement Agreement (which is hereby

1

incorporated by reference) as being sufficiently fair, reasonable, and adequate, and in the best interests of the parties and in accordance with law, subject to the right of any class member to challenge the fairness, reasonableness or adequacy of the Settlement Agreement and to show cause why a final judgment dismissing this case with prejudice should not be entered following a fairness hearing. Specifically, it appears to the Court, on a preliminary basis, that the Settlement is fair and reasonable to Class Members when balanced against the probable outcome of further litigation, liability and damages issues, and the potential appeal of any rulings. It further appears that the settlement terms, including but not limited to the monetary terms and non-monetary terms as set forth in the Settlement Agreement, confer substantial benefits upon the Class, particularly in light of the damages that Plaintiffs and their counsel believe are potentially recoverable or provable at trial, without the costs, uncertainties, delays, and other risks associated with continued litigation, trial, and/or appeal. It also appears that the proposed Settlement has been reached as the result of intensive, informed, and non-collusive negotiations between the Parties, including arms'-length negotiations that occurred over a two-day, in-person mediation session with an experienced class action mediator (Mark S. Rudy) that ultimately led to the Parties' acceptance of a mediator's proposal. Based on the Court's review of the papers submitted in support of preliminary approval, and the Court's familiarity with the issues in the case, the Court concludes that the proposed Settlement Agreement has no obvious defects and is within the range of possible settlements appropriate for approval such that notice to the Class is appropriate.

2. The rights of any potential dissenters to the proposed Settlement are adequately protected in that they may exclude themselves from the Settlement and proceed with any alleged claims they may have against Family Dollar, or they may object to the Settlement and appear before this Court. However, to do so they must follow the procedures outlined in the Settlement Agreement and Class Notice. Failure to follow the procedures outlined in the Settlement Agreement and Class

2

Notice for making objections shall result in waiver and the objector shall be forever foreclosed from challenging any of the terms of the Settlement.

3. The Court approves the proposed form of Notice of Settlement attached as Exhibit B to the Plaintiffs' Consent Motion. The Notice fairly, plainly, accurately, and reasonably informs Class Members of, and allows Class Members a full and fair opportunity to consider, among other things: (1) the nature of the action; (2) the identities of Class Counsel and the Class Representatives; (3) the terms and provisions of the proposed Settlement; (4) the relief to which the members of each class will be entitled, including summaries of the programmatic relief and the method for calculating payments; (5) the process by which Class Members will receive Individual Settlement Payments if the settlement is approved; (6) how administrative costs and potential attorneys' fees and service payments will be handled; (7) the procedures and deadlines for submitting objections and/or requests for exclusion; and (8) the date, time, and place of the Final Approval Hearing. Accordingly, the Court directs the parties to have the Settlement Administrator mail the Notice document to the class members in accordance with the terms of the Settlement Agreement.

4. The Court appoints the settlement administration firm of Settlement Services, Inc./Garden City Group, Inc. as the Settlement Administrator to perform the duties set forth in the Settlement Agreement.

5. All proceedings in the case remain STAYED until further Order of this Court, except as may be necessary to implement the Settlement Agreement.

6. The Court approves the schedule of events and procedures as set forth in the Settlement Agreement for completing the final approval process.

7. Based on the Court's review of the parties' Joint Motion, the Court hereby schedules a Final Approval Hearing for _____ AM, on _____, 2017, at the United States District Court for the Western District of North Carolina, 401 West Trade Street, Charlotte, NC 28202, to determine

3

whether the settlement of the Action pursuant to the terms and conditions of the Settlement Agreement should be finally approved as fair, reasonable, and adequate pursuant to Fed. R. Civ. P. 23(e). The Court will also rule on Class Counsel's application for an award of attorneys' fees, costs, and expenses and service awards for Named Plaintiffs and Class Representatives (the "Fee and Service Application") at that time.

       8.     The Court expressly reserves the right to continue or adjourn the final approval hearing from time to time without further notice to the Class Members.

SO ORDERED.

Signed: _____, 2017

_____
Max O. Cogburn, Jr.
United States District Judge

4

# EXHIBIT C

**Exhibit C:  Agreement and Release**

Plaintiffs Luana Scott, Shunderia Garlington, Ruth Bell, Wendy Bevis, Katherine Bracey, Ruby Brady, Marie Alice Brockway, Vickie Clutter, Diane Conaway, Judy Corrow, Traci Davis, Carol Dinolfo, Rebecca Dixon, Pamela Ewalt, Nancy Fehling, Teresa Fleming, Irene Grace, Dorothy Harson, Charlene Hazelton, Shelly Hughes, Christal J. Joslyn, Ada L. Kennedy, Margie A. Little, Carol Martin, Leanne Maxwell, Wanda Mayfield, Doris Moody, Vanessa L. Peeples, Veronica Perry-Preddie, Ruth Ellen Phelps, Sheila Pippin, Lana Radosh, Michelle Rodgers, Vada Rose, Vickey Jo Scrivwer, Linda R. Silva, Nancy Smith, Marie E. Spellissy, Judy Tidrick, Beverly L. Triplett, Debbie Vasquez, Claire White, Bonnie Williams, and Cindy Marie Zimbrich (collectively "Named Plaintiffs"), as individuals and on behalf of the Settlement Class, and Defendant Family Dollar Stores, Inc. ("Family Dollar") (collectively with Named Plaintiffs, the "Parties") have made and entered into a Joint Stipulation of Class Action Settlement and Release ("Settlement" or "Settlement Agreement") in connection with the Action captioned *Luanna Scott, et al. v. Family Dollar Stores, Inc.*, Case No. 3:08-cv-00540-MOC-DSC (W.D.N.C.).

Pursuant to the Parties' Settlement Agreement, IT IS HEREBY AGREED by and between [Named Plaintiff Name] ("Plaintiff") and Family Dollar, for the good and sufficient consideration set forth below, as follows:

1.  Subject to Plaintiff's compliance with the terms of this Agreement and Release and the Settlement Agreement, the Settlement Administrator is directed to provide Plaintiff with the Court-approved Service Award, as defined in the Settlement Agreement, within thirty (30) calendar days of the Effective Date of the Settlement Agreement.

2.  In return for Family Dollar's agreement to provide Plaintiff with the consideration referred to in Paragraph 1, Plaintiff, on her own behalf and on the behalf of her beneficiaries, devisees, privies, attorneys, representatives, agents, descendants, dependents, administrators, executors, heirs, and assigns, fully and finally releases and forever discharges the Released Parties, as defined below, to the fullest extent permitted by law, of and from any and all claims and rights of any kind, known and unknown, asserted and not asserted, contingent or non-contingent, which Plaintiff has or may have against the Released Parties as of the date of Plaintiff's execution of this Agreement and Release.  This release includes, but is not limited to, all disputes relating to or arising out of any state, local, or federal statute, ordinance, regulation, order, or common law, including, but not limited to, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e), et seq.; the Civil Rights Act of 1866, as amended, 42 U.S.C. Sections 1981, et seq.; the Equal Pay Act, as amended, 29 U.S.C. § 206(d); the Fair Labor Standards Act of 1939, as amended, 29 U.S.C. § 201, et seq.; the Americans with Disabilities Act of 1990, 42 U.S.C. § 12100, et seq.; the Age Discrimination in Employment Act, 29 U.S.C. § 621, et seq.; the Workers' Adjustment and Retraining Notification Act, as amended, 29 U.S.C. § 2101, et seq.; the Occupational Safety and Health Act, 29 U.S.C. § 651, et seq.; the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601, et seq. and any state law equivalent; the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq.; the National Labor Relations Act, as amended, 29 U.S.C. § 151, et seq.; statutory or common law rights to attorneys' fees and costs, penalties/fines, and/or punitive damages; any action based on contract, quasi-contract, quantum meruit, implied

1

contract, tort, wrongful or constructive discharge, breach of the covenant of good faith and fair dealing, defamation, libel, slander, infliction of emotional distress, negligence, assault, battery, conspiracy, harassment, retaliation, discrimination on any basis prohibited by statute or public policy, conversion, any interference with business opportunity or with contract or based upon any other theory; and/or any other causes of action except those that cannot be released by law. Plaintiff represents that she knows of no claim that has not been released by this paragraph, and has not filed any other lawsuit or administrative charges against Family Dollar.

3. Plaintiff waives all rights and benefits afforded by Section 1542 of the California Civil Code and any similar provisions of law as to any Released Claims. Section 1542 provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

4. "Released Parties" means Family Dollar, including all of its past and present successors, subsidiaries, investors, parents, holding companies, sister and affiliated companies, divisions, and other related entities, as well as the successors, predecessors, shareholders, officers, directors, partners, assigns, agents, employees, principals, heirs, administrators, attorneys, vendors, accountants, auditors, consultants, advisors, fiduciaries, insurers, reinsurers, owners, employee benefit plans, and representatives of each of them, both individually and in their official capacities, past or present, as well as all persons acting by, through, under or in concert with any of these persons or entities or their successors or assigns.

5. This Agreement and Release is not intended to interfere with Plaintiff's exercise of any protected, non-waivable right, including her right to file a charge with, participate in an investigation by, or provide truthful information to the U.S. Equal Employment Opportunity Commission ("EEOC") or other governmental agency. By entering into this Agreement and Release, however, Plaintiff acknowledges and agrees that the consideration set forth herein is in full satisfaction of any amounts to which she might be entitled on any claim and she is forever discharging the Released Parties from any liability to her for acts occurring on or before the date of her signing of this Agreement and Release. Plaintiff also acknowledges that she has no pending EEOC or other charge or that she will seek the dismissal with prejudice of any such charge.

6. Neither this Agreement and Release, nor anything contained herein, shall be construed as an admission by the Released Parties of any liability or unlawful conduct whatsoever. The Parties hereto agree and understand that the consideration herein is in excess of that which Family Dollar is obligated to provide to Plaintiff, and that it is provided in consideration of Plaintiff's execution of this Agreement and Release. Family Dollar and Plaintiff agree that the consideration referred to in Paragraph 1 is sufficient consideration for the release being given by Plaintiff in Paragraph 2 herein.

2

7. This Agreement and Release and the Settlement Agreement entered in *Luanna Scott, et al. v. Family Dollar Stores, Inc.*, Case No. 3:08-cv-00540-MOC-DSC (W.D.N.C.) contain the full agreement of the Parties and may not be modified, altered, changed, or terminated except upon the express prior written consent of Family Dollar and Plaintiff or their authorized agents.

8. Plaintiff acknowledges and agrees that: (a) no promise or inducement for this Agreement and Release has been made except as set forth in this Agreement and Release and the Settlement Agreement; (b) this Agreement and Release is executed by Plaintiff without reliance upon any statement or representation by Family Dollar except as set forth herein; and (c) Plaintiff is legally competent to execute this Agreement and Release and to accept full responsibility therefor.

9. Plaintiff acknowledges and agrees that: (a) Plaintiff has been given at least twenty-one (21) days within which to consider this Agreement and Release; (b) she has used all or as much of that twenty-one day period as she deemed necessary to consider fully this Agreement and Release and, if she has not used the entire twenty-one day period, she waives that period not used; (c) she has read and fully understands the meaning of each provision of this Agreement and Release; (d) Family Dollar has advised her to consult with an attorney concerning this Agreement and Release; (e) she has been represented by competent counsel throughout all negotiations that preceded the execution of this Agreement and Release, and that this Agreement and Release has been executed with the advice of such counsel, and; (f) she freely and voluntarily enters into this Agreement and Release. Plaintiff further agrees that no fact, evidence, event, or transaction currently unknown to her but which may hereafter become known to her shall affect in any manner the final and unconditional nature of the release stated above.

10. The Parties have had a full opportunity to negotiate the terms and conditions of this Agreement and Release. Accordingly, this Agreement and Release will not be construed more strictly against one party than another merely by virtue of the fact that it may have been prepared by counsel for one of the Parties, it being recognized that, because of the arm's-length negotiations between the Parties, all Parties have contributed to the preparation of this Agreement and Release.

11. This Agreement and Release shall become effective and enforceable on the eighth (8th) day following execution hereof by Plaintiff unless she revokes it by so advising Family Dollar in writing received by Jason Schwartz (c/o Gibson, Dunn & Crutcher, LLP, 1050 Connecticut Avenue N.W., Washington D.C. 20036), before the end of the seventh (7th) day after its execution by Plaintiff.

12. This Agreement and Release shall be governed by and construed in accordance with the laws of North Carolina.

13. The waiver by any party of a breach of any provision herein shall not operate or be construed as a waiver of any subsequent breach by any party.

3

14. The provisions of this agreement are severable. Should any provision herein be declared invalid by a court of competent jurisdiction, the remainder of the agreement will continue in force, and the Parties agree to renegotiate the invalidated provision in good faith to accomplish its objective to the extent permitted by law.

15. This Agreement and Release may be signed in counterparts, and each counterpart shall be considered an original agreement for all purposes.

IN WITNESS WHEREOF, the Parties have hereunto set their hands.

_____        _____
[Name]                                                      Family Dollar Stores, Inc.

_____        _____
Date                                                          Date

4