UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:08-cv-00540-MOC-DSC

| | |
|---|---|
| **LUANNA SCOTT, et al.,** | ) |
| Plaintiffs, | ) |
| Vs. | ) ORDER OF PRELIMINARY |
| | ) APPROVAL OF SETTLEMENT |
| | ) AGREEMENT |
| **FAMILY DOLLAR STORES, INC.,** | ) |
| Defendant. | ) |

**THIS MATTER** is before the court on plaintiffs' Motion for Preliminary Approval of Settlement Agreement (#322). Defendant's assent to such motion is found in the supporting Memorandum of Law (#323). Having considered plaintiffs' motion and reviewed the pleadings, the court enters the following findings, conclusion, and Order granting preliminary approval and setting the matter for a final fairness hearing not less than 90 days hence

**FINDINGS AND CONCLUSIONS**

Currently before the Court is plaintiffs' Consent Motion for Preliminary Approval of Settlement Agreement. Having considered the Motion, including the Joint Stipulation of Class Action Settlement and Release ("Settlement Agreement" or "Settlement"), Notice of Class Action Settlement ("Class Notice" or "Notice"), and related materials, as well as the periodic joint status reports filed by the Parties and based on the Court's long-standing knowledge and familiarity with this case, and good cause appearing,

**IT IS THEREFORE ORDERED** that plaintiffs' Motion for Preliminary Approval of Settlement Agreement (#322) is **GRANTED,** as follows:

1. The Court preliminarily approves the Settlement Agreement (which is hereby incorporated by reference) as being sufficiently fair, reasonable, and adequate, and in the best interests of the parties and in accordance with law, subject to the right of any class member to challenge the fairness, reasonableness or adequacy of the Settlement Agreement and to show cause why a final judgment dismissing this case with prejudice should not be entered following a fairness hearing. Specifically, it appears to the Court, on a preliminary basis, that the

Settlement is fair and reasonable to Class Members when balanced against the probable outcome of further litigation, liability and damages issues, and the potential appeal of any rulings. It further appears that the settlement terms, including but not limited to the monetary terms and non-monetary terms as set forth in the Settlement Agreement, confer substantial benefits upon the Class, particularly in light of the damages that Plaintiffs and their counsel believe are potentially recoverable or provable at trial, without the costs, uncertainties, delays, and other risks associated with continued litigation, trial, and/or appeal. It also appears that the proposed Settlement has been reached as the result of intensive, informed, and non-collusive negotiations between the Parties, including arms'-length negotiations that occurred over a two-day, in-person mediation session with an experienced class action mediator (Mark S. Rudy) that ultimately led to the Parties' acceptance of a mediator's proposal. Based on the Court's review of the papers submitted in support of preliminary approval, and the Court's familiarity with the issues in the case, the Court concludes that the proposed Settlement Agreement has no obvious defects and is within the range of possible settlements appropriate for approval such that notice to the Class is appropriate.

2. The rights of any potential dissenters to the proposed Settlement are adequately protected in that they may exclude themselves from the Settlement and proceed with any alleged claims they may have against Family Dollar, or they may object to the Settlement and appear before this Court. However, to do so they must follow the procedures outlined in the Settlement Agreement and Class Notice. Failure to follow the procedures outlined in the Settlement Agreement and Class Notice for making objections shall result in waiver and the objector shall be forever foreclosed from challenging any of the terms of the Settlement.

3. The Court approves the proposed form of Notice of Settlement attached as Exhibit B to the Plaintiffs' Consent Motion. The Notice fairly, plainly, accurately, and reasonably informs Class Members of, and allows Class Members a full and fair opportunity to consider, among other things: (1) the nature of the action; (2) the identities of Class Counsel and the Class Representatives; (3) the terms and provisions of the proposed Settlement; (4) the relief to which the members of each class will be entitled, including summaries of the programmatic relief and the method for calculating payments; (5) the process by which Class Members will receive Individual Settlement Payments if the settlement is approved; (6) how administrative costs and potential attorneys' fees and service payments will be handled; (7) the procedures and deadlines for submitting objections and/or requests for exclusion; and (8) the date, time, and place of the Final Approval Hearing.

Accordingly, the Court directs the parties to have the Settlement Administrator mail the Notice document to the class members in accordance with the terms of the Settlement Agreement.

4. The Court appoints the settlement administration firm of Settlement Services, Inc./ Garden City Group, Inc. as the Settlement Administrator to perform the duties set forth in the Settlement Agreement.

5. All proceedings in the case remain STAYED until further Order of this Court, except as may be necessary to implement the Settlement Agreement.

6. The Court approves the schedule of events and procedures as set forth in the Settlement Agreement for completing the final approval process.

7. Based on the Court's review of the parties' Joint Motion, the Court hereby schedules a **Final Approval Hearing for 9:30 a.m., on March 14, 2018, at the United States Courthouse, 401 West Trade Street, Charlotte, NC 28202**, to determine whether the settlement of the Action pursuant to the terms and conditions of the Settlement Agreement should be finally approved as fair, reasonable, and adequate pursuant to Fed. R. Civ. P. 23(e). The Court will also rule on Class Counsel's application for an award of attorneys' fees, costs, and expenses and service awards for Named Plaintiffs and Class Representatives (the "Fee and Service Application") at that time.

8. The Court expressly reserves the right to continue or adjourn the final approval hearing from time-to-time without further notice to the Class Members.

Signed: November 14, 2017



Max O. Cogburn Jr.
United States District Judge