IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| Luanna Scott, Shunderia Garlington, | ) | |
| Ruth Bell, Wendy Bevis, Katherine Bracey, | ) | |
| Ruby Brady, Marie Alice Brockway, | ) | |
| Vickie Clutter, Diane Conaway, | ) | |
| Judy Corrow, Traci Davis, Carol Dinolfo, | ) | |
| Rebecca Dixon, Pamela Ewalt, Nancy | ) | |
| Fehling, Teresa Fleming, Irene Grace, | ) | |
| Dorothy Harson, Charlene Hazelton, | ) | |
| Shelly Hughes, Christal J. Joslyn, Ada L. | ) | |
| Kennedy, Margie A. Little, Carol Martin, | ) | |
| Leanne Maxwell, Wanda Mayfield, Doris | ) | |
| Moody, Vanessa L. Peeples, Veronica | ) | |
| Perry-Preddie, Ruth Ellen Phelps, Sheila | ) | |
| Pippin, Lana Radosh, Michelle Rodgers, | ) | |
| Vada Rose, Vickey Jo Scrivwer, Linda R. | ) | |
| Silva, Nancy Smith, Marie E. Spellissy, | ) | |
| Judy Tidrick, Beverly L. Triplett, | ) | |
| Debbie Vasquez, Claire White, Bonnie | ) | |
| Williams, and Cindy Marie Zimbrich, | ) | |
| Individually and on behalf of the class | ) | |
| they represent, | ) | |
| | ) | |
| Plaintiffs, | ) | CASE NUMBER: |
| | ) | 3:08-cv-540 |
| v. | ) | |
| | ) | |
| Family Dollar Stores, Inc., | ) | |
| | ) | |
| Defendant. | ) | |

**JOINT MOTION FOR FINAL APPROVAL OF SETTLEMENT AGREEMENT**

Comes the Parties, who jointly move for final approval of the settlement reached in this

case as being sufficiently fair, reasonable, and adequate, and in the best interests of the Parties and

in accordance with law and, in addition, requesting the Court to find:   (1) that the Parties'

Settlement Agreement is fair, reasonable, and adequate, in the best interests of the Parties, and

otherwise in accordance with all applicable law;  (2) that the attorney's fees and expenses set forth

1

in the Parties' Settlement Agreement and Notice to the class are fair, adequate, and reasonable; (3) that the notice provided to Class Members, including direct mail notice, is in accordance with the terms of the Settlement Agreement and the Court's Preliminary Approval Order, and satisfied the requirements of the Federal Rules of Civil Procedure and all applicable laws; (4) that there is no just reason for delay in entry of the Parties' Proposed Order Granting Final Approval of the Settlement Agreement and Attorneys' Fees and Expenses; (5) that the case be dismissed with prejudice subject to the terms and conditions of the Settlement Agreement, which shall be implemented by the Parties and the Settlement Administrator; and (6) that the Court retain jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation, and enforcement of the Settlement. As grounds, the Parties respectfully refer the Court to Plaintiffs' Memorandum of Law in Support and proposed Final Order Approving Settlement, Class Counsel Fee Payment And Class Representative Service Payments submitted simultaneously herewith, and further state the following:

1. The proposed settlement creates a settlement fund of forty-five million dollars ($45,000,000), which will be used to pay female store managers for alleged past losses, pay service awards to those class representatives and named plaintiffs who enter into and do not revoke a general release of all claims relating to their employment at Family Dollar, and pay reasonable attorneys' fees, expenses and settlement administration costs. It also includes significant prospective programmatic remedies aimed at providing adjustments to Family Dollar's salary practices which will modify the way in which Store Manager starting salaries are set and will be formally validated by experts in the fields of industrial organizational psychology and labor

2

economics.  *Joint Stipulation of Class Action Settlement and Release,* ¶¶ 14, 25, 54, 64-70 (ECF 322).

2.       The Settlement Class Members have responded favorably to the settlement.  Notice of the Settlement was mailed to Class Members on January 12, 2018 and objections and opt-outs were due on February 12, 2018.  As reported by the Settlement Administrator appointed by the Court, only nineteen (19) Settlement Class Members (.051%) have submitted an un-rescinded and timely objection form to the Settlement and only nine (9) Class Members (.024%) have opted-out. *See* Supplemental Declaration of Mark Patton, ¶¶ 4, 7, 8.  Moreover, the vast majority of those timely and non-rescinded objections provided no reason for objection whatsoever.  *See id.* Exhibit B.  This overwhelming class member support for the settlement strongly favors final approval.

3.       Class Counsel, who are experienced in litigating employment discrimination and class action cases, attest to the fact that the proposed settlement is in the best interest of the Settlement Class Members.   The Parties have stipulated to the fairness, adequacy, and reasonableness of the agreed-upon terms of the Settlement Agreement as follows:

> Acknowledgement that the Settlement is Fair and Reasonable.  The Parties believe this Settlement Agreement is a fair, adequate, and reasonable settlement of the Action and have arrived at this Settlement after arm's-length negotiations, pursuant to a mediator's proposal, and in the context of adversarial litigation, taking into account all relevant factors, present and potential.  The Parties further acknowledge that they are each represented by competent counsel and that they have had an opportunity to consult with their counsel regarding the fairness and reasonableness of this Settlement.

*Joint Stipulation of Class Action Settlement and Release,* ¶ 81 (ECF 322).

4.       The proposed settlement is a fair, reasonable, and adequate settlement of the Parties' claims and defenses in this case.  The proposed settlement was crafted to: (1) offer programmatic relief; (2) offer monetary relief that is fair to the class based on the results of

extensive statistical analyses of information gathered in discovery and analyzed independently by

experts for both sides; and (3) distribute such relief equally among the participating class members

based on their number of weeks employed as a Store Manager since July 2, 2002.  The proposed

Settlement Agreement provides for such monetary compensation to all class members without

their having to bear the expense, risk, delay, and uncertainty of litigation, or prove their individual

claims or damages.

     5.     The settlement achieves a favorable result without the risks, costs, and delay of

additional sustained litigation, appeals and remands.  It was negotiated after lengthy litigation of

the Plaintiffs' claims, including an in-person two-day mediation attended by all counsel in San

Francisco in March 2017.  What the Court found true in approving the settlement preliminarily has

remained true after giving class members notice of their right to comment, object or opt-out,

including the following findings:

> Specifically, it appears to the Court, on a preliminary basis, that the Settlement is
> fair and reasonable to Class Members when balanced against the probable outcome
> of further litigation, liability and damages issues, and the potential appeal of any
> rulings.  It further appears that the settlement terms, including but not limited to the
> monetary terms and non-monetary terms as set forth in the Settlement Agreement,
> confer substantial benefits upon the Class, particularly in light of the damages that
> Plaintiffs and their counsel believe are potentially recoverable or provable at trial,
> without the costs, uncertainties, delays, and other risks associated with continued
> litigation, trial, and/or appeal.  It also appears that the proposed Settlement has been
> reached as the result of intensive, informed, and non-collusive negotiations between
> the Parties, including arms'-length negotiations that occurred over a two-day, in-
> person mediation session with an experienced class action mediator (Mark S. Rudy)
> that ultimately led to the Parties' acceptance of a mediator's proposal. Based on the
> Court's review of the papers submitted in support of preliminary approval, and the
> Court's familiarity with the issues in the case, the Court concludes that the proposed
> Settlement Agreement has no obvious defects and is within the range of possible
> settlements appropriate for approval such that notice to the Class is appropriate.

*Order* at p. 2, ¶1 (ECF 324).

6.      There is a "strong judicial policy in favor of settlements, particularly in the class action context." *Reed v. Big Water Resort, LLC*, 2016 U.S. Dist. LEXIS 187745, No. 2:14-cv-01583-DCN, \*14 (D. S.C. May 26, 2016); *US Airline Pilots Ass'n v. Velez*, 2016 U.S. Dist. LEXIS 120714, \*\*15-16 (W.D. N.C. 2016) (Conrad, J.); *see also Bennett v. Behring Corp.*, 737 F.2d 982, 984 (11th Cir. 1984); *In re Jiffy Lube Sec. Litig.*, 927 F.2d 155, 158-59 (4th Cir. 1991). "The Court's role is not to engage in a claim-by-claim, dollar by dollar evaluation, but to evaluate the proposed settlement in its totality." *Borcea v. Carnival Corp.*, 238 F.R.D. 664, 673 (S.D. Fla. 2006).

7.      In the instant case, at the instruction of the Court, the Parties participated in negotiations with the assistance of two experienced mediators, Eric Greene in 2011 and Mark Rudy in 2017. The Parties' negotiations were protracted and required multiple lengthy communications, including a face-to-face mediation with Eric Greene in 2011 and Mark Rudy in October of 2017. Under the supervision of the mediators, all negotiations were conducted at arm's length and in good faith. The extensive discovery, fact-gathering, and motion practice that was conducted prior to the mediation allowed Class Counsel – who are experienced employment discrimination attorneys – to assess the strengths and weaknesses of the claims against Family Dollar and the benefits of the proposed settlement under the circumstances of this case.

8.      The factual and legal issues in this case are complex, as demonstrated by the Parties' years of hard-fought litigation and the terms of the Settlement Agreement itself. The various strengths and weaknesses of the Parties' claims and defenses strongly favors settlement. Continued litigation has clear risks and uncertainties and unproven benefits. The complexity, expense and duration of the litigation of this case weighs in favor of settlement. In contrast to the

complexity, delay, risk and expense of continuing litigation, the proposed settlement will yield a prompt, certain, and fair, reasonable, and adequate recovery for Settlement Class Members.

9.      The parties thoroughly litigated this matter before settling, conducting fact and expert depositions, reviewing voluminous documents as well as time and payroll records produced by Family Dollar, and compiling and analyzing multiple expert reports, complex databases and computer programs used in the analyses of damages, and statistical disparities in wages and overall compensation.

WHEREFORE, for all of the foregoing reasons, the Parties respectfully request that the Court grant final approval of the Parties' Settlement Agreement, find that there is no just reason for delay, direct the Clerk of the Court to enter an Order Granting Final Approval of the Settlement and enter Final Judgment forthwith; and, dismiss the case with prejudice, retaining jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation, and enforcement of the Settlement.

Respectfully submitted this 13th day of March, 2018.

/s/ *Robert L. Wiggins, Jr.*
Robert L. Wiggins, Jr., ASB-1754-G63R
Greg O. Wiggins, ASB-1752-I68G
Ann K. Wiggins, ASB-7006-I61A
Rocco Calamusa, Jr., ASB-5324-A61R
Kevin W. Jent, ASB-0804-E61K
Wiggins, Childs, Pantazis, Fisher & Goldfarb
The Kress Building, 301 19th Street North
Birmingham, Alabama 35203
205-314-0500
205-254-1500 (facsimile)

Counsel for Plaintiffs

/s/ *John R. Wester (with permission)*
John R. Wester (N.C. Bar No. 4660)
David C. Wright, III (N.C. Bar No. 11161)
Adam K. Doerr (N.C. Bar No. 37807)
Amanda R. Pickens (N.C. Bar No. 45158)
ROBINSON, BRADSHAW & HINSON, P.A.
101 North Tryon Street, Suite 1900
Charlotte, NC  28246
Telephone: (704) 377-2536
Facsimile: (704) 378-4000
JWester@rbh.com

Jason C. Schwartz (admitted *pro hac vice*)
Ryan C. Stewart (admitted *pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C.  20036-5306
JSchwartz@gibsondunn.com

Michele L. Maryott (admitted *pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
3161 Michelson Drive
Irvine, CA  92612-4412
Telephone: (949) 451-3945
Facsimile: (949) 475-4668
MMaryott@gibsondunn.com

7

Theane Evangelis (admitted *pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA  90071-3197
Telephone: (213) 229-7726
Facsimile: (213) 229-6726
TEvangelis@gibsondunn.com

*Attorneys for Defendant Family Dollar Stores, Inc.*

8

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing on counsel via electronic filing with the Court's ECF system, to the following:

Jason C. Schwartz
Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: 202/955-8242
Fax: 202/530-9522
jschwartz@gibsondunn.com

John R. Wester
David C. Wright, III
Adam K. Doerr
Amanda R. Pickens
ROBINSON BRADSHAW &
 HINSON, PA
101 North Tryon Street, Suite 1900
Charlotte, NC 28246
jwester@robinsonbradshaw.com
dwight@robinsonbradshaw.com
adoerr@robinsonbradshaw.com

Ryan C. Stewart
Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue N.W.
Washington, D.C. 20036-5306
Telephone: 202/955-8230
Fax: 202/831-6012
rstewart@gibsondunn.com

Michele L. Maryott
Gibson, Dunn & Crutcher LLP
3161 Michelson Drive
Irvine, California 92612-4412
Telephone: 949/451-3945
Fax: 949/475-4668
mmaryott@gibsondunn.com

Theane Evangelis
Gibson, Dunn & Crutcher LLP
333 South Grand Avenue
Los Angeles, California 90071-3197
Telephone: 213/229-7726
Fax: 213/229-6726
tevangelis@gibsondunn.com

This 13th day of March, 2018.

*/s/Robert L. Wiggins, Jr.*
OF COUNSEL