UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:08-cv-00540-MOC-DSC

| | |
|---|---|
| **LUANNA SCOTT**, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| **FAMILY DOLLAR STORES, INC.**, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the court on plaintiff's Motion to Approve Attorneys' Fees & Expenses Pursuant to the Parties' Settlement Agreement (#330) and the joint Motion for Final Approval of Settlement Agreement (#331). Having considered plaintiff's motion and reviewed the pleadings, the court enters the following Order.

## FINDINGS AND CONCLUSIONS

**I.    Motion for Final Approval of Settlement Agreement**

At the March 14, 2018, hearing, the Court heard arguments from counsel concerning the settlement. The Court also considered the nature and form of notice provided, the efficacy of the notice, the number of opt-outs or requests for exclusions, the number of objections, and the fact that an opportunity to be heard for class members was provided and none appeared. The Court concludes that the proposed settlement is fair and reasonable to Class Members when balanced against the probable outcome of further litigation, liability and damages issues, and the potential appeal of any rulings.

**A. Jurisdiction**

The Court has personal jurisdiction over the Parties and all Settlement Class Members, and has subject-matter jurisdiction over this Action, including, without limitation, jurisdiction to approve the proposed settlement, to settle and release all claims arising out of the transactions alleged in Plaintiffs' complaint in the Action, and to dismiss this Action on the merits and with prejudice.

**B. History of the Proceedings**

The current proceedings began nearly 15 years ago when 49 female Store Managers and their counsel filed EEOC Charges which alleged a pattern and practice of discriminatory wages paid to women as a class at Family Dollar since July 2, 2002. Plaintiffs alleged that Family Dollar discriminates against female Store Managers by paying them less than men are paid for the same job in violation of Title VII of the Civil Rights Act of 1964 and the Equal Pay Act of 1963. The EEOC eventually issued right-to-sue letters which led to the filing of this case as a putative nationwide class action. The case was transferred to this Court from the Northern District of Alabama in 2008 and has been vigorously litigated over the last ten years, including multiple motions to dismiss the class allegations, formal and informal discovery of such allegations, an unsuccessful mediation in 2011, a renewed motion to strike the class allegations in light of the Supreme Court's decision in <u>Wal-Mart Stores, Inc. v. Dukes</u>, 131 S. Ct. 2541 (2011), briefing and argument on Plaintiffs' motion to amend the class allegations to meet the requirements of <u>Wal-Mart</u>, appeal of the decision dismissing the original class allegations and denying Plaintiffs' amendment, briefing Family Dollar's *Petition for Certiorari* to the Supreme Court, extensive discovery and statistical analysis on remand, preparation of briefs and evidentiary submissions in

support of class certification, arbitration and notice to the class, and then a second round of mediation in March, 2017.

This is not a case in which the Parties reached an early or easy settlement. Instead, this has been a hard-fought case in which both sides worked diligently to gather and interpret information and to represent their clients in discovery, in litigating class certification, in preparation for trial, and later in mediation. The Mediator, Mark Rudy, determined and proposed the terms of settlement once the Parties left the 2017 mediation without reaching settlement for a second time. Mr. Rudy is a distinguished, highly respected professional who has had substantial experience in mediating complex class actions similar to this case. The formal mediation proceedings took place for two days in March 2017 in San Francisco and ended with a double-blind Mediator's proposal which the Parties' subsequently accepted. From March through October the parties communicated with Mr. Rudy separately and continued to negotiate until the final details of the settlement agreement were documented in the Settlement Agreement now pending before the Court.

After reaching such an agreement, the Parties continued to negotiate and finalize the procedural and logistical details needed to embody and document their agreement as well as the supporting documents (e.g., Class Notice) for the agreement.

**C. Notice**

The Court finds that the notice provided to Class Members, including direct mail notice, is in accordance with the terms of the Settlement and this Court's Preliminary Approval Order dated November 14, 2017, and thereby constituted the best practicable notice to Settlement Class Members under the circumstances of this Action, constituted reasonable, due, adequate, and sufficient notice to all persons and entities entitled to be provided with notice and otherwise fully

satisfied the requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and the Rules of this Court.

Pursuant to the Preliminary Approval Order, the Settlement Administrator appointed by the Court (Settlement Services, Inc./Garden City Group, Inc.) gave direct notice of the proposed settlement to the Settlement Class Members in this case. The class list of Notice recipients was determined using employment data provided by Family Dollar and data gathered by Class Counsel during the course of litigation. The Court finds that the notice plan was reasonably calculated, under the circumstances, to apprise Settlement Class Members of: (a) the nature of the action; (b) the definition of the class certified; (c) a description of the class claims, issues, and defenses; (d) the identities of the Parties; (e) a summary of the terms of the proposed Settlement, including the amount of attorneys' fees and expenses contemplated to be paid to Plaintiffs' Counsel; (f) notice that the Settlement Class Members may object to the proposed settlement and appear at the Final Fairness Hearing or opt-out of the settlement altogether; (g) information regarding the manner in which objections or opt-outs can be submitted; and (h) the binding effect of the class judgment and the scope of release of class and individual claims. As such, the Court finds that the Notice fully satisfied the requirements of the Federal Rules of Civil Procedure, including Federal Rule of Civil Procedure 23(c)(2) and (e), the United States Constitution (including the Due Process Clause), the rules of this Court, and all other applicable laws, and thereby provided sufficient notice to bind all Settlement Class Members, regardless of whether a particular Settlement Class Member received actual notice.

### D. Fairness Hearing

On March 14, 2018, the Court held a Final Fairness Hearing. There were only 50 unrescinded objections submitted prior to the hearing, none of which stated any grounds for not approving the Parties' settlement. There was no other opposition from any Settlement Class Member to the Joint Motion for Class Settlement prior to or at the Final Fairness Hearing. Nor has there been any opposition to the Plaintiffs' Motion for Attorneys' Fees and Costs. Accordingly, the Court hereby grants the Motion for Class Settlement and the Motion for Attorneys' Fees and Costs.

### E. Final Approval of Class Action Settlement

The Parties have agreed to a settlement that provides comprehensive programmatic relief in addition to monetary relief in the amount of $45,000,000. Dkt. No. 322, Settlement Agreement (S.A.) ¶¶ 25, 64-70. Excluded from the Settlement Class are all class members who have previously opted-out of this case. Family Dollar has also agreed that it does not object to attorneys' fees of one-third of the common fund of $45,000,000 ($15,000,000) in addition to litigation expenses up to $1,000,000. S.A. ¶55. Likewise, in exchange for a timely executed general release of all claims relating to the Named Plaintiffs' employment at Family Dollar, Family Dollar has agreed not to object to each of the nine Class Representatives receiving a service payment of $10,000 and for each of the remaining Named Plaintiffs receiving a service award of $5,000. See S.A. ¶¶ 15, 54.

The settlement achieves a favorable result without the risks, costs, and delay of additional sustained litigation, appeals and remands. It was negotiated after lengthy and thorough litigation of the Plaintiffs' claims. The Court finds that the above referenced settlement and the notice

procedure comply with Rule 23 of the Federal Rules of Civil Procedure, and that the Class Action Settlement is fair, reasonable and adequate.

### F. Fairness, Reasonableness, and Adequacy

Rule 23(e) requires that the Court approve any proposed settlement or compromise in a class action suit only after notice of the settlement is given to all class members, after a hearing, and after finding that the settlement is fair, reasonable, and adequate. Here, as noted above, notice of the settlement, as well as an opportunity to object to the settlement, has been provided to all known Settlement Class Members. Thereafter, the Court held a hearing at which the Parties sought final approval of the class settlement.

There is a strong judicial policy in favor of settlements, particularly in the class action context. <u>US Airline Pilots Ass'n v. Velez</u>, 2016 U.S. Dist. LEXIS 120714, **15-16 (W.D. N.C. 2016). Fed. R. Civ. P. 23(e) states in part:

> (e)    Settlement, Voluntary Dismissal, or Compromise. The claims, issues, or defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval. The following procedures apply to a proposed settlement, voluntary dismissal, or compromise:
>
>> (1) The court must direct notice in a reasonable manner to all class members who would be bound by the proposal.
>> (2) If the proposal would bind class members, the court may approve it only after a hearing and on finding that it is fair, reasonable, and adequate.
>> (3) The parties seeking approval must file a statement identifying any agreement made in connection with the proposal.

Accordingly, Fed. R. Civ. P. 23(e) requires that the court approve any proposed settlement or compromise in a class action suit and that notice of the settlement be given to all class members.

Although Rule 23(e) does not delineate a procedure for court approval of settlements of class actions, the courts generally have followed a two-step procedure. Airline Pilots, 2016 U.S. Dist. LEXIS 120714 at **15-16. First, the court conducts a preliminary approval or pre-notification hearing to determine whether the proposed settlement is "within the range of possible approval" or, in other words, whether there is "probable cause" to notify the class of the proposed settlement. Second, assuming that the court grants preliminary approval and notice is sent to the class, the court conducts a "fairness" hearing at which all interested parties are afforded an opportunity to be heard on the proposed settlement. The ultimate purpose of the fairness hearing is to determine if the proposed settlement is "fair, reasonable, and adequate."

As a general matter, the Court's function in assessing a proposed class settlement is to determine whether, as a whole, it is fair, reasonable, and adequate to class members. United States v. North Carolina, 480 F.3d 574, 581 (4th Cir.1999); Fed.R.Civ.P. 23(e)(2). "The Court's role is not to engage in a claim-by-claim, dollar by dollar evaluation, but to evaluate the proposed settlement in its totality." Borcea v. Carnival Corp., 238 F.R.D. 664, 673 (S.D. Fla. 2006). "Settlement approval is within the Court's discretion, which should be exercised in light of the general judicial policy favoring settlement." In re Sumitomo Copper Litig., 189 F.R.D. 274, 280 (S.D.N.Y. 1999) (internal quotations omitted).

The proposed settlement in this action is now ripe for final approval. The Court has evaluated the following factors in determining whether a proposed settlement is fair, reasonable, adequate and proper for final approval:

1. The fairness of the settlement negotiations and the views and experience of counsel;

2. The relative strength of the parties' cases as well as the uncertainties of litigation on the merits;

3. The complexity, expense and likely duration of the litigation;

4. The adequacy of the settlement amount viewed against the risks and expenses of continued litigation; and

5. The stage of the litigation, including the factual record developed.

In the instant case, the Parties have worked extensively, vigorously, and cooperatively to ensure a fair, reasonable, and adequate settlement that is in the best interest of the Settlement Class Members. For the reasons discussed in the Memorandum supporting the motion, the Court finds that each factor strongly favors approving the proposed settlement.

The adequacy of the Settlement Agreement — when weighed against the risks and expenses of continued litigation and an extremely lengthy trial — favors settlement. Therefore, the Court finds that the settlement is a fair, reasonable and adequate resolution of the disputes between the Parties. Accordingly, the Court hereby provides full and final approval of the proposed Class Action Settlement as set out in the Joint Motion for Class Settlement.

Further, the Court finds that the proposed Class Settlement, as outlined in the Settlement Agreement and Joint Motion for Class Settlement, is fair, adequate, and reasonable, that the notice procedure set out in the Preliminary Order was appropriate and followed by the Parties, and that the Settlement Class meets the requirements of Rule 23(a), 23(b)(1)(B), and 23(b)(3) of the Federal Rules of Civil Procedure.

## II. Motion for Approval of Fees and Costs

### A. Provisions for a One-Third Common Fund Fee

Also before the Court is Class Counsel's Motion to Approve Attorneys' Fees & Expenses Pursuant to the Parties' Settlement Agreement (#330), all pursuant to the Parties' Settlement Agreement. The Motion is filed pursuant to the following terms of the Settlement Agreement and Notice of Settlement sent to the class:

> Attorneys' Fees and Costs. Family Dollar agrees not to challenge or otherwise oppose any application or motion by Class Counsel for attorneys' fees of one third of the Total Class Settlement Amount, plus the reimbursement of reasonable costs and expenses associated with Class Counsel's litigation and settlement of the Action, not to exceed One Million Dollars ($1,000,000).
> Court-approved Attorneys' Fees and Costs will be paid from the Total Class Settlement Amount.

S.A. ¶55; Notice of Settlement Agreement at p. 9 (ECF 322, Ex. B). This provision regarding fees and expenses were part of the Mediator's double-blind settlement proposal that was ultimately accepted by the Parties after their settlement negotiations and mediation had reached an impasse in March 2017. The Notice of Settlement approved by this Court specifically informed class members that appointed Class Counsel would request "attorneys' fees of up to fifteen million dollars ($15,000,000) and reasonable expenses of one million dollars ($1,000,000) for investigating the facts, litigating the case on behalf of the Class for the past fifteen years, negotiating the settlement, and handling all post-settlement disputes and proceedings." Notice of Settlement, Dkt. 322, Ex. B, p. 1. The Court has previously found that such Notice "fairly, plainly, accurately, and reasonably informs Class Members of, and allows Class Members a full and fair opportunity to consider . . . how administrative costs and potential attorneys' fees and incentive payments [for the Class Representatives] will be handled [and] the procedures and deadlines for

submitting objections and/or requests for exclusion." Order of Preliminary Approval of Settlement Agreement at 3 (Dkt. 324). The Parties have stipulated to the fairness, adequacy and reasonableness of the agreed-upon terms of the Settlement Agreement. S.A. ¶ 81 (Dkt. 322).

The one-third common fund fee set forth in the Parties' Settlement Agreement and Notice has not been opposed by Family Dollar or by any member of the Settlement Class. Clark v. Experian Info. Solutions, Inc., 2004 U.S. Dist. LEXIS 32063, *29 (D.S.C. 2004). District courts in this circuit have analyzed the following seven factors in awarding fees on a common fund basis: (1) the results obtained for the class; (2) the quality, skill, and efficiency of the attorneys involved; (3) the risk of nonpayment; (4) objections by members of the class to the settlement terms and/or fees requested by counsel; (5) awards in similar cases; (6) the complexity and duration of the case; and (7) public policy. The Kay Company v. Equitable Production Co., 749 F. Supp. 2d 455, 464 (S.D. W. Va. 2010).

For the reasons more extensively discussed in the Memorandum supporting the notion and as discussed at the hearing, those factors all weigh in favor of approval of the suggested award of fees. The Court, therefore, approves the fee request as reasonable and fair.

### B.  Plaintiffs' Counsel's Cost Request

"Costs that are 'reasonable in nature and amount, may be reimbursed from the common fund.'" The Kay Co., 749 F. Supp. 2d at 471. Here, Plaintiffs' counsel seeks reimbursement for costs in the amount of $1,000,000, which, as discussed at the hearing, is less than the amount that actually will be incurred because it does not take into account future costs that Plaintiffs' counsel will incur in monitoring and finalizing the settlement. These expenditures are supported by the record and are reasonable in light of the depth, breadth, and longevity of this litigation. Having

reviewed the document of costs submitted in advance of the hearing, the Court finds that Plaintiffs' counsel's request for reimbursement of costs is reasonable and awards Plaintiffs' Counsel reimbursement for those costs in the amount of $1,000,000.00.

## III. Service Awards

Plaintiffs' counsel seek (and Family Dollar has agreed not to object to) service payments of $10,000 for each of the nine Named Class Representatives and $5,000 for each of the other Named Plaintiffs. These service payments are contingent upon each such Named Plaintiff and Class Representative entering into and not revoking a general release of all claims relating to their employment at Family Dollar. S.A. ¶ 54.

Service payment awards are routinely approved in class actions to encourage socially beneficial litigation by compensating named plaintiffs for their expenses related to travel and other incidental costs, as well as their personal time spent advancing the litigation on behalf of the class and for any personal risk they undertook. The Kay Co., 749 F. Supp. 2d at 472. The Court approves the proposed payments.

## ORDER

**IT IS, THEREFORE, ORDERED** that plaintiff's Motion to Approve Attorneys' Fees & Expenses Pursuant to the Parties' Settlement Agreement (#330) and the joint Motion for Final Approval of Settlement Agreement (#331) are **GRANTED**, as follows: (1) the Settlement Agreement is fully and finally **APPROVED**. The Parties and their counsel, with assistance from the Court-appointed Settlement Administrator, are directed to implement the Settlement Agreement according to its terms and provisions. The Settlement Agreement and its terms and

provisions are not to be construed by any Party or other Court, agency, or individual as evidence of, or an admission or concession of, any wrongdoing or liability by Family Dollar; (2) Class Counsel are **AWARDED** an attorneys' fee of $15,000,000.00 and reimbursement of costs in the amount of $1,000,000.00; (3) Service payments are **ALLOWED** of $10,000.00 each to the identified Class Representatives and $5,000.00 each to the remaining Named Plaintiffs contingent upon each such Named Plaintiff entering into and not revoking a general release in the form previously provided to this Court; (4) This case is **DISMISSED** with prejudice, subject to the terms and conditions of the Settlement Agreement, and the Court hereby retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation, and enforcement of the Settlement; and (5) The Clerk of the Court shall enter a Judgment consistent with this Order.

Signed: March 14, 2018

Max O. Cogburn Jr
United States District Judge